## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.: 1:20-cv-20079

BRUCE MUNRO,

        Plaintiff,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., NIGHT GARDEN, LLC,
KILBURN LIVE, LLC, ZHONGSHAN G-
LIGHTS LIGHTING CO., LTD., AND
NANETTE M. ZAPATA,

        Defendants.

---

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff BRUCE MUNRO respectfully alleges as follows against Defendants

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., NANETTE M. ZAPATA, NIGHT

GARDEN, LLC, KILBURN LIVE, LLC, and ZHONGSHAN G-LIGHTS LIGHTING CO.,

LTD.

#### PARTIES

1.    Plaintiff BRUCE MUNRO ("Plaintiff" or "Munro") is an internationally

acclaimed artist residing in England who focuses on the medium of light and is best known for

large-scale, immersive, light-based installations and exhibitions produced through his

eponymously named studio, Bruce Munro Ltd. dba Bruce Munro Studio.

2.    Defendant FAIRCHILD TROPICAL BOTANIC GARDEN, INC. ("Fairchild") is

a Florida not-for-profit corporation with its principal address at 10901 Old Cutler Road, Coral

Gables, Florida, 33156 and can be served via its registered agent, Carl E. Lewis, at the same address.

3.      Defendant NANETTE M. ZAPATA ("Zapata") is an individual that works and resides in Miami, Florida and is Fairchild's Chief Operating Officer and Director of Marketing and Communications. On information and belief Zapata controlled and directed Fairchild's conduct alleged herein

4.      Defendant NIGHT GARDEN, LLC ("NGL") is a Florida limited liability company with its principal address at 11333 Iowa Avenue, Los Angeles, California, 90025, and can be served via its registered agent, CT Corporation, at 1200 South Pine Island Road, Plantation, Florida, 33324.

5.      Defendant KILBURN LIVE, LLC ("Kilburn") is a Delaware limited liability company with its principal address at 11333 Iowa Avenue, Los Angeles, California, 90025 and can be served via its registered agent, Mark C. Manuel, at the same address.  Kilburn is NGL's sole manager according to records filed with the Florida Secretary of State, and controlled and directed NGL's conduct alleged herein.  Kilburn has conducted business and committed torts within this state as described herein but has not appointed an agent for service of process and, accordingly, may be served through the Florida Secretary of State under Fla. Stat. §§ 48.181, 48.193.

6.      Defendant ZHONGSHAN G-LIGHTS LIGHTING CO., LTD. ("G-Lights") is a Chinese company with its principal place of business at No. 3, Dongyi Road, Luosha Industrial Area, Haizhou, Guzhen Town, Zhongshan City, Guangdong Providence, China 52841.  G-Lights has conducted business and committed torts within this state as described herein but has not

appointed an agent for service of process and, accordingly, may be served through the Florida

Secretary of State under Fla. Stat. §§ 48.181, 48.193.

### NATURE OF THE CLAIMS

7.      Fairchild, Zapata, NGL, Kilburn, and G-Lights (collectively, "Defendants") do

and have done business and committed torts in this District, including the business and torts

described herein that form the basis for this action.

8.      This is an action for copyright infringement and contributory copyright

infringement under 17 U.S.C. §§ 101 et seq., and the Berne Convention for the Protection of

Literary and Artistic Work and for violations of copyright management information under 17

U.S.C. §§ 1202 et seq., arising in connection with Defendants' unauthorized commercial

exploitation and appropriation of multiple Munro Works, including, inter alia,  Munro's

federally-registered F*orest of Light*™ sculptural Work, and *Fireflies*, *Field of Light*®, *River of

Light*, *Water-Towers*, and *Brass Monkeys* sculptural Works.  Munro is entitled to injunctive,

monetary, declaratory, exemplary, and equitable relief.

### JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101

et seq. (the U.S. Copyright Act), 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights),

and treaties of the United States (e.g., the Berne Convention for the Protection of Literary and

Artistic Works).

10.      This Court has personal jurisdiction over the Defendants because, among other

things, they reside, transact business, or have purposefully availed themselves of the privilege of

doing business in Florida; because the claims arise out of Defendants' conduct in and effecting

Florida; because they committed and are continuing to commit infringing and other illegal acts in and having an effect in the state of Florida; and because the exercise of jurisdiction is reasonable.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b), (c) & (d) and 28 U.S.C. § 1400(a).

12.    All asserted claims arise from a common nucleus of operative facts.

**CONDITIONS PRECEDENT**

13.    All conditions precedent have occurred or been performed.

**BACKGROUND FACTS**

**A.  The Artist Bruce Munro**

14.    Munro is an acclaimed international artist known for light-based works, sculptures, and large-scale immersive installations and exhibitions produced through his eponymously named studio, Bruce Munro Ltd. dba Bruce Munro Studio.

15.    Munro's unique light-based artwork and installations have been sold and exhibited at hundreds of top-tier galleries, museums, and public spaces around the world.

16.    Munro's professional honors include the Guggenheim Museum's 2010 invitation in celebration of its 50th anniversary to display in the inspirational rotunda of the Frank Lloyd Wright–designed Guggenheim building in Manhattan; 2011 Artist of the Year Award from Wiltshire Life Magazine; the 2013 American Alliance of Museums Excellence in Exhibition Award.  Munro and Munro's exhibitions are also frequent subjects of articles, media interviews, stories, and reports, including a broadcast PBS documentary.

17.    Munro has developed and is known for a signature style that is valued, appreciated, and desired by the public, by exhibitors and curators, and by other consumers of his services.

4

**SRIPLAW**

21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

18.     For over a decade, Munro has presented and exhibited at preeminent galleries, facilities, venues, and public spaces around the world, which contract for Munro's in-demand exhibitions, installations, and associated services and products.  Places like the Atlanta Botanical Gardens, the United Kingdom's Salisbury Cathedral, Houston's Discovery Green Park, and Pennsylvania's Longwood Gardens—one of the most famous display gardens in all of North America—have all held highly successful exhibitions of Munro's unique, large-scale light-based installations drawing millions of aggregate attendees.

19.     Exhibitions of Munro's Works routinely generate substantial media, public, and online interest and underwriter sponsor support.  Munro installations and exhibitions have been seen and visited by millions of people; lauded in myriad media and online reports in widely circulated publications; consistently drive media and public interest, attendance, revenues, and publicity; and for exhibitors regularly result in hundreds of thousands of attendees, millions in underwriting, ticketing, gift shop, and food court revenues, substantial increases in unique website visitor web traffic and traditional and social media mentions, and valuable publicity, media impressions and online and social media engagement.

20.     Due attendant public interest, exhibitions of Munro's Works consistently provide tangible attendance, publicity, and financial benefits for exhibiting spaces.  As an illustrative example, from midsummer to early fall of 2012, Munro exhibited at Pennsylvania's Longwood Gardens to regional and national publicity that included feature reports on Munro's exhibition in national publications such as the Washington Post. Munro's Longwood exhibition, which Tennessee's Cheekwood Botanical Gardens & Museum of Art later described as "wildly popular" in announcements for its own subsequent Munro exhibition, drew over 300,000 attendees, many from more than three hours away.  How popular was Munro's Longwood

exhibition?  By comparison, the Rolling Stones' 2014 concert tour, one of the top tours of 2014, drew 651,816 attendees.  In just one exhibition at Longwood, Munro's installations drew roughly half that many attendees. As Longwood's director Paul Redman noted to the Washington Post, "'When that exhibit opened, [Munro] was a rock star. He was a rock star.'"

21.     Installations and exhibitions are also a primary revenue driver for Munro's business and, as a result, Munro's Works and the intellectual property rights associated with Munro's Works hold inestimable value to Munro's business and livelihood.

22.     Private collectors and investors also retain and commission Munro to produce specially-commissioned, high-value works of art.  These opportunities and sales are spurred by Munro's exhibitions and installations and their attendant publicity and interest.

**B.  Munro's Copyrighted Works & Copyright Management Information**

23.     Munro has created, exhibited, and is the author of numerous light-based sculptural Works for which he is entitled to and has copyright protections under U.S. law and the Berne Convention, including the below-described and -depicted United States-published and -registered work titled *Forest of Light*™ and several below-described and -depicted United Kingdom-published works ("UK Works").

24.     The Berne Convention for the Protection of Literary and Artistic Works of 1886 as revised ("Berne Convention") requires its signatories to recognize the copyright of works of authors from other signatory countries in the same way as it recognizes the copyrights of its own nationals and to provide strong minimum copyright protections.

25.     The United States of America became a signatory member of the Berne Convention on March 1, 1989.  The United Kingdom became a signatory member of the Berne

Convention in 1886, ratified the convention in 1887, and fully implemented the convention in 1988.

26.     Copyright under the Berne Convention is automatic, and no registration requirements can be imposed on a Work from a different Berne member country.  (Berne Convention, Article 5(2).)   The United Kingdom also does not require formal registration to obtain a copyright.

27.     Munro's UK Works are Berne Convention Works as defined in the Copyright Act, 17 U.S.C. § 101, and under the Berne Convention are subject to the protections of the Copyright Act, 17 U.S.C. §§ 101 et seq.  Munro's UK Works are not "United States Works" under 17 U.S.C. § 101, and are therefore also exempted from registration under 17 U.S.C. § 411.

28.     In 2008, Munro created and exhibited a sculptural Work titled *Field of Light*® in the United Kingdom at the Eden Project exhibition in Cornwall.  Under United Kingdom law Munro has copyright protection for the *Field of Light*® Work, and under the Berne Convention and the Copyright Act (17 U.S.C. §§ 101 et seq.) is entitled to copyright protection in the United States.  A representative photo of that Munro *Field of Light*® sculptural Work is depicted below:



29.     In 2008, Munro created and exhibited a sculptural Work titled *Fireflies* at an exhibition in the United Kingdom.  Under United Kingdom law Munro has copyright protection for the *Fireflies* Work, and under the Berne Convention and the Copyright Act (17 U.S.C. §§ 101 *et seq.*) is entitled to copyright protection in the United States.  A representative photo of that Munro *Fireflies* sculptural Work is depicted below:



30.     In 2010, Munro created and exhibited a sculptural Work titled *Water-Towers* in the United Kingdom at the Salisbury Cathedral in Wiltshire.  Under United Kingdom law Munro has copyright protection for the *Water-Towers* Work, and under the Berne Convention and the

Copyright Act (17 U.S.C. §§ 101 *et seq.*) is entitled to copyright protection in the United States.

A representative photo of that Munro *Water-Towers* sculptural Work is depicted below:



31.     In 2012, Munro created and exhibited a sculptural Work titled *Brass Monkeys* in the United Kingdom at the Royal United Hospital in Bath.  Under United Kingdom law Munro has copyright protection for the *Brass Monkeys* Work, and under the Berne Convention and the Copyright Act (17 U.S.C. §§ 101 *et seq.*) is entitled to copyright protection in the United States.

A representative photo of that Munro *Brass Monkeys* sculptural Work is depicted below:



32.     In 2012, Munro created in the United States and displayed at Pennsylvania's Longwood Gardens the sculptural Work titled *Forest of Light*™.  On August 24, 2019, Munro registered the *Forest of Light*™ Work with the U.S. Copyright Office and is the owner of the associated copyright registration.  *See* **Exhibit A** (Copyright Registration Certificate No. VA 2-176-825).  Representative deposit specimen photos of Munro's *Forest of Light*™ sculptural Work are depicted below:







Title: Forest of Light
Author: Bruce Munro
Dimensions: 6 acres (approx.)

33.     In 2013, Munro created and exhibited in the United Kingdom at a *Winter Light at Waddesdon* exhibition a sculptural Work titled *River of Light*.  Under United Kingdom law Munro has copyright protection for his *River of Light* Work, and under the Berne Convention and the Copyright Act (17 U.S.C. §§ 101 *et seq*.) is entitled to copyright protection in the United States.  A representative photo of that Munro *River of Light* sculptural Work is depicted below:



34.     Accordingly, Munro owns copyrights in his *Forest of Light*™, *River of Light*, *Field of Light*®, *Fireflies*, *Water-Towers*, and *Brass Monkeys* sculptural Works (collectively, "Works"), which are protectable and enforceable under the US Copyright Act via Munro's federally-registered U.S. copyright registration and via the Berne Convention.

35.     Munro also maintains exemplative images of a variety of his Works at the website www.brucemunro.co.uk ("Munro Site") and its associated webpages, which proximate to each of the images display copyright management information ("CMI") within the meaning of Sections 1201 through 1203 of the Digital  Millennium Copyright Act ("DMCA"), including authorship and titles.  See **Exhibits B1 – B11** (excerpted Munro Site webpages displaying images of and title and authorship CMI for the following Munro Works: *Beacon*, *Bell Chandelier*, *Blue Moon*, *Brass Monkeys, Fagin's Urchins, Field of Light*®, *Fireflies, Icos, TePees, Water-Towers,* and *Whizz Pops*).

36.     Munro has not authorized or licensed any of the Defendants to exploit any of the Works, their associated copyrights, or any other Munro Works or associated copyrights. Nevertheless, Defendants are commercially and extensively exploiting a multitude of Munro's Works and without proper attribution have used false CMI to do so.

**C.  Defendants' Infringing and Illegal Acts**

37.     Defendant G-Lights is making, selling, advertising for sale, and importing into the United States unauthorized infringing copies and derivatives of Munro's above-identified copyright-protected Works in violation of  17 U.S.C. §§ 501, 602, et seq.  Moreover, with the intent to induce, enable, facilitate, and conceal infringement, G-Lights has knowingly removed and provided and distributed false CMI associated with multiple Munro Works and images

thereof in violation of § 1202 of the Digital Millennium Copyright Act ("DMCA").  17 U.S.C. § 1202.

38.     In particular, G-Lights maintains multiple sales sites on the Alibaba platform that advertise into the United States and this district the sale of unauthorized copies and derivatives of Munro's above-identified copyright-protected Works, including for public display.  True and correct screenshots of G-Light Alibaba sites advertising and selling knock-off replicas of Munro's Works are attached as **Exhibits C - F**.

39.     **Exhibit C** contains a G-Lights Alibaba sale site advertising and offering for sale knock-off replicas of Munro's *Forest of Light*™, *River of Light,* and *Field of Light*® sculptural Works.  On information and belief, G-Lights is specifically aware that it is offering and selling unauthorized replicas of these Munro Works as (a) multiple exemplative photos prominently included by G-Lights on the site actually are of Munro's *Forest of Light*™ exhibit at Longwood Gardens, see Ex. C at p. 1, and (b) G-Lights includes prominent text on the site describing its offering as  "Bruce Munro style outdoor . . . light."  Id.  G-Lights, NGL, Kilburn, and Fairchild have imported into the United States and this district and publicly displayed in this district these G-Light-promoted unauthorized replicas of Munro's *Forest of Light*™, *River of Light*, and *Field of Light*® sculptural Works and, alternatively, assisted and aided one another in doing so.  As Fairchild's COO, Zapata participated in, directed, and approved the public display of these replicas at Fairchild's facilities in Coral Gables, Florida.

40.     G-Lights also included in and distributed via its Alibaba listing shown in Exhibit C an image copied from the Munro Site of Munro's work entitled *Whizz Pops*, but with both the title and authorship CMI removed.  Compare Exhibit B11 at p. 2 with Exhibit C at p. 8.  This G-Lights listing therefore reflects at least two (2) violations of DMCA § 1202.

41.     **Exhibit D** contains a G-Lights Alibaba sale site advertising and offering for sale knock-off replicas of Munro's *Fireflies* sculptural Work.  On information and belief, G-Lights is specifically aware that it is offering and selling unauthorized replicas of this Munro Work as the exemplative photos G-Lights included on the site actually are of Munro's *Fireflies* sculptural Works, see Ex. D at pp. 1, 3-6, and the listing and photos of "[o]ther fiber optic light products" on that site are of other Munro Works.  Id., at p. 6.  G-Lights, NGL, Kilburn, and Fairchild have imported into the United States and this district and publicly displayed in this district these unauthorized replicas of Munro's *Fireflies* sculptural Works and, alternatively, have assisted and aided one another in doing so.  As Fairchild's COO, Zapata participated in, directed, and approved the public display of these replicas at Fairchild's facilities in Coral Gables, Florida.

42.     G-Lights also included in and distributed via its Alibaba listing shown in Exhibit D (a) two images copied from the Munro Site of Munro's Work entitled *Fireflies*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" inserted instead, compare Exhibit B7 at pp. 1-2 with Exhibit D at pp. 3-5; and (b) two images copied from the Munro Site of Munro's Work entitled *Whizz Pops*, but with both the title and authorship CMI removed.  Compare Exhibit B11 at p. 2 with Exhibit D at pp. 6, 13.  This G-Lights listing therefore reflects at least twelve (12) violations of DMCA § 1202.

43.     **Exhibit E** contains a G-Lights Alibaba sale site advertising and offering for sale knock-off replicas of Munro's *Water-Towers* sculptural Work.  On information and belief, G-Lights is specifically aware that it is offering and selling unauthorized replicas of this Munro Work as the exemplative photos G-Lights included on the site are of Munro's *Water-Towers* sculptural Works.  See Ex. E at pp. 1, 3-4; compare id., at p. 4, 2nd image with supra at ¶ 30.

44.     G-Lights also included in and distributed via its Alibaba listing shown in <u>Exhibit E</u> (a) five images copied from the Munro Site of Munro's Work entitled *Water-Towers*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" inserted instead, compare <u>Exhibit B10</u> at pp. 5-7 with <u>Exhibit E</u> at pp. 1, 3-4; and (b) one image copied from the Munro Site of Munro's Work entitled *Fagin's Urchins*, but with both the title and authorship CMI removed, compare <u>Exhibit B11</u> at p. 2 with <u>Exhibit E</u> at p. 11.  This G-Lights listing therefore reflects at least sixteen (16) violations of DMCA § 1202.

45.     **Exhibit F** contains a G-Lights Alibaba sale site advertising and offering for sale knock-off replicas of Munro's *Brass Monkeys* sculptural Work.  On information and belief, G-Lights is specifically aware that it is offering and selling unauthorized replicas of this Munro Work as multiple exemplative photos G-Lights included on the site are of Munro's *Brass Monkeys* sculptural Works.  See <u>Ex. F</u> at pp. 1, 3-4; compare <u>id.</u>, at p. 3, 1st image with supra at ¶ 31.

46.     G-Lights also included in and distributed via its Alibaba listing shown in <u>Exhibit F</u> (a) three images copied from the Munro Site of Munro's Work entitled *Brass Monkeys*, but with the title and authorship CMI removed in all three and the false CMI "glightsled.en.alibaba.com" inserted instead in one, compare <u>Exhibit B4</u> at pp. 1-2 with <u>Exhibit F</u> at pp. 1, 3-4; and (b) three images copied from the Munro Site of Munro's Work entitled *Whizz Pops* but with the title and authorship CMI removed, compare <u>Exhibit B11</u> at pp. 1-2 with <u>Exhibit F</u> at pp. 3-4.  This G-Lights listing therefore reflects at least thirteen (13) violations of DMCA § 1202.

47.     G-Lights also promotes and advertises via its Alibaba pages the following collection of images of "[m]ore designs for outdoor" offered for sale by G-Lights, see <u>Ex. E</u> at p.

5; Ex. F at p. 6, which generally consist of CMI-stripped images from the Munro Site of Munro's

below-listed Works:



| | | **Title of Munro Work** | | | |
|---|---|---|---|---|---|
| Row 1 | | *Blue Moon* | *Bell Chandelier* | *Beacon* | *Blue Moon* |
| Row 2 | *Vandergraph* | *Beacon on the Hill* | *Snowball chandelier* | *Snowball chandelier* | *Whizz Pops* |
| Row 3 | *Whizz Pops* | | *Brass Monkeys* | *Fagin's Urchins* | *Fagin's Urchins* |
| Row 4 | *Icos* | | *Icos* | *TePees* | *TePees* |

48.    Via the preceding collection of images shown in Exhibits E & F under the

heading "[m]ore designs for outdoor," G-Lights included in and distributed via its Alibaba

listings in Exhibits E & F:

a.       two images copied from the Munro Site of Munro's Work entitled *Beacon*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead;

b.       an image copied from the Munro Site of Munro's Work entitled *Bell Chandelier*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead;

c.       two images copied from the Munro Site of Munro's Work entitled *Blue Moon*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead;

d.       an image copied from the Munro Site of Munro's Work entitled *Brass Monkeys*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead;

e.       two images copied from the Munro Site of Munro's Work entitled *Fagin's Urchins*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead;

f.       two images copied from the Munro Site of Munro's Work entitled *Icos*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead;

g.       two images copied from the Munro Site of Munro's Work entitled *TePees*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead; and

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

h.    two images copied from the Munro Site of Munro's Work entitled *Whizz Pops*, but with both the title and authorship CMI removed and the false CMI "glightsled.en.alibaba.com" embossed instead.

*Compare* Exhibits B1 at pp. 3-4, B2 at p. 2, B3 at p. 1-2, B4 at p. 2, B5 at pp. 1-2, B8 at pp. 1-2, B9 at pp. 1-3, *and* B11 at pp. 1-2 *with* Exhibit E at p. 5 *and* Exhibit F at p. 6.  This G-Lights listing therefore reflects at least forty-two (42) violations of DMCA § 1202.

49.    Via the additional following collection of images shown in Exhibits E under the heading "[m]ore designs for outdoor", G-Lights also promotes and advertises via its Alibaba pages and included in and distributed via its Alibaba listing in Exhibit F CMI-stripped images from the Munro Site of additional Munro Works, including:  (a) an image copied from the Munro Site of Munro's work entitled *Field of Light*®, but with both the title and authorship CMI removed; and (b) an image copied from the Munro Site of Munro's work entitled *Water-Towers*, but with both the title and authorship CMI removed:



**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

*Compare* Exhibits B6 at p. 10 *and* B10 at p. 6 *with* Exhibit F at p. 5.  This G-Lights listing therefore reflects at least four (4) violations of DMCA § 1202.

50.      G-Lights also maintains an internet website and homepage at www.glightsled.com ("G-Lights Homepage") that advertises into the United States and this district the sale of unauthorized copies and derivatives of Munro's above-identified copyright-protected Works, including for public display.  Attached as **Exhibit G** is a true and correct copy of G-Light's Homepage.

51.      G-Lights also includes on and distributes via the G-Lights Homepage shown in Exhibit G an appropriated image copied from the Munro Site of Munro's Work entitled *Whizz Pops*, but with both the title and authorship CMI removed.  Compare Exhibit B11 at p. 2 with Exhibit G at p. 1.  The appropriated and CMI-stripped *Whizz Pops* image, which is used by G-Lights to market its own offerings, is prominently displayed at the top of G-Light's Homepage alongside the promotional message, "Fiber optic lighting makes outdoor landscape project nice and different."  The G-Lights Homepage therefore reflects at least two (2) violations of DMCA § 1202.

52.      The G-Lights Homepage also advertises and offers for sale knock-off replicas of Munro's *Forest of Light*™, *River of Light*, and *Field of Light*® sculptural works under the "Hot Product" listing for "Party And Event Fiber Optic Decorative."  See Ex. G at p. 1.

53.      The attached Exhibits C - F therefore reflect G-Lights' wholesale commercial appropriation, exploitation, and copying of more than a dozen of Munro's Works – including *Beacon, Bell Chandelier, Brass Monkeys, Blue Moon, Fagin's Urchins, Field of Light*®, *Fireflies, Forest of Light*™, *Icos, River of Light, TePees, Water-Towers*, and *Whizz Pops* – and  a multitude of images thereof, and G-Light's knowing unauthorized removal, alteration,

falsification, and distribution of associated copyright management information with the intent to induce, enable, facilitate, and conceal infringement.

54.     G-Lights' blatant and intentional copying, exploitation, and infringement of the Munro Works and G-Lights' numerous DMCA § 1202 CMI violations reflected in and on the attached G-Lights Alibaba listings and G-Lights Homepage (i.e., Exhibits C - F) have had a direct and substantial impact in the United States and in this this district as knock-off replicas of Munro's Works obtained from G-Lights have been imported into and publicly displayed in this district by NGL, Kilburn, and Fairchild at an ongoing exhibition in Coral Gables, Florida promoted as the *NightGarden*.  Munro's studio has also had to field other inquiries regarding the authenticity and quality of the offerings on G-Lights Alibaba sites, including from Tennessee residents.

55.     Since approximately November 15, 2019 and continuing still, defendants Fairchild, NGL, and Kilburn have conducted, publicized, marketed, and sold tickets for a commercial public exhibition titled the *NightGarden* at Fairchild's facilities in Coral Gables, Florida in which they are publicly displaying and featuring unauthorized and unattributed knock-off replicas of Munro's copyrighted *Forest of Light™*, *River of Light, Field of Light®*, and *Fireflies* sculptural Works.

56.     On information and belief, Fairchild, NGL, and Kilburn obtained these unauthorized replicas of Munro's *Forest of Light™*, *River of Light, Field of Light®*, and *Fireflies* sculptural Works from G-Lights and, along with G-Lights, imported the replicas into the United States and this district for commercial public display.  Notably, G-Lights' Alibaba site that advertises and offers knock-off replicas of Munro's *Forest of Light™*, *River of Light*, and *Field of Light®* sculptural works (e.g., Exhibit C) promotes them as "Bruce Munro style outdoor . . .

light[s]" and also specifically lists and depicts Fairchild, NGL, and Kilburn's *NightGarden* as a G-Light reference account.  See Ex. C at pp. 1, 5.

57.     Representative photos from the ongoing *NightGarden* exhibition showing knock-offs of Munro's *Fireflies* sculptural Works exhibited and publicly displayed by defendants Fairchild, NGL, and Kilburn are depicted below:



58.     Representative photos from the ongoing *NightGarden* exhibition showing knock-offs of Munro's *Forest of Light*™, *River of Light*, and *Field of Light*® sculptural works exhibited and publicly displayed by defendants Fairchild, NGL, and Kilburn are depicted below:



59.     NGL, Kilburn, Fairchild, and Fairchild's COO Zapata have heavily promoted the *NightGarden* in media releases, on websites, and on social media sites (including Facebook, Instagram, and Twitter) and continue to do so, and have also encouraged visitors to post photos from the *NightGarden* exhibition.  Social media posts promoting the *NightGarden* include photos of these knock-off replicas of Munro's Works publicly exhibited and displayed by defendants Fairchild, NGL, and Kilburn in the *NightGarden* exhibition.

60.     NGL, Kilburn, and Fairchild have collaboratively marketed the *NightGarden* and its public display of infringing replicas of Munro's Works.  For instance, Fairchild's www.fairchildgarden.org website touts the exhibition as "the *NightGarden* at Fairchild!" Fairchild's online promotions emphasize the *NightGarden* not only for the sale and purchase of single-ticket sales, but also for purchase of season membership passes.  Fairchild's website also links to the www.thenightgarden.com ticketing and promotional website maintained by NGL and Kilburn, which facilitates and promotes the online sale and purchase of *NightGarden* tickets and prominently includes the following image of NGL, Kilburn, and Fairchild's public display of unauthorized knock-offs of Munro's *Forest of Light ™*, *River of Light*, and *Field of Light®* works:



61.     Fairchild, NGL, and Kilburn published and is also providing and distributing the following guide to *NightGarden* attendees:



62.     But nowhere on the guide, on the www.thenightgarden.com website, on Fairchild's

website, or anywhere on display at the *NightGarden* exhibition does Fairchild, NGL, or Kilburn

ascribe attribution to Munro with respect to their *NightGarden*'s knock-offs of Munro's *Fireflies*,

*Forest of Light*™, *River of Light*, and *Field of Light*® Works, despite supplier G-Lights'

acknowledgement that the knock-offs are replicas of Munro's Works.  See, e.g., <u>Ex. C</u> at p. 1.

Rather, on the pamphlet, on the www.thenightgarden.com website, and on signage at the

*NightGarden* exhibition Fairchild, NGL, and Kilburn instead ascribe false titles to and self-credit

each display, see, e.g., supra at ¶¶ 56, 57 (guide ascribing the title "Mystic Mushrooms" to the

*NightGarden* replicas of Munro's *Forest of Light*™, *River of Light*, and *Field of Light*® Works).

By all appearances, defendants utilize phony titles and self-attribution in an effort to conceal that

they are exploiting copyrighted materials without the authorization of Munro.  This too is a

violation of the DMCA, which prohibits the use of false information related to the owner, author,

or title of a creative work.  17 U.S.C. § 1202.  Accordingly, Fairchild, NGL, and Kilburn have in

violation of § 1202 knowingly provided and distributed false copyright management information

with the intent to or with reasonable grounds to know that it will induce, enable, facilitate, or

conceal an infringement.  Defendants Fairchild, NGL, and Kilburn's *NightGarden* guide,

website, and onsite signage therefore reflect at least three (3) violations of DMCA § 1202.

63.     Fairchild, NGL, Kilburn, and Zapata have had substantial grounds to know their

actions constitute infringement of Munro's copyrights and that their provision and distribution of

false CMI will induce, enable, facilitate, or conceal infringements.  Among other things, (a) they

obtained and imported the knock-off replicas of Munro's Works from China, a country

notoriously lacking in intellectual property protections and known for production of counterfeits;

(b) their apparent supplier G-Lights' own Alibaba listings state that the replicas are "Bruce

Munro style . . . light[s]", see Ex. C at p. 1; (c) Fairchild via Zapata, and Kilburn via its

registered agent Mark Manuel, were delivered cease-and-desist letters notifying them that certain

displays at defendants' *NightGarden* constituted infringement of Munro's federally-registered

*Forest of Light*™ Work; and (d) Fairchild and its COO Zapata have prior familiarity with Munro

and his Works.

64.     Notably, Fairchild's Zapata and a member of Fairchild's board previously

communicated with Munro studio personnel regarding interest in a Munro exhibition at

Fairchild's facilities.  As Fairchild's agent, Zapata's knowledge regarding Munro and Munro's

Works is imputable and attributable to Fairchild, Zapata's principal.  Fairchild also received

from Munro's studio a promotional pamphlet on Munro's Longwood Gardens exhibition, which contained multiple images of Munro's *Forest of Light*™, *Field of Light*® and *Fireflies* Works.

65.     Accordingly, NGL, Kilburn, Fairchild, and G-Lights had knowledge of, access to, information on, and awareness of Munro and Munro's Works prior to their acts described above.

66.     On information and belief, NGL, Kilburn, and Fairchild are specifically aware that they imported and are publicly displaying unauthorized knock-offs of one or more Munro Works and assisted and aided one another in doing so.  Moreover, they have posted and encouraged others to post on social media and elsewhere photos and images of improperly-titled and -attributed unauthorized replicas of Munro Works on display at defendants' *NightGarden* exhibition.

67.     Nevertheless, with defendant Zapata's direct assistance and approval, defendants Fairchild, NGL, and Kilburn have continued to publicly display unauthorized infringing copies and derivatives of Munro's above-identified copyright-protected Works.  17 U.S.C. § 501, et seq. Moreover, with the intent to induce, enable, facilitate, and conceal infringement, Fairchild, NGL, and Kilburn have knowingly removed and provided and distributed false CMI associated with multiple Munro works in violation of § 1202 of the DMCA.  17 U.S.C. § 1202.

## COUNT I
### COPYRIGHT INFRINGEMENT

68.     Munro incorporates the allegations of paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     Defendants' above-described installations, products, advertisements, and numerous derivatives thereof (including innumerable photos, web posts, social media posts, media releases, and displays making up the advertising and social media publicity campaign

described herein for the *NightGarden*) share similarities so substantial to Munro's Works that their production, importation, reproduction, and public display constitute copyright infringement.

70.     By their actions alleged above, defendants Fairchild, NGL, Kilburn, and G-Lights have infringed Munro's copyrights in Munro's federally-registered *Forest of Light*™ Work and in his *Fireflies*, *River of Light*, and *Field of Light*® Works.  Specifically, defendants Fairchild, NGL, Kilburn, and G-Lights have infringed Munro's exclusive rights set forth in 17 U.S.C. § 106 by copying, reproducing, making derivatives of, distributing, importing, advertising for sale and import, publicly displaying, and otherwise exploiting these Munro Works (including for the *NightGarden* exhibition at Fairchild's facilities and on defendants' sales and promotional websites).  See 17 U.S.C.  §§ 501, 602.

71.     On information and belief, Kilburn is the dominant influence over NGL, and Zapata is a dominant influence over Fairchild, and each determined or directed the actions that led to the *NightGarden*-related infringements of Munro's *Forest of Light*™, *Fireflies*, *River of Light*, and *Field of Light*® works complained of herein.  Accordingly, Zapata and Kilburn are jointly and severally liable for direct copyright infringement.

72.     On further information and belief, Kilburn maintained the right and ability to supervise the infringing activities of NGL and had a direct financial interest in those activities by virtue of its stake and role in NGL and the profits derived from the *NightGarden* exhibition. Accordingly, Kilburn is also vicariously liable for copyright infringement.

73.     NGL is also vicariously liable for all infringements committed by Kilburn (its managing agent) within the scope of its agency.

74.     By its actions alleged above, defendant G-Lights has also infringed Munro's copyrights in Munro's *Water-Towers* and *Brass Monkeys* Works.  Specifically, defendant G-

Lights has infringed Munro's exclusive rights set forth in 17 U.S.C. § 106 by copying, reproducing, making derivatives of, distributing, importing, advertising for sale and import, publicly displaying, and otherwise exploiting Munro's *Water-Towers* and *Brass Monkeys* Works (including for its sales and promotional websites).  See 17 U.S.C.  §§ 501, 602.

75.     Defendants' actions constitute willful infringement of Munro's copyright inasmuch as they knew, or had reason to know, that their use of and exploitation of Munro's Works was unauthorized; and/or because they have acted with reckless disregard of Munro's copyrights.

76.     As a result of the foregoing, Munro is entitled to actual damages, plus Defendants' profits, and at Munro's election statutory damages of up to $150,000 for infringement(s) of his *Forest of Light*™ work, plus attorney's fees and costs of court.

77.     Munro is additionally entitled to immediate and permanent injunctive relief and impounding and destruction of offending items and materials.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

78.     Munro incorporates the allegations of paragraphs 1 through 67 of this Complaint as if fully set forth herein.

79.     By their actions alleged above, Defendants have contributorily infringed Munro's copyrights in the Munro Works.

80.     Defendant G-Lights has induced, caused, and/or materially contributed to infringing conduct by defendants Fairchild, NGL, and Kilburn and by others, including by, inter alia, producing, advertising for sale, and importing into the United States replicas of the Munro Works and encouraging and facilitating the importation and public display of such replicas, including by Fairchild, NGL, and Kilburn for their *NightGarden* exhibition.

81. Defendants Fairchild, NGL, and Kilburn have induced, caused, and/or materially contributed to infringing conduct by one another and Zapata has induced, caused, and/or materially contributed to infringing conduct by Fairchild, NGL, and Kilburn including by, inter alia, (a) Fairchild's provision of facilities for commercial public display of replicas of Munro's *Fireflies*, *Forest of Light*™, *River of Light*, and *Field of Light*® Works, (b) Fairchild, Zapata, NGL, and Kilburn's collaboration on and co-promotion of the *NightGarden* exhibition publicly displaying replicas of Munro's *Fireflies, Forest of Light*™, *River of Light*, and *Field of Light*® works and their online posts of derivative images thereof on websites and social media platforms.

82. Defendants Fairchild, NGL, and Kilburn have induced, caused, and/or materially contributed to infringing conduct by others including by, inter alia, utilizing hashtags and creating specified web and social media sites which allow and encourage *NightGarden* attendees to re-post photographs and images of the replicas of Munro's *Fireflies*, *Forest of Light*™, *River of Light*, and *Field of Light*® works on commercial public display at defendants' *NightGarden* exhibition.

83. Defendants obtained economic benefits in connection with their actions constituting contributory infringement, including increased visibility, exposure, attendance, ticket sales, and revenues for the *NightGarden* exhibition and increased visibility, exposure, product sales, and revenues for G-Lights.

84. Defendants' actions constitute willful infringement of Munro's copyright inasmuch as they knew, or had reason to know, that their use of and exploitation of Munro's Works was unauthorized; and/or because they have acted with reckless disregard of Munro's copyrights.

85.     As a result of the foregoing, Munro is entitled to actual damages, plus Defendants' profits, and at Munro's election statutory damages of up to $150,000 for infringement(s) of his *Forest of Light*™ work, plus attorney's fees and costs of court.

86.     Munro is additionally entitled to immediate and permanent injunctive relief and impounding and destruction of offending items and materials.

### COUNT III
### COPYRIGHT MANAGEMENT INFORMATION VIOLATIONS

87.     Munro incorporates the allegations of paragraphs 1 through 67 of this Complaint as if fully set forth herein.

88.     By their actions alleged above, Defendants have violated Section 1202 of the Digital Millennium Copyright Act with regard to Munro's *Beacon*, *Bell Chandelier*, *Blue Moon*, *Brass Monkeys*, *Fagin's Urchins*, *Field of Light*®, *Fireflies*, *Icos*, *TePees*, *Water-Towers*, and *Whizz Pops* Works and images thereof by knowingly providing, distributing, and importing for distribution copyright management information ("CMI") that is false; by intentionally removing and altering CMI; and by distributing, importing for distribution, and publicly performing and displaying copies and replicas of Munro Works knowing that CMI had been removed without Munro's authorization.  17 U.S.C. § 1202(a) & (b).

89.     Specifically, G-Lights has committed at least ninety-one (91) CMI violations in connection with its above-described intentional removal and falsification of title and authorship CMI associated with the identified Munro Works and images thereof; and NGL, Kilburn, and Fairchild have committed at least three (3) CMI violations in connection with their above-described removal and use of false of title and authorship CMI in connection with their signage, guides, and website(s) for their *NightGarden* replicas of  Munro Works.  On information and belief, Defendants' removals and falsifications of CMI were committed knowingly, and with the

intent to induce, enable, facilitate and/or conceal infringement (including in connection with NGL, Kilburn, and Fairchild's encouragement of attendees' re-posts on social media of photos of the *NightGarden*'s public display of replicas of Munro's Works).

90.     On information and belief, Kilburn maintained the right and ability to supervise and/or control the publication of false CMI in connection with the *NightGarden* exhibition and derived a direct financial benefit therefrom, and is therefore also vicariously liable for violation of Section 1202 of the Digital Millennium Copyright Act.

91.     As a result of the foregoing, Munro is entitled to actual damages plus the profits of Defendants; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000 per violation, plus costs and attorney's fees.  17 U.S.C. § 1203(b)(4), (5) & (c).

## INJUNCTIVE RELIEF

92.     As a direct and proximate result of the Defendants' foregoing acts and omissions, Munro has sustained, and will continue to sustain, substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Munro is informed and believes in view of the above-described conduct of Defendants that unless enjoined and restrained by this Court, Defendants will continue to infringe Munro's copyrights and commit copyright management information violations.  Accordingly, Munro is entitled to temporary, preliminary, and permanent injunctive relief ordering that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting Munro's Works and to seizure, impounding, and destruction of offending items and materials.

## JURY DEMAND

Munro demands a jury trial for all issues so triable in this action.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

### PRAYER

For the foregoing reasons, Munro requests judgment against the Defendants for the following:

A.      All damages, actual damages, statutory damages, exemplary damages, enhanced damages, profits, and other legally permissible damages or recoveries allowed by law, statute, or equity, including for each work infringed and each violation of the Digital Millennium Copyright Act an award of actual damages and/or statutory damages per 17 U.S.C. §§ 504(c) & 1203(c);

B.      Temporary, preliminary, and permanent injunctive relief as alleged and as otherwise allowed per 17 U.S.C. §§ 502 & 1203(b), including an order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting Munro's works or displaying inaccurate CMI;

C.      Seizure, impounding, and destruction of all infringing copies, equipment used to make them, related records, and any device(s) or product(s) involved in any CMI violation per 17 U.S.C. §§ 503 & 1203(b)(2) & (6);

D.      Pre-judgment and post-judgment interest on any award at the maximum legal rate;

E.      Reasonable costs and attorneys' fees as allowable and per 17 U.S.C. §§ 505 and 1203(b)(4) & (5); and,

F.      All other relief to which Munro may be entitled or as the Court may deem just, equitable, necessary, proper and/or appropriate under the circumstances.

Dated:  January 8, 2020                              Respectfully submitted,


                                                     */s/ Joel B. Rothman* _____
                                                     JOEL B. ROTHMAN
                                                     Florida Bar No. 98220
                                                     joel.rothman@sriplaw.com
                                                     CRAIG A. WIRTH

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

Florida Bar Number:  125322
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

CARL F. SCHWENKER
cfslaw@swbell.net

**LAW OFFICES OF CARL F. SCHWENKER**
The Parsons House
3807 Duval Street, Suite E
Austin, TX  78751
512.480.8427 – Telephone
512.857.1294 – Facsimile

*Counsel for Plaintiff Bruce Munro*