**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:20-cv-20079-ASH**

BRUCE MUNRO,

        Plaintiff,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., NIGHT GARDEN, LLC,
KILBURN LIVE, LLC, ZHONGSHAN G-
LIGHTS LIGHTING CO., LTD., AND
NANETTE M. ZAPATA,

        Defendants.

## STIPULATED PROTECTIVE ORDER

All parties that have appeared in this action have jointly moved this Court for the entry of a protective order to govern the production of Discovery Material (defined below), by both parties and non-parties, in the above-captioned action (the "Lawsuit").[1]

Having read and considered the appearing parties' motion, and finding good cause shown, the appearing parties' motion (ECF No. 50) is hereby GRANTED. The below provisions shall apply to all discovery conducted in Lawsuit.

**I.    DEFINITIONS**

    A.    **Designated Material**

The term "Designated Material" shall mean any Discovery Material (as defined in Section I.C) designated by a Producing Party (as defined in Section I.F) as either

---

[1] All above-captioned parties have appeared other than Defendant Zhongshan G-Lights Lighting Co., Ltd., which has been served in and otherwise notified of this action [D.E. 15, 21] but has not appeared nor provided any responsive communication regarding the Lawsuit.

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with Paragraphs III.A to III.D below. All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

### B.     Confidential and Highly Confidential - Attorneys' Eyes Only

1.      "CONFIDENTIAL" comprises or contains information that the Producing Party has taken reasonably customary steps to maintain the confidentiality of and claims in good faith to constitute or relate to sensitive business, financial, or commercial information (including identifying information for customers of the Producing Party) that is not publicly available and provides a commercial advantage to its possessor and the disclosure of which to persons other than those set forth in Section V.A. below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.      "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" comprises or contains information that the Producing Party has taken reasonably customary steps to maintain the confidentiality of and claims in good faith is information that is *extremely* competitively sensitive or important to the Producing Party's business, including, but not limited to, non-public pricing and revenue information, and other sensitive financial data, the disclosure of which to persons other than those set forth in Section V.B below could create a significant risk of harm that could not be avoided by less restrictive means.

### C.     Discovery Material

The term "Discovery Material" shall mean any Document (as defined at Section I.D), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production and any documents produced in connection therewith; subpoenas; declarations; affidavits; letters; emails; deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

### D.   **Documents**

The term "Document" shall mean all writings, recordings, or photographic materials as described and defined in Rule 1001 of the Federal Rules of Evidence, including electronically stored information and data, whether produced or created by a Party or another person, and whether produced pursuant to Federal Rule of Civil Procedure 34, pursuant to a subpoena, by agreement, or otherwise.  This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony, and deposition exhibits. This Protective Order is not intended to, and shall not, expand, enlarge, or otherwise change any Party's obligations concerning the scope, limitations, and form of discovery as set forth in any Discovery Plan and Scheduling Order put in place in the Lawsuit.

### E.   **Party**

The term "Party" shall refer to any plaintiff or defendant in the Lawsuit, namely, Bruce Munro, Fairchild Tropical Botanic Garden, Inc., Night Garden, LLC, Kilburn Live, LLC, Zhongshan G-Lights Lighting Co., Ltd., and Nanette M. Zapata.

### F.   **Producing Party**

The term "Producing Party" shall mean any Party to the Lawsuit or any non-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for the Lawsuit.

### G.    Receiving Party

The term "Receiving Party" shall mean any Party to the Lawsuit, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

## II.    RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A.    Scope

This Order shall encompass all Discovery Material produced during this Lawsuit except that this Order shall not encompass information that (a) is lawfully in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

### B.    Purpose

Designated Materials shall be used solely for purposes of and in connection with this Lawsuit and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### C.    Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given,

shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

D.    **Maintenance of Designated Material**

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order.  The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

E.    **Restrictions on Designated Materials**

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party.  A Producing Party is free to do whatever it desires with its own Designated Material.

F.    **Discovery from Non-Parties**

Information sought or obtained from a person not a Party to the Lawsuit ("non-party") shall be treated as Designated Material if requested by the non-party and designated pursuant to this Order.   Any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Paragraphs III.A to III.D by a non-party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order.  Any Party may seek to challenge designations by a non-party under the provisions of Paragraph IV.B after providing at least ten (10) business days written notice to the

non-party and agreeing that it will not object to the non-party appearing in this Lawsuit for the limited purpose of seeking to preserve its requested designation.

### G.     Unintentional Disclosure of Designated Material

If Designated Material, or any portion thereof, is disclosed by the Receiving Party to any person or Party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request that such person execute the Confidentiality Undertaking in Exhibit A.

## III.   PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order. The burden of establishing that Designated Material is either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as defined herein shall be on the Producing Party.   The designation of Designated Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.   Designated Material must be marked in the following manner:

A.     In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing along

with a designation, e.g., bates number prefix, of the identity of the Producing Party;

B.      In the case of electronically stored information ("ESI") produced in native format, designation shall be made by contemporaneously producing a bates-numbered slip sheet bearing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and including the corresponding bates number in the file name of the native-format file (e.g., [FILENAME].xls).  Any Party printing or otherwise creating a tangible copy of the native file shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document;

C.      In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable, the copies of such documents as may contain either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as defined in Paragraphs I.B.1 and I.B.2 at the time the copies are produced to the Receiving Party.  There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information before it is copied and marked pursuant to this Order; and

D.      In the case of testimony provided during a deposition or hearing, transcripts or portions thereof shall be designated by the Producing Party either (i) on the record during the deposition or hearing, in which case the pages of the transcript containing Designated Material shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY," as applicable, by the reporter, as a Party may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten calendar days of receipt of the deposition transcript, of the portions of the testimony that should be designated as CONFIDENTIAL or HIGHLY-CONFIDENTIAL- ATTORNEYS' EYES ONLY. Pending expiration of the ten-day period or the receipt of such written notice from a Party (whichever comes first), all Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.  If no such written notice is provided within the ten-day period, the designation(s) made during the deposition shall stand.  If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt.  No person other than a court reporter or Court personnel shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

E.      In the event that a deposition or hearing is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire transcript for that day is to be treated as Designated Material. That designation will stand until the earlier of the written designation or expiration of the ten-day period discussed in Section III.D above.

## IV.    CONTESTING THE DESIGNATION

A.      No Party to this Lawsuit shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in the Lawsuit to the propriety of such designation.

B.       Any Party may contest a claim of confidentiality.  Any Party objecting to the

designation of any Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY must give outside counsel of record for the Producing Party (or, if the Producing Party is not represented by counsel in the Lawsuit, the Producing Party itself) written notice of its reasons for the objection at least thirty (30) days prior to the commencement of trial in this Lawsuit and otherwise in compliance with Local Rule 7.1. The Producing Party will then have ten (10) business days after receipt of such notice to change the designation or respond in writing why the designation is appropriate. If, after the parties have conferred they have failed to reach a resolution, the objecting party may file a motion or otherwise challenge a confidentiality designation in compliance with the Court's procedures. Upon the objecting party filing a motion or noticing the dispute with the Court, the Producing Party asserting confidentiality has the burden of showing that the designation is appropriate.  The information designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall remain as such (i) until the matter is resolved by Court order; or (ii) until agreement of parties.

## V.       DISCLOSURE OF DESIGNATED MATERIALS

A.       Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL under this Order may be disclosed by the Receiving Party only to the following persons:

1.       counsel of record for the Receiving Party, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

2.      the Parties' respective attorneys (irrespective of whether they are counsel of record in the Lawsuit), including their in-house counsel and regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

3.      the officers, directors, and employees of the Receiving Party to whom disclosure is directly necessary for the Lawsuit;

4.      Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Lawsuit is pending including any appellate Court, and the jury, if any;

5.      court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Lawsuit;

6.      consultants (not including trial and jury consultants), or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph 1 or 2 of this section to provide assistance in the Lawsuit, provided that any such persons first execute the Confidentiality Undertaking in Exhibit A.  Disclosures under this sub-paragraph are to be made only to the extent necessary to perform such assistance;

7.      any person who authored and/or received the particular CONFIDENTIAL information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular CONFIDENTIAL information sought to be disclosed to that witness.  Any witness testifying in a deposition or hearing may be shown CONFIDENTIAL information of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a

corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the CONFIDENTIAL information was in existence and the witness had access to such CONFIDENTIAL information;

8.      litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in the Lawsuit, and only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

9.      mock jurors, trial consultants, and jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror, trial consultant, or jury consultant who is employed or affiliated with or who knows any person employed by or affiliated with either Party to the Lawsuit; (ii) mock jurors, trial consultants, and jury consultants will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) any such persons first execute the Confidentiality Undertaking in Exhibit A; and

10.     persons who have been retained by a Party to provide translation or interpretation from one language to another, provided that such translators execute the Confidentiality Undertaking in Exhibit A.

B.      Unless otherwise directed by the Court or authorized in writing by the Producing

Party, Discovery Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

1.      counsel of record for the Receiving Party, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

2.      the Parties' respective attorneys (irrespective of whether they are counsel of record in the Lawsuit), including their in-house counsel and regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

3.      Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Lawsuit is pending including any appellate Court, and the jury, if any;

4.      court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Lawsuit;

5.      consultants (not including trial and jury consultants), or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph 1 or 2 of Section V.A to provide assistance in the Lawsuit, provided that any such persons first execute the Confidentiality Undertaking in Exhibit A.  Disclosures under this sub-paragraph are to be made only to the extent necessary to perform such work;

6.      any person who authored and/or received the particular HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the

particular HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information sought to be disclosed to that witness.  Any witness testifying in a deposition or hearing may be shown HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information was in existence and the witness had access to such HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information;

7.      litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in the Lawsuit, and only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

8.      mock jurors, trial consultants, and jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror, trial consultant, or jury consultant who is employed or affiliated with or who knows any person employed by or affiliated with either Party to the Lawsuit; (ii) mock jurors, trial consultants, and jury consultants will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) any such persons first execute the Confidentiality Undertaking in Exhibit A; and

9.     persons who have been retained by a Party to provide translation or interpretation from one language to another, provided that such translators execute the Confidentiality Undertaking in Exhibit A.

## VI.    COURT PROCEDURES

Designated Material may be included with, or referred to in, papers filed with the Court in the Lawsuit only in accordance with the following procedures:

Pursuant to Local Rule 5.4, the party seeking to protect under seal certain documents shall file electronically via CM/ECF a motion to file under seal that sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the "proposed sealed material") with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material. The proposed sealed material shall not be filed unless the Court grants the motion to file under seal. If, prior to the issuance of a ruling on the motion to file under seal, the moving party elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal. If the Court grants the motion to file under seal, then the moving party shall file any pleading, motion, memorandum, or other document that has been authorized to be filed under seal via CM/ECF using events specifically earmarked for sealed civil filings, but if a redacted filing previously has been made or is accompanying the sealed filing, then the material that is being filed under seal shall be filed as an attachment to a "Notice of Sealed Filing" which shall be filed via CM/ECF (using events specifically earmarked for sealed civil filings). The moving party must complete any required service of the sealed filing or Notice of Sealed Filing conventionally, indicating the

corresponding docket number of the sealed filing or Notice of Sealed Filing. Prior to filing any materials under seal, as soon as practicable the filing party shall provide details sufficient for the non-filing party to confirm whether the material is still necessary to file under seal in efforts to avoid unnecessary motion practice.

## VII.   PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

At the written request of the Receiving Party, the Producing Party may agree in writing to allow the Receiving Party to disclose to a specified third party any of the Producing Party's Designated Material identified in the written request.

## VIII.   UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY upon receipt of written notice from the Producing Party.  Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.

However, in the event the material has been distributed in a manner inconsistent with the later-applied designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the persons to whom disclosure was made that the

Producing Party has designated the material as confidential and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court.

## IX.   UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of any discovery material by any Party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such discovery material is privileged or attorney-work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the court, or any other federal or state proceeding.

The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be destroyed or returned to the Producing Party.  Unless the Producing Party claims that the entire document is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed privileged material redacted.

Within five (5) business days of receiving written notice and a copy of the document with claimed privileged material redacted, the Receiving Party shall return or destroy all copies of such document, along with any notes or other work product reflecting the contents of such document, and shall destroy all excerpts thereof.  Upon request of the Producing Party, the Receiving Party of the inadvertent production shall provide an affidavit to the Producing Party that all copies and excerpts, along with any notes or other work product reflecting the contents of such document, and were returned or destroyed.  In any event, all material shall be deleted from any litigation-support or other database. No use shall be made of such materials during

depositions or at trial, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

Return or destruction of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity. If the Receiving Party believes that the document is not subject to the protections of the attorney-client privilege or work product immunity, the Receiving Party will contact counsel for the Producing Party within five (5) business days of receiving written notice from the Producing Party that the document is subject to a claim of attorney-client privilege or work product immunity so that the Parties' counsel may meet and confer on the matter. If the Parties cannot resolve the dispute, they will jointly request an in-camera review of the materials in question by the Court.

The Parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b)(2).

Unless previously waived, the inadvertent disclosure of any documents subject to a privilege or immunity shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

## X.  RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A.      No Limitation of Other Rights

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

B.      **Release From or Modification of This Order**

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information.  This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

C.      **Admissibility and No Admissions**

Nothing herein shall be construed to affect in any way the evidentiary admissibility or relevance of any document, testimony, or other matter at any court proceeding related to this matter.   Neither designation or lack of designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" nor agreeing to treat documents produced under those designations pursuant to this Agreement constitutes any admission or acknowledgement that any such documents or information do or do not constitute trade secrets or proprietary information or do or do not enjoy any other legal status, and is inadmissible for any such purpose.

D.      **Non-Party Request/Subpoena of Designated Material**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party (or, if the Producing Party is not represented by counsel in this Lawsuit, to the Producing Party itself) within ten (10) business days after receipt of the subpoena or other compulsory

process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.  The Receiving Party shall, if allowed by law, forebear from producing such materials or information, interposing, if necessary, any reasonable objections so that the Producing Party may have an opportunity to timely intervene to protect its interests.  If Producing Party within ten (10) days of its receipt of written notice of the subpoena or other compulsory process notifies the Receiving Party of an intent to seek a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party.  In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

### E.    Counsel's Right to Provide Advice

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to the Lawsuit, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

### F.    Privileged and Irrelevant Materials

Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

### G.    Notice

Transmission by overnight courier, facsimile or electronic mail is acceptable for all notification purposes, provided that, with regard to electronic mail, all counsel of record are included on the notification.

## XI.    FINAL DISPOSITION

Within thirty calendar days after the conclusion of this action, the recipients of any Designated Materials must either return or make a reasonable, good-faith effort to delete or destroy the Designated Material. Regardless of anything herein to the contrary, the deletion of electronic copies of Designated Materials of the other party shall be subject to such receiving party's routine data backup policies and retention policies, and that the actual deletion of such electronic copies of the data of the other party (if any) may occur as such backup media is overwritten and as part of such retention policies. However, the parties agree that any Designated Materials contained on back up files shall remain confidential and remain protected pursuant to this Agreement.  The requirement to destroy or return does not extend to attorney work product that is based on any Designated Material.  Upon request, each party's counsel shall confirm in writing to the source party's counsel within thirty calendar days after the conclusion of this action that all copies of Designated Material have been destroyed.

## XII.    TERMINATION

The termination of the Lawsuit shall not automatically terminate the effectiveness of this Order, and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

## XIII.   USE AT TRIAL

This Order is not intended to govern the use of Designated Material at the trial of the Lawsuit.  Procedures governing the use of Designated Material at trial, if necessary, will be established by separate order, pursuant to application by one or more of the Parties to the Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pre-trial conference.

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled Lawsuit is likely to involve the disclosure of confidential information, and good cause appearing,

DONE and ORDERED, in chambers in Miami, Florida, this 1st day of June, 2020

LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

## EXHIBIT A
## CONFIDENTIALITY UNDERTAKING

I, _____, state that:

My business address is _____.

My present employer and job description are _____

_____.

My relationship to the Parties to the above-captioned lawsuit is as follows _____

_____

_____.

I have read and reviewed in its entirety the Protective Order ("Protective Order") entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, Party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20__.

_____
Name