UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-20079-SINGHAL/Louis

BRUCE MUNRO,

    Plaintiff,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., NIGHT GARDEN, LLC,
KILBURN LIVE, LLC, ZHONGSHAN G-
LIGHTS LIGHTING CO., LTD., and
NANETTE M. ZAPATA,

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS OR
MOTION FOR MORE DEFINITE STATEMENT**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Complaint and Motion for More Definite Statement ("Motion") (DE [35]).  The Court has reviewed the Motion, Plaintiff's response in opposition (DE [40]), Defendants' reply in support (DE [42]), as well as the Complaint (DE [1]), the record before the Court, and relevant case law.  Additionally, the parties presented oral argument to the Court on April 9, 2020.  For the following reasons, the Motion to Dismiss is **DENIED**.[1]

**I.     BACKGROUND**

Plaintiff Bruce Munro is an internationally acclaimed artist in England that specializes in light fixtures.  Compl. ¶¶ 1, 14–15.  From 2008 to 2013, he created and exhibited the several works including: "Forest of Light," "River of Light," "Field of Light,"

---

[1] The Court has reviewed and assessed the Motion for a More Definite Statement.  The motion is **DENIED** without further comment.

"Fireflies," "Water-Towers," and "Brass Monkeys" (collectively, "Works"). *See id.* ¶¶ 28–34. Each of the Works is federally registered under United States copyright law and protected internationally under the Berne Convention. *Id.* ¶ 34. He has not authorized or licensed any exploitation of the works or their associated copyrights. *Id.* ¶ 36.

Munro brings this action for copyright infringement and violations of copyright management information against Defendants arising in connection with, what he alleges was, unauthorized commercial exploitation and appropriation of the Works. *Id.* ¶ 8. Specifically, he alleges Defendants imported, installed, and publicly displayed "visually indistinguishable copies" of his original sculptural artwork for a for-profit public event called the "NightGarden" in Coral Gables, Florida, for which they advertised using images of those replicas. *Id.* ¶ 53. In an area of NightGarden titled "Mystic Mushrooms," Munro claims Defendants displayed lights that unlawfully replicated his protected works. *Id.*

He alleges Defendant G-Lights Lighting Co., Ltd. ("G-Lights") continues to make, sell, advertise for sale, and import into the United States unauthorized infringing copies and derivatives of the Works. *Id.* ¶ 37. G-Lights maintains multiple online stores in the United States market that sell the unauthorized copies and derivatives of the Works. *Id.* ¶ 38. Attached to the Complaint, Munro has included screenshots of the online stores. *See* Exs. C–F to Compl. (DE [1-13]–[1-16]). For example, in Exhibit C to the Complaint, he has attached a screenshot of the online store that sells and advertises "Forest of Light," "River of Light," and "Field of Light." *See* Ex. C to Compl. (DE [1-13]). In total, Munro has attached to the Complaint a comprehensive—and seemingly exhaustive—trove of screenshots from online stores where G-Lights allegedly copies and, without permission, sells replicas of the Works. *See also* Compl. ¶¶ 46–50 (explaining in detail the ways

2

Defendants—specifically G-Lights—has copied the Works, including descriptions and physical layouts of the lighting).

## II.  LEGAL STANDARD ON A MOTION TO DISMISS

"'When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. City of Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Worthy*, 930 F.3d at 1217 (quoting *Iqbal*, 556 U.S. at 678). The Court is guided by the well-known principle that, on a motion to dismiss for failure to state a claim, the Court assumes all well-pleaded allegations in the Complaint are true and views them in the light most favorable to the plaintiff. *Jackson v. Okaloosa Cty.*, 21 F.3d 1532, 1534 (11th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this pleading requirement, a complaint must plead facts that would satisfy the elements of a claim. *Iqbal*, 556 U.S. at 679. Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007).

### III.     DISCUSSION

"Not all copying . . . is copyright infringement." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To make a prima facie case for copyright infringement, a plaintiff must allege two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.*

#### A.     Ownership of a Valid Copyright

Generally, an "author has a valid copyright in an original work at the moment it is created—or, more specifically, fixed in any tangible medium of expression." *Orig. Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 823 n.1 (11th Cir. 1982). A work is "original" if it exhibits a "minimal degree of creativity." *Feist Publ'ns*, 499 U.S. at 345. "Whether a work is sufficiently original to warrant copyright protection is a question of fact." *Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1409 (11th Cir. 2015).

Defendants argue Munro has failed to allege *specific* copyright protection for any of the Works except "Field of Lights." Indeed, upon reviewing the complaint, the Court notes Munro specifically alleges a United States copyright registration for Field of Lights, *see* Compl. ¶ 32, and then alleges only general facts about the other works' copyright protection. But this is sufficient at this stage of the action; Defendants seek to hold the complaint up to a standard substantially more exacting than Rule 8(b) requires. *See Am. Inst. of Physics v. Schwegman Lundberg & Woessner, P.A.*, 2012 WL 3799647, at *3 (D. Minn. July 2, 2012) ("Plaintiffs have alleged that Defendants copied their protected works; they need not suffuse their Complaint with details regarding when, or the precise manner in which, such copying occurred.").

Defendants further argue that Munro fails to allege a valid copyrightable element in the Works because, in their interpretation of the Copyright Act, only "pictorial, graphic, and sculptural works" are protected. *See* 17 U.S.C. § 102(a)(5). Munro responds to this argument, reframing it as Defendants' "dismissive" attempt to disparage the Works as "not art." The Court declines to enter this tit for tat; it does not speak to the Court's role in adjudicating matters agreeable to the Constitution and laws to determine what "is art." Suffice it to say, the Works are protectable under the Copyright Act as sculptures.[2]

### B.   Copying of Constituent Elements of the Work

To show the second prong, the complaint ordinarily should indicate that (1) defendants had access to the copyrighted work, and (2) the works are so "substantially similar" that "an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Calhoun v. Lilenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002). "Access" is present if the defendant had a "reasonable possibility of viewing plaintiff's work—not a bare possibility," *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1250 (11th Cir. 1999), and "may be inferred from wide dissemination" of plaintiff's work, *Olem Shoe Corp. v. Wash. Shoe Co.*, 2011 WL 6202282, at *16 (S.D. Fla. Dec. 1, 2011). Determining whether two works are substantially similar usually warrants a side-by-side comparison to identify whether the protected elements and elements in the allegedly infringing work are so alike that a layperson would view the two works as

---

[2] Munro cites to *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 591 (8th Cir. 2018). There, the Eighth Circuit Court of Appeals wrote, "Munro's light-based artwork and installations are sculptures and, as such, are copyrightable." However, Munro's cherry-picking this quotation is slightly out of context. In that case, it was *the defendant* that argued Munro's works were copyrightable, persuading the circuit court of a federal-law preemption issue. Because "Munro d[id] not contest that his works fall within the subject matter of copyright," the court found "that Munro's claim meets the first element of preemption." *Id.*

substantially similar.  *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576–77 (5th Cir. 2003).

Munro has satisfied this second prong.  The Complaint includes factual allegations and examples by way of photographs of NightGarden's replicas.  These examples show, as Munro argues, displays that are highly comparable to his works.  As the case law instructs, the best assessment on a motion to dismiss is a simple side-by-side comparison of the original works and the replica works.  *Feist Publ'ns*, 499 U.S. at 345; *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1348 (5th Cir. 1994) (holding that the "copying" prong is demonstrated through either access plus substantial similarity, "striking similarity," or a simple side-by-side comparison where the allegedly infringing work extensively copies the subject work almost verbatim).

For the foregoing reasons, the motion to dismiss is **DENIED**.  Defendants are **ORDERED** file an answer to the Complaint within fourteen (14) days from the date of this order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of July 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF