**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.:  1:20-cv-20079-SINGHAL/LOUIS**

BRUCE MUNRO,
And BRUCE MUNRO LTD

               Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., NIGHT GARDEN, LLC,
KILBURN LIVE, LLC, ZHONGSHAN G-
LIGHTS LIGHTING CO., LTD., AND
NANETTE M. ZAPATA, et al

               Defendants.

<u>**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED**</u>
<u>**COMPLAINT**</u>

      Defendants, FAIRCHILD TROPICAL BOTANIC GARDEN, INC., NANNETTE M. ZAPATA, KILBURN LIVE, LLC, NIGHT GARDEN, LLC,  KILBURN MEDIA LLC, MARK C. MANUEL, IMAGINER LTD, IMAGINER INC., and MAX PAINTER ("Defendants") respond to the Amended Complaint [DE 69] as follows:

<u>**PARTIES**</u>

      1.      Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

      2.      Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies it.

      3.      Admitted.

4.      Admitted only that Zapata works and resides in Miami and has already appeared in this action. Admitted that Zapata has been Chief Operating Officer since at least 2014. Admitted only that Zapata at was previously director of marketing. Otherwise, denied.

5.      Admitted.

6.      Denied that K-Live has committed torts within this state. Otherwise Admitted.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

8.      Admitted as to Kilburn Media's address and registered agent listed in this paragraph. Otherwise, denied.

9.      Admitted only that Manuel is the CEO of Kilburn entities and is an individual that resides in California. Otherwise, denied.

10.     Admitted only that Imaginer Ltd is a United Kingdom private limited company. Otherwise, denied.

11.     Admitted only that Imaginer Inc. is a California corporation and can be served via the addresses indicated. Otherwise, denied.

12.     Admitted only that Painter is the Chief Executive Officer of Imaginer Inc. and Imaginer Ltd. Otherwise, denied.

## NATURE OF THE CLAIMS

13.     Admitted that Defendants Fairchild, Zapata, NGL, K-Live, K-Media, Manuel, Imaginer and Painter have conducted business in this District. Otherwise, denied.

14.     Admitted only that Plaintiff purports to bring a claim for copyright infringement, contributory infringement, and violations of copyright management information. Otherwise, denied.

## JURISDICTION AND VENUE

15.     Admitted for jurisdictional purposes only.

16.     Admitted for jurisdictional purposes only. Denied that Defendants committed or are committing infringing and other illegal acts.

17.     Admitted for venue purposes only.

18.     Denied.

## CONDITIONS PRECEDENT

19.     Denied because Plaintiffs have failed to obtain timely United States Registrations.

## BACKGROUND FACTS

### A.      Internationally-Acclaimed Artist Bruce Munro

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

21.      Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

**B. Munro's Copyrighted Works & Copyright Management Information**

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

36.     Denied.

**1.   UK Work #1: Field of Light (Long Knoll, Wilshire, UK 2004)**

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

38.     Denied that the work is not a useful article or utilitarian object. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

39.     Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

40.     Denied.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

**2.  UK Work #2: Field of Light (Eden Project, Cornwall UK 2008)**

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

43.     Denied that the work is not a useful article or utilitarian object. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

44.     Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

45.     Denied.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

### 3. UK Work #3: Fireflies (Residential Installation, UK 2008) & (Arrow Spring, Longwood Gardens, PA 2012) & (Arrow Spring, The Hermitage, TN 2014)

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

48.     Denied that the work is not a useful article or utilitarian object. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

### 4. UK Work #4: Water Towers (Salisbury Cathedral, Wiltshire UK 2010)

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

### 5. UK Work #5: Field of Lights (Holburne Museum, Bath, UK 2011)

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

55.     Denied that the work is not a useful article or utilitarian object. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

56.     Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

57.     Denied.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

**6.  UK Work #6: Brass Monkeys (Royal United Hospital, Bath, UK 2012)**

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

**7.  US Registered Work #1 Forest of Light (Longwood Gardens, PA 2012)**

60.      Defendants admit that Munro has purportedly registered Forest of Light Work with the United States Copyright Office and has attached a United States Registration Certificate as Exhibit A. As to the other allegations in paragraph 60, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

61.     Denied that the work is not a useful article or utilitarian object. Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

62.     Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

63.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

64.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

**8.  US Registered Work #1 Field of Light (Longwood Gardens, PA 2012)**

65.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

66.    Denied that the work is not a useful article or utilitarian object. Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

67.    Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

68.    Denied.

69.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

**9.  UK Work #8 River of Light (Waddesdon, UK 2013)**

70.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

71.    Denied that the work is not a useful article or utilitarian object. Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or

information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

72.     Denied that the work reflects non-utilitarian artistic choices. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

73.     Denied.

74.     Admitted only that Plaintiff purports to own a United States Copyright Registration covering the *Forest of Light* work. Defendants deny that Plaintiff has any United States registrations on any other works. Otherwise, denied.

75.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

76.     Admitted that Plaintiff has attached Exhibit B1-B11 purporting to include photographs of Munro's works. Defendants deny that any images contained in that Exhibit form the basis for any claims or are at issue against Defendants. As to all other allegations, denied.

77.     Defendants deny that they have exploited any Munro Works. As to all other allegations, denied.

**B.  Defendants' Infringing and Illegal Acts.**

78.     Defendants admit that the NightGarden event season 1 ran from November 2018 - January 2019 and season 2 ran from November 2019 – January 2020. Defendants also admit that the NightGarden took place at Fairchild's Coral Gables facility. Defendants admit only that G-Lights provided some material for NightGarden. As to all other allegations, denied.

79.     Denied.

80.     Denied.

1.   **Supervisory authority and liability for defendants' NightGarden activities.**

81.    Admitted that Fairchild operates and tropical botanic garden. Admitted that Fairchild and K-Live contracted to put on the NightGarden. As to all other allegations, denied.

82.    Denied.

83.    Admitted that Painter was the "creative director" for the NightGarden through Imaginer. As to all other allegations, denied.

1.   **Overview of Defendants' copyright infringements**

84.    Denied.

85.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

86.    Denied as to the allegation that Defendant exploited any rights. Admitted that Defendants have not received "permission" from Munro or Studio.

87.    Denied.

2.   **Defendants had prior knowledge of an earlier access to Munro's Works.**

88.    Denied.

89.    Defendants lack knowledge or information sufficient to form a belief about the truth of all of these allegations and, therefore, deny them.

90.    Zapata admits only that she exchanged emails in 2014 with individuals regarding Munro generally. As to the allegations regarding the Studio shipping copies of Munro's 2013 books, Zapata lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them. As to all other Defendants, Defendants lack knowledge or information sufficient to form a belief about the truth of all of these allegations and, therefore, deny them.

91.     Denied.

92.     Admitted that certain Defendants received a letter from Munro's Counsel in November 2019. Otherwise, denied.

93.     Denied.

**3.   Overview of Defendants' CMI violations**

94.     Defendants deny the allegations pertaining to the existence of any CMI forming the basis for this lawsuit. As to other allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of all of these allegations and, therefore, deny them.

95.     Admitted only that Defendants' own works did not contain Munro CMI. As to all other allegations, denied.

96.     Denied.

**4.   Pre-opening April 2018 pitch-deck violations (Manuel, Painter, K-Media, K-Live, Imaginer)**

97.     Admitted that Imaginer created a pitch-deck for internal use in or around April 2018 that included the language "The Nightgarden concept overview" and "featuring nature-inspired immersive art installations." Also admitted that the contact page lists "Mark C. Manuel, CEO, Kilburn Media" and "Max Painter, Director, Imaginer." Admitted that "Imaginer" appears in a header. Also admitted that the pitch-deck was emailed. Otherwise, denied.

98.     Admitted only that Figure 19 appears to depict a page from Imaginer's April 2018 pitch-deck. Otherwise, denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

**5.   Pre-opening August 2018 pitch-deck violations (Manuel, Painter, K-Live, Imaginer, Fairchild, Zapata)**

103.    Admitted that on July 27, 2018 Kilburn Live and Fairchild entered into a written agreement governing the NightGarden event for three (3) years. Admitted that since that date, Kilburn Live and Fairchild have worked together on the NightGarden event. Otherwise, denied.

104.    Admitted that in or around August 2018 Imaginer created a pitch-deck regarding the NightGarden project. Admitted that the pitch-deck and one email is located at Bates number listed in this paragraph. Otherwise, denied.

105.    Admitted that Figure 20 appears to be one page from an August 2018 pitch deck. Otherwise, denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

**7.   G-Lights violations and Defendants' importation activities[1]**

113.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

---

[1] This sub-heading is numbered 7, although there is no number 6 listed in the Amended Complaint.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to G-Lights. Otherwise, denied.

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to G-Lights. Otherwise, denied.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

120.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

122.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

123.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations (and all sub-parts) and, therefore, deny them.

125.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

126.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

127.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

129.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, deny them.

130.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to G-Lights and Tennessee residents. Otherwise, denied.

**8.  *NightGarden* Season 1 violations**

131.    Denied.

132.    Admitted only that Figure 24 and Figure 25 depicts in part a Twitter user account displaying the name Nannette M. Zapata  on November 18, 2018 and November 29, 2019 that tagged @Fairchildgarden and @nightgardenexperience. Otherwise, denied.

133.    Denied.

134.    Admitted that Season 1 of the NightGarden opened to the public around November 23, 2018 and concluded on January 6, 2019. Otherwise, denied.

135.    Denied.

136.    Denied.

137.    Denied that any CMI belonging to Munro existed, was removed or altered related to NightGarden installation or Twitter posts. Otherwise, denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

**9.  *NightGarden* Season 2 violations**

142.    Admitted that from roughly November 15, 2019 to January 11, 2020 the NightGarden event took place at Fairchild facility. Otherwise, denied.

143.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations pertaining to G-Lights' Alibaba site, and therefore deny same. Otherwise, denied.

144.    Admitted only that Figure 30 appears to be a screenshot of the @nightgardenexperience Instagram social media page. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny same.

145.    Admitted only that Figure 36 appears to be a screenshot of the @nightgardenexperience Instagram social media page. Regarding Figure 37 and allegations pertaining to unknown third-party internet posts, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny same. Otherwise, denied.

146.    Admitted only that Kilburn and Fairchild have promoted NightGarden events via in-person and online media. Otherwise, denied.

147.    Admitted that Fairchild's website www.fairchildgarden.org listed the NightGarden as an event occurring at Fairchild facility. Admitted that Fairchild's website prior to and during NightGarden events pointed to www.thenightgarden.com ticketing website. Otherwise, denied.

148.    Admitted only that Figure 39 depicts a guide map that was given out to attendees on site at the NightGarden event. Otherwise, denied.

149.    Admitted only that Munro's name does not appear on the guide map, www.thenightgarden.com website, Fairchild website and display at NightGarden events. Admitted that the guide map displayed the term *Mystic Mushrooms*. As to allegations regarding G-Lights, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny same. Otherwise, denied.

150.    Denied.

151.    Zapata and Fairchild admits only that Zapata communicated with Munro Studio personnel in 2014. As to all other Defendants, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny same. Otherwise, denied.

152.    Denied.

153.    Denied.

154.    Denied.

## COUNT I – COPYRIGHT INFRINGEMENT

155.    Defendants repeat the responses to paragraphs 1-154 as if set forth fully herein.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny same.

162.    Denied.

163.    Denied.

164.    Denied.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

165.    Defendants repeat the responses to paragraphs 1-164 as if set forth fully herein.

166.    Denied.

167.    As to G-Lights, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny same. Otherwise, denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

## COUNT III – COPYRIGHT MANAGEMENT INFORMATION VIOLATIONS

174.    Defendants repeat the responses to paragraphs 1-173 as if set forth fully herein.

175.    Denied.

176.    As to G-Lights, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny same. Otherwise, denied.

177.    Denied.

178.    Denied.

## INJUNCTIVE RELIEF

179.    Denied.

Defendants admit Plaintiffs have demanded a trial by jury. Defendants deny that Plaintiffs are entitled to any relief contained in the Prayer for relief (and all sub-parts) included below paragraph 179.

## AFFIRMATIVE AND OTHER DEFENSES

Further responding to the Complaint, Defendants assert the following defenses. Defendants do not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Defendants do not in any way waive or limit any defenses that are or may be raised by its denials, allegations and averments set forth herein. These defenses are pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses and are raised without prejudice to Defendants' ability to raise other and further defenses. Defendants reserve the right to amend, supplement and/or otherwise modify this Answer, including without limitation the right to assert additional affirmative defenses that become known to Defendants through discovery or otherwise.

1.    Plaintiffs' claims are barred by the doctrine of unclean hands because they base the claims of infringement on information and belief and not based in law or fact.

2.    Plaintiffs' contributory infringement claims are barred because corporate individuals cannot be contributorily liable for the actions of his or her own company.

3.    Plaintiffs' claims are barred to the extent that Plaintiff does not own valid copyright registrations over the fixtures because the alleged copyrights are invalid due to un-protectible subject matter.

4.      Plaintiffs' claims are barred to the extent they are based on photographs because Plaintiffs did not create and otherwise do not own valid copyright registrations on photographs complained of.

5.      Plaintiffs' claims are barred to the extent that copyright registration certificates have not been issued for at least *Field of Light, River of Light* and *Fireflies* claimed works.

6.      Plaintiffs' claims are barred to the extent that some or all of the copyrights and/or rights to the material were not assigned to Plaintiffs.

7.      Plaintiffs are not entitled to attorneys' fees or statutory damages for the one registered work at issue insofar as Defendants' alleged use began prior to registration, and the works at issue were registered more than 90 days after publication.

8.      Plaintiffs are not entitled to attorneys' fees or statutory damages over any UK work at issue.

9.      Plaintiffs' claimed works consist of elements that are not original or are in the public domain and, therefore, are not protectable under copyright law.

10.      Plaintiffs' claimed works are considered useful articles not capable of copyright protection in the United States.

11.      Plaintiffs' claims are barred because the *Forest of Light* copyright registration is invalid, and the works were not registered within five years of publication.

12.      Plaintiffs' claims are barred under the fair use doctrine because any use by Defendants was transformative and otherwise each element of 17 U.S.C. § 107 favors Defendants.

13.    Plaintiffs' claims are barred because of copyright misuse in that Plaintiffs wrongfully attempt to extend the limited monopoly granted over works by the United States Copyright Act.

14.    Any use by Defendants of the works at issue was innocent and in good faith and without any intent to infringe any copyright.

15.    Plaintiffs may have failed to join indispensable parties such as a China-based manufacturer and/or vendor selling light fixtures at issue in this lawsuit.

16.    Plaintiff's claimed damages (if any) are subject to a reduction or setoff for amounts claimed from others.

17.    Plaintiffs' claimed damages (if any) are subject to remittitur because of Defendants' innocence.

18.    Plaintiffs' recovery (if any) must be limited to damages relating to actual use (if any) of Plaintiffs' registered works.

19.    Insofar as Plaintiffs seek Defendants' profits (if any), Plaintiffs are not entitled to recover any profit attributable to factors other than the works allegedly copied from Plaintiffs' claimed works.

Defendants reserve the right to assert additional defenses or affirmative defenses as they may become apparent or available.

WHEREFORE, Defendants FAIRCHILD TROPICAL BOTANIC GARDEN, INC., NANNETTE M. ZAPATA, KILBURN LIVE, LLC, NIGHT GARDEN, LLC,  KILBURN MEDIA LLC, MARK C. MANUEL, IMAGINER LTD, IMAGINER INC., and MAX PAINTER request that the Amended Complaint be dismissed; that Plaintiffs take no relief from

their Amended Complaint; that Defendants be awarded their costs and reasonable attorneys'

fees; and that Defendants be granted such other and further relief as is proper.

Dated: August 5, 2020.

Respectfully submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady** _____
Deanna K. Shullman (Florida Bar No. 514462)
dshullman@shullmanfugate.com
Allison S. Lovelady (Florida Bar No: 70662)
alovelady@shullmanfugate.com
Giselle M. Girones (Florida Bar No. 124373)
ggirones@shullmanfugate.com
Shullman Fugate PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Phone: 561-614-2592
*Attorneys for Defendants*