UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

             Plaintiffs,

  v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

             Defendants.

DEFENDANTS'[1] RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE AFFIRMATIVE AND OTHER DEFENSES (DE [76])

Defendants file this response in opposition to Plaintiffs' Motion to Strike Affirmative

Defenses (DE [76]). Plaintiffs failed to meaningfully confer prior to filing and squarely

misconstrue the requirements for pleading defenses and denials in this district. Their motion

should be denied.

I.       BACKGROUND

On January 8, 2020, Plaintiff Bruce Munro initiated this action against Defendants

Kilburn Live, LLC, Night Garden, LLC, Fairchild Tropical Botanic Garden, Inc., and Nannette

M. Zapata. (DE [1]). In his complaint, Munro sought to hold defendants liable for direct

infringement, contributory infringement, and Digital Millennium Copyright Act ("DMCA")

violations.

---

[1] The term "Defendants" for purposes of this response refers to all defendants in this case except
for Defendant Zhongshan G-Lights Lighting Co., Ltd., which has defaulted. (DE [44]).

On July 22, 2020, Plaintiff Bruce Munro filed a First Amended Complaint ("FAC") to add his studio Bruce Munro Ltd. as a party plaintiff, and to add Kilburn Media, LLC, its CEO Mark C. Manuel, as well as entities Imaginer Ltd. and Imaginer Inc., and their CEO Max Painter, as party defendants. (DE [69] ¶¶ 8–12, 83).

Plaintiffs raise three counts in the FAC: direct infringement, violations of the DMCA, and most problematically contributory infringement claims against certain corporate officers for the direct infringement of their own companies. (*Id.* at ¶¶ 81–83, 168). Specifically, the FAC alleges Defendants used light bulbs and fiber-optic lights similar to Plaintiffs' alleged works during an immersive light event at Fairchild Tropical Botanic Garden called *NightGarden*. (*Id.* at ¶¶ 78–79). Plaintiffs do not allege that Defendants used Plaintiffs actual works.

Plaintiffs' claims are supported by one alleged registered United States work, a series of alleged unregistered United Kingdom works, and other potential unspecified works. (*Id.* at ¶ 14) (providing a non-exhaustive and open-ended definition of "Works").

Defendants answered the FAC on August 5, 2020. (DE [71]). Therein, they asserted 19 affirmative defenses and specific denials. (*Id.* at 18–19). In response, Plaintiffs have moved to strike every single affirmative defense and specific denial. Plaintiffs' motion appears to be brought primarily because Plaintiffs simply disagree with the asserted defenses. Their motion fails because Plaintiffs did not meaningfully confer with Defendants, misapprehend the pleading requirements for affirmative defenses and specific denials in this district, and failed to argue or demonstrate prejudice.

## II.      ARGUMENT

### A.  <u>Legal Standard</u>.

Relief under Rule 12(f) is "a drastic remedy that is generally disfavored and motions to strike affirmative defenses should be denied unless it is clear that the defenses could not succeed under any circumstances." *Equal Employment Opportunity Comm'n v. Univ. of Miami*, No. 19-CV-23131, 2020 WL 2739711, at *2 (S.D. Fla. May 22, 2020) (Louis, Mag. J.) (citation omitted). The movant bears a heavy burden to demonstrate either that the defense on its face is "patently frivolous" or it is "clearly invalid as a matter of law." *Id.* (citation omitted). An affirmative defense is invalid as a matter of law only if "the defendant cannot succeed under any set of facts that it could prove." *Id.* (citing *Equal Employment Opportunity Comm'n v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980)). Where a defense "puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice on the movant." *Id.*

Plaintiffs cannot meet their heavy burden. Their motion should be denied because Plaintiffs have <u>failed</u> to meaningfully confer in good faith. As to the substance of the defenses, Plaintiffs cannot demonstrate that the affirmative defenses are patently frivolous or clearly invalid and, in any event, cannot establish prejudice.

### B.  <u>Plaintiffs Failed to Meaningfully Confer in Good Faith</u>.

As a threshold matter, this Court should decline consideration of Plaintiffs' motion and/or impose monetary sanctions because they did not meaningfully confer in good faith prior to filing the motion. Local Rule 7.1(a)(3) requires parties to make "a good faith effort to resolve by agreement the issues to be raised in the motion." *Lyew v. Homebanc Mortg. Corp.*, No. 06-61045-CIV, 2006 WL 8431568, at *1 (S.D. Fla. Oct. 17, 2006) (citing Local Rule 7.1(a)(3)). The

rule "mandates more than simply notifying opposing counsel that a motion will be filed." *Id.* Compliance with the rule is "mandatory and serves an important purpose. . . . [T]he purpose of the pre-filing conference is to avoid seeking relief unnecessarily, thereby avoiding waste of effort by the parties and the court." *Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV, 2018 WL 2198457, at *3 (S.D. Fla. May 14, 2018) (quoting *Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik Ve Dis Ticaret Ltd. Sirketi v. Terminal Exch., LLC*, No. 09-80720-CIV, 2009 WL 10668748, at *4 (S.D. Fla. Dec. 9, 2009)). Local Rule 7.1(a)(3) warns litigants that failure to comply with the rule's requirements may be cause to deny their motion and impose sanctions on counsel, including payment of the "the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." L.R. 7.1(a)(3); *see Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *4 (S.D. Fla. Oct. 10, 2013) (ordering movant to pay $350 to compensate the nonmoving party for unnecessarily expended time). Here, Plaintiffs' counsel failed to meaningfully comply with Local Rule 7.1(a)(3). Tellingly, they fail to include a certificate in their motion. *Hernandez*, 2018 WL 2198457, at *3 (the certificate is required, and it must state "with specificity" the date, time, and manner of each effort to confer). Had they drafted a certificate, it could not have included more than this singular and vague attempt to confer:

> I'm writing to confer regarding the recently filed Defendants' Answer and Defenses to Plaintiffs' Amended Complaint (D.E. 71).
>
> Please let us know by Thursday, August 20 whether you will withdraw defendants' "affirmative and other defenses," D.E. 71, at pp. 18-20, which do not meet applicable pleading standards and which we therefore intend to move to dismiss and/or strike if not withdrawn.

Correspondence, attached hereto as **Exhibit 1**. In response, Defendants' counsel wrote: "Carl, if there are specific defenses you take issue with, please list those and we will take a look." *Id.* Plaintiffs' counsel never responded and instead filed a motion to strike every single defense.

Plaintiffs failed to meaningfully confer prior to filing their motion, forcing Defendants to incur unnecessary time and expense responding to a motion that – at a minimum – could have been narrowed. Accordingly, Defendants respectfully request that this Court deny Plaintiffs' motion, impose a monetary sanction against Plaintiffs' counsel, and take any other action that the Court deems appropriate under these circumstances.

### C. __Plaintiffs Cannot Meet Their Burden Under Rule 12(f).__

To the extent the Court considers the motion, it should be summarily denied because Plaintiffs fail to address or demonstrate any prejudice to them. *Univ. of Miami*, 2020 WL 2739711, at *2. In addition, Plaintiffs also cannot demonstrate that the pleaded defenses and denials are patently frivolous or clearly invalid as a matter of law. *Id.*

### __First Defense (Unclean Hands)__

Plaintiffs argue that the first defense (unclean hands) should be stricken because Defendants do not plead a direct relationship and personal injury as required under *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446 (11th Cir. 1993). Pls.' Mot. 4. In addition to Plaintiffs' claims being supported by "information and belief" (DE [69] ¶¶ 143, 158–59, 176–77), Plaintiffs have brought infringement claims for light works that have already been rejected by the United States Copyright Office as unprotectible "useful articles." Accordingly, Plaintiffs' actions are causing Defendants harm – personally and professionally – to defend against such claims. Plaintiffs' actions also cause Defendants to face potential exposure to statutory damages and attorneys' fees for infringement that otherwise would not be available absent Plaintiffs' wrongdoing. To the extent this Court finds that the defense does not satisfy *Calloway*, Defendants request leave to replead it to add additional facts supporting this defense.

**Second Defense (Contributory Infringement)**

Plaintiffs argue that Defendants' second defense (contributory infringement) should be stricken because it negates their prima facie case and is not an accurate statement of law. Pls.' Mot. 4–5. These arguments both fail.

*First*, where a defense is in fact a denial of the claims being asserted "the proper remedy is not to strike the claim, but rather to treat it as a specific denial." *Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-CV-22364-UU, 2015 WL 12658275, at *3 (S.D. Fla. Dec. 4, 2015) (quoting *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, Case No. 10-20357-CIV, 2010 WL 3368658, at *2 (S.D. Fla. Aug. 24, 2010)); *see also Hilson v. D'more Help, Inc.*, No. 15-CIV-60155, 2015 WL 5308713, at *2 (S.D. Fla. Sept. 11, 2015). Moreover, a specific denial "serves the laudable purpose of placing Plaintiffs and the Court on notice of certain issues Defendants intend to assert against Plaintiffs' claims." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, Mag. J.).

Defendants agree that the second defense is a specific denial[2] but disagree that the remedy is to strike it. Plaintiffs' desired remedy runs afoul the majority view on specific denials, particularly because they have not alleged any prejudice. *Hilson*, 2015 WL 5308713, at *2 (citing *Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1–2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the

---

[2] In fact, Defendants acknowledge that not all their defenses are affirmative defenses. The response to the FAC is called an "Answer and Defenses," and the section including affirmative defenses is called "Affirmative and Other Defenses." (DE [71] at 1, 18).

6

promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader.").

*Second*, Defendants accurately state the law for contributory infringement—that "corporate individuals cannot be contributorily liable for the actions of his or her own company." (DE [71] at 18). Plaintiffs allege in the FAC that Zapata, as an officer of <u>Fairchild</u> "actively and materially controlled, directed, participated in, facilitated, and approved the <u>Fairchild</u> NightGarden-related conduct underlying the stated claims against <u>Fairchild</u>, and may be held contributorily liable for <u>its</u> NightGarden-related activities." (DE [69] ¶ 81) (emphasis supplied). They allege that Manuel, an officer, "owner, and controlling person" of <u>Kilburn</u> "actively and materially controlled, directed, participated in, facilitated, and approved the [<u>Kilburn entities</u>'] NightGarden-related conduct underlying the stated claims against those entities, and may be held contributorily liable for <u>those entities</u>' NightGarden-related activities." (*Id.* at ¶ 82) (emphasis supplied). And they further allege that Painter, an officer, "owner, and controlling person" of <u>Imaginer</u> "actively and materially controlled, directed, participated in, facilitated, and approved all <u>Imaginer</u> conduct underlying the stated claims against <u>Imaginer</u>, and may be held contributorily liable for <u>Imaginer's</u> NightGarden-related activities, and Imaginer may be held vicariously liable for Painter's activities." (*Id.* at ¶ 83) (emphasis supplied).

The Eleventh Circuit has held that this type of allegation does not meet the threshold for contributory infringement because corporate officers cannot be liable for inducing, causing, or materially contributing to the infringing conduct of their <u>own</u> company. *See Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-CV-22134-UU, 2016 WL 5951808, at *12 (S.D. Fla. June 2, 2016) (quoting *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990) (claim must include infringing conduct of a third party); *see also 43 N. Broadway LLC v.*

*Essential Media Grp. LLC*, No. 17-24518-CV, 2018 WL 2864014, at *2–3 (S.D. Fla. June 11, 2018) (finding Plaintiffs' <u>exact</u> claim would be "subject to dismissal" and "legally impossible" because the corporate officers and corporate defendants are "one and the same").

To support their position, Plaintiffs rely on caselaw that goes to either direct or vicarious liability, and not to contributory infringement. *See* Pls.' Mot. 5; *see also Stenograph, LLC v. Advantage Software, Inc.*, No. 99-6685-CIV, 2006 WL 8433063, at *22 (S.D. Fla. Nov. 30, 2006) (describing *Southern Bell*, which uses the language "supervise," as the standard for vicarious liability); *Broad. Music, Inc. v. Cool Hand Entm't, LLC*, No. 8:15-CV-289-T-36TBM, 2016 WL 7732707, at *3 (M.D. Fla. July 5, 2016) (citing *Southern Bell* in the vicarious liability context). Either way, *Southern Bell* clearly precedes *Cable/Home*, which requires third-party conduct for contributory infringement. *See Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*, No. 8:08-CV-1227-T-30EAJ, 2009 WL 10670735, at *3 (M.D. Fla. Nov. 25, 2009) (using the "supervise" standard for vicarious infringement but *Cable/Home*'s "conduct of another" standard for contributory infringement). Plaintiffs therefore cannot meet their burden to show that the second defense is either patently frivolous or invalid as a matter of law.

### Third, Ninth, Tenth, and Eleventh Defenses (Validity and Protectability)

Plaintiffs complain that the third defense (alleged copyrights are invalid due to unprotectible subject matter) and eleventh defense (invalid registration and works not registered within five years of publication) (DE [71] at 18–19) are insufficient because they attack Plaintiffs' prima facie case and do not meet the heightened pleading standard under Rule 8(a). Pls.' Mot. 5–6, 11–12. Plaintiffs make the same arguments as to Defendants' ninth and tenth defenses (that the works are not original, are in the public domain, or are useful articles and therefore are not protectable under copyright law). *Id.* 10–11; (DE [71] at 19). And Plaintiffs also

argue that Defendants "provide no basis for their speculative assertion that copyright is required to be registered within five years to be eligible for registration (which it isn't)." Pls.' Mot. 11–12. This Court should easily dispense with these arguments.

*First,* the defenses are specific denials that should not be stricken. *Hydentra*, 2015 WL 12658275, at \*3; *Hilson*, 2015 WL 5308713, at \*2. Plaintiffs rely on an out-of-district case for the proposition that such denials should be stricken, *see* Pls.' Mot. 6, but striking a defense or denial is a drastic remedy that is disfavored, *see Univ. of Miami*, 2020 WL 2739711, at \*2, especially where it serves the laudable purpose of providing notice, *see Ramnarine*, 2013 WL 1788503, at \*4. This Court should not accept Plaintiffs' invitation, especially where they have not alleged "any substantial prejudice." *Langkau*, 2006 WL 2355571, at \*2.

*Second*, Defendants are only required to give "notice" under Rule 8(b)(3) for specific denials.[3] Rule 8 does not obligate a defendant to set forth detailed factual allegations, only to "give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226-MP-GRJ, 2012 WL 2377840, at \*3 (N.D. Fla. June 25, 2012) (quotation marks and citations omitted). If the defenses give notice of the claims

---

[3] Plaintiffs rely on an array of nonbinding decisions interpreting Rule 8's pleading standard that this Court should not entertain. *See* Pls.' Mot. 2–3. Although the Eleventh Circuit has not weighed in, courts in this district routinely do not hold affirmative defenses (in addition to denials) to the Rule 8(a) pleading standard that Plaintiffs demand. *See McKay v. Miami-Dade Cty.*, No. 20-20638-CIV, 2020 WL 2198094, at \*1 (S.D. Fla. May 6, 2020) (citing *Ramnarine*, 2013 WL 1788503, at \*2–3 (noting (i) the differences between Rule 8(a) for claims for relief and Rule 8(c) governing affirmative defenses and (ii) that *Twombly/Iqbal* jurisprudence does not govern affirmative defenses)); *see also Ayca v. Seven C's Building Maintenance Inc. et al.*, No. 1:20-CV-20224-Bloom/Louis, 2020 WL 2513105, at \*4 (S.D. Fla. May 15, 2020) (noting that the court has routinely concluded that affirmative defenses are not subject to the heightened *Twombly/Iqbal* pleading standard). Instead, affirmative defenses "need only provide fair notice of the nature of the defense and the grounds upon which it rests." *Ayca*, 2020 WL 2513105, at \*4 (citation and quotation marks omitted).

the defendants will litigate, they will be appropriately pleaded under Rules 8(b) and (c). *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013).

Here, the third, ninth, tenth, and eleventh defenses put Plaintiffs on notice that protectability and validity of copyright registration are issues that will be litigated in this case. Plaintiffs claim that one United States registration applies to this matter (DE [69] ¶¶ 32–36), and therefore registration is germane. The burden is on Defendants to prove unprotectability, and therefore protectability – including the useful article doctrine - is an issue to be resolved. *Compulife Software, Inc. v. Newman*, 959 F.3d 1288, 1306 (11th Cir. 2020) (the defendant "bears the burden to demonstrate unprotectability"). And last, as to validity of registered works, Defendants specifically deny that the registration can constitute prima facie evidence of validity in this case for the *Forest of Light* work[4] because "the certificate of registration [was not] made before or within five years after first publication of the work." 17 U.S.C. § 410(c). Each of these specific denials serves the "laudable purpose" of putting Plaintiffs and the Court on notice as to these issues. *Ramnarine*, 2013 WL 1788503, at *4.

### **Fourth Defense (Photograph Ownership and Registration)**

Plaintiffs allege that Defendants committed direct copyright infringement through "copies of photos" of Bruce Munro's Works (defined below), photographs of advertisements and "derivatives," photographs of the *NightGarden* festival posted on social media by third party attendees, and DMCA violations through "encourag[ing]" attendees to post on social media. (DE [69] ¶¶ 156, 169, 176). Defendants assert that Plaintiffs' claims regarding photographs are barred

---

[4] According to the certificate of registration, that work was first published in 2012 but only registered effective 2019. (DE [69], Ex. A).

because Plaintiffs either did not create them, do not own the rights to, or do not hold valid registrations over those photographs (DE [71] at 19).

In response, Plaintiffs move to strike the fourth defense based on pleading adequacy and argue that the defense is legally invalid because (1) United Kingdom-works do not need to be registered and (2) "[t]o the extent this action is based in part on photographs not taken or belonging to Plaintiffs," they are derivative works of the parent works. Pls.' Mot. 6–7.

In the FAC, Plaintiffs define their "Works" as "<u>including</u>, <u>inter alia</u>, Munro's federally registered *Forest of Light* sculptural work, and *Fireflies*, *Field of Light*, *River of Light*, *Water-Towers*, and *Brass Monkeys* sculptural works and <u>series of works</u> (collectively, "Works"). (DE [69] ¶ 14) (emphasis added). The material included within the term "Works" is non-exhaustive and may include photographs or other works published in the United States and subject to registration requirements under the Copyright Act. In fact, Plaintiffs confoundingly do not even know if their allegations concern such photographs. Pls.' Mot. 7. Ownership and registration of photographs and other Works referenced in the FAC are at issue and therefore these defenses are legally permissible.

As stated above, denials that provide fair notice should not be stricken. As to legal validity, the defenses are legally sufficient considering Plaintiffs' photograph claims.

### **Fifth Defense (Ownership and Registration)**

As pointed out above in the fourth defense, Plaintiffs define their "Works" as "<u>including</u>, <u>inter alia</u>, Munro's federally registered *Forest of Light* sculptural work, and *Fireflies*, *Field of Light*, *River of Light*, *Water-Towers*, and *Brass Monkeys* sculptural works and <u>series of works</u> (DE [69] ¶ 14). The material included within the term "Works" is non-exhaustive and may include other works first published in the United States – meaning these works would be subject

to registration requirements under the Copyright Act. *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881 (2019) (registration certificate a prerequisite to filing suit). Importantly, as to some of the unregistered UK Works, Plaintiffs have alleged they are *original* works as published in the United States, while also contradictorily alleging that these same works were first published in the UK. ((*See* DE [69] ¶ 65); alleging that unregistered *Field of Light* was an original work displayed at Longwood Gardens in the United States). If the work was original in 2012 when published at Longwood Gardens, it must be registered in the United States to sustain this lawsuit. Plaintiffs have also claimed entitlement to statutory damages, fees, and court costs broadly (DE [69] ¶¶ 163, 172), the same of which are not available to Plaintiff in this matter due to lack of timely United States registrations.

Accordingly, Defendants' fifth defense asserts that Plaintiffs claims are barred to the extent that copyright registrations have not been issued for certain claimed works (DE [71] at 19). Ignoring the issues with their claims and possible conflict with the *Fourth Estate* case, Plaintiffs move to strike the fifth defense as legally invalid, arguing that the works identified are foreign works that do not need to be held to 17 U.S.C § 411's registration requirements. Pls.' Mot. 7–8. As stated above, denials that provide fair notice should not be stricken. As to legal validity, this defense is legally sufficient considering Plaintiffs' claims.

### Sixth Defense (Assignment)

Plaintiffs argue that Defendants' sixth defense – barring claims to the extent rights were not assigned to Plaintiffs (DE [71] at 19) – is a specific denial that fails to meet the heightened pleading standard under Rule 8(a). Pls.' Mot. 8. For the reasons stated above, the motion should be denied as to this defense because Defendants have properly put Plaintiffs on notice of an alleged defect in their case. *Ramnarine*, 2013 WL 1788503, at *4. To the extent the Court

disagrees, Defendants request leave to replead their assignment defense. Specifically, Plaintiffs base their claims largely on unregistered works. Plaintiff Bruce Munro Ltd. was not added to this matter until the First Amended Complaint, and the allegations point to display and/or creation by either Plaintiff, raising concern over whether either Plaintiff had (or has) proper rights timely assigned to it.

**Seventh Defense (Use Prior to Registration)**

Plaintiffs contend that Defendants' seventh defense (lack of entitlement to fees and statutory damages for the federally registered work based on registration and publication dates) (DE [71], 19) is legally insufficient because Plaintiffs allege <u>some</u> use of the *Forest of Lights* work after registration. Pls.' Mot. 9. Aside from this being an improper basis to strike such a defense, Plaintiffs' FAC allegations are insufficient to support the right to elect statutory damages and recover attorneys' fees under the Copyright Act.

Under 17 U.S.C. § 412 "... no award of statutory damages or of attorney's fees, as provided in sections 504 and 505, shall be made for […] any infringement of copyright <u>commenced</u> after first publication of the work and before the effective date of its registration, unless the registration is made within three months after first publication of the work" (emphasis supplied). The term "commenced" is defined "as the first act of infringement in series of ongoing separate infringements." *Cornerstone Home Builders, Inc. v. McAllister*, 311 F. Supp. 2d 1351, 1352 (M.D. Fla. 2004) (citing *Mason v. Montgomery Data, Inc*., 967 F.2d 135, 143 (5th Cir.1992) (finding the language of 17 U.S.C. § 412 reveals Congress' intent that statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of the defendant's infringements of a work if one of those infringements commenced prior to registration)).

According to Plaintiffs, Plaintiff Bruce Munro first published *Forest of Light* in the United States on June 9, 2012. (DE [69], Ex. A). Munro registered that work with the Copyright Office <u>seven years later</u>, on August 24, 2019. (*Id.*). Prior to the effective date of registration and well after the date of publication, Plaintiffs allege that Defendants began infringing Munro's claimed works on November 20, 2018. (*Id.* at ¶ 78). Plaintiffs allege that one of the works infringed was the registered *Forest of Light* work. (*Id.* at ¶¶ 14, 157). Because Plaintiffs allege the infringement commenced *prior to* the effective date of registration and more than three months after the publication of the *Forest of Light* work, their claim for fees and statutory damages should be barred under section 412. The seventh defense should be sustained.

**<u>Eighth Defense (Statutory Damages and Attorneys' Fees)</u>**

Next, Plaintiffs argue against Defendants' eighth defense, that Plaintiffs are not entitled to statutory damages of any U.K. work at issue. Pls.' Mot. 9–10; (DE [71] at 19). Plaintiffs contend that the defense is invalid because it fails to meet the heightened pleading standard under Rule 8(a) and legally unsupported because Plaintiffs can recover statutory damages and attorneys' fees under the DMCA.

Defendants agree that statutory damages and attorneys' fees can be available under the DMCA, 17 U.S.C. § 1203. But this defense does not go to the DMCA claims. Defendants were required to raise this defense because Plaintiffs' prayer for relief in the FAC references broad recovery of fees and statutory damages without <u>specifically</u> delineating whether such recovery is for the federally registered work or the foreign or other works. (DE [69] at 73). Because courts disagree whether a statutory limitation is an affirmative defense, it cannot be invalid as a matter of law like Plaintiffs suggest. *Stream, Inc. v. MLF Tobacco Shop, LLC*, No. 17-22518-CIV, 2017 WL 4838788, at *3 (S.D. Fla. Oct. 24, 2017).

Similarly, the vagueness in Counts I and II concerning whether the clause "plus attorneys' fees and costs of court" is limited to the federally registered work or inclusive of all claimed works, further necessitated this defense. (*Id.* at ¶¶ 163, 172). The final clauses in paragraphs 163 and 172 could modify the respective statutory election clauses for the federally registered work or the entire paragraph concerning registered and unregistered works. To the extent it modifies both, the allegations on their face are legally incorrect. Either way, because Plaintiffs' entitlement to fees and statutory damages is at issue concerning the registered work as well (*see* Defendants' seventh defense above), this affirmative defense should stand.

### Twelfth Defense (Fair Use)

Defendants' twelfth defense is that "Plaintiffs' claims are barred under the fair use doctrine because any use by Defendants was transformative and otherwise each element of 17 U.S.C. § 107 favors Defendants." (DE [71] at 19). Plaintiffs complain that this defense is a "naked, conclusory proposition" that fails to satisfy either the Rule 8(c) or Rule 8(a) pleading standard because it somehow does not apprise Plaintiffs of the nature of the defense. Pls.' Mot. 12 (citation omitted).

Fair use is a proper affirmative defense in a copyright lawsuit. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010). It must be pleaded, or it is generally waived. *Id.* As referenced above, Defendants have sufficiently put Plaintiffs on notice of an alleged defect in their case under the appropriate Rule 8(c) notice requirement. *Ramnarine*, 2013 WL 1788503, at *4. Plaintiffs argument alone suggests that they know – and were put on notice – as to the existence of the fair use defense in this matter. Plaintiffs' suggestion that Defendants should be required to brief the detailed and intricate fair use factors in an affirmative defense should be

disregarded. To the extent the Court disagrees, Defendants request leave to replead their fair use defense.

**Thirteenth Defense (Copyright Misuse)**

Defendants' thirteenth defense is that "Plaintiffs' claims are barred because of copyright misuse in that Plaintiffs wrongfully attempt to extend the limited monopoly granted over works by the United States Copyright Act." (DE [71] at 20). Plaintiffs agree that copyright misuse is an affirmative defense to copyright infringement but complain that Defendants have not alleged sufficient facts to support the defense. Pls.' Mot. 12–13.

Copyright misuse "forbids a copyright holder from using a copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which it is contrary to public policy to grant." *Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc*., No. 603CV1860ORL19KRS, 2005 WL 3445522, at *10 (M.D. Fla. Dec. 14, 2005). Specifically, Plaintiffs' claims are purportedly based upon – in part – one registration that covers a specific selection and arrangement of light fixtures. Plaintiffs have attempted to register the single light fixture separately, but that application was denied by the Copyright Office as a useful article. Nonetheless, Plaintiffs are misusing one registration to claim infringement over individual light fixtures, forming the basis for this defense. Accordingly, Defendants have sufficiently put Plaintiffs on notice that their claims implicate copyright misuse. *Ramnarine*, 2013 WL 1788503, at *4. To the extent the Court disagrees, Defendants request leave to replead their copyright misuse defense.

**Fourteenth Defense (Innocence)**

For their fourteenth defense, Defendants assert that any use "of the works at issue was innocent and in good faith and without any intent to infringe any copyright." (DE [71] at 20).

Plaintiffs argue that this defense lacks sufficient facts and is "not a proper affirmative defense." Pls.' Mot. 13–14.

For the proposition that innocent infringement is not a proper affirmative defense, Plaintiffs rely on *PK Studios, Inc. v. R.L.R. Investments, LLC*, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323 (M.D. Fla. Aug. 30, 2016). Plaintiffs misrepresent what that case says. The court in *PK Studios* did *not* find that innocent infringement is not a proper affirmative defense. Instead, it lists the very same out-of-circuit cases that Plaintiffs rely on to demonstrate that <u>some</u> courts have found that innocent infringement is not an affirmative defense, but then it notes that courts are divided on this issue: "On the other hand, innocent infringement may be used to limit statutory damages for infringement. 17 U.S.C. § 504(c)(2). It appears, however, that the cases are divided on the question of whether a statutory limitation on damages is properly raised as an affirmative defense." *PK Studios*, 2016 WL 4529323, at *4. Because the issue of innocent infringement is undecided, it cannot be invalid as a matter of law under Rule 12. *Stream, Inc. v. MLF Tobacco Shop, LLC*, No. 17-22518-CIV, 2017 WL 4838788, at *3 (S.D. Fla. Oct. 24, 2017) ("Given the disagreement among courts as to whether the statutory limitation is an affirmative defense, the [innocent infringement] defense is not invalid as a matter of law."). The defense should remain. To the extent this Court determines that this defense does not provide "fair notice," however, then Defendants request leave to replead it.

### Fifteenth Defense (Indispensable Parties)

As for their fifteenth defense, Defendants assert that "Plaintiffs may have failed to join indispensable parties such as a China-based manufacturer and/or vendor selling light fixtures at issue in this lawsuit." (DE [71] at 20). In response, Plaintiffs contend that this response is not

sufficient under Rule 8(c) because it is a "simplistic statement" and "[c]omplete relief on these issues can be accorded between the named parties already in the suit." Pls.' Mot. 14.

This defense adequately states which other potential parties are relevant for the adjudication of this case. Even if Plaintiffs are correct, their contention is not a proper basis to strike the defense; the motion should still be denied because the appropriate remedy is to challenge the defense at summary judgment or treat the defense as a denial. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1332 (S.D. Fla. 2011) (treating an indispensable party defense as a denial when "complete relief" facts are omitted); *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 321 (S.D. Fla. 2018) (same); *Rivero v. Lefeld & Son, LLC*, No. 13-81154-CIV, 2014 WL 2095219, at *2 (S.D. Fla. May 20, 2014) (denying plaintiff's motion to strike affirmative defense of failure to join an indispensable party and finding plaintiff could challenge affirmative defense at summary judgment stage).

### Sixteenth Defense (Setoff)

Plaintiffs also argue that Defendants' sixteenth defense (setoff) fails to meet Rule 8 pleading standards. Pls.' Mot. 14–15. To support their claim, Plaintiffs rely on two FLSA cases: *Aguilar v. La Campana Rest., Inc.*, No. 18-20015-CIV, 2018 WL 1138301 (S.D. Fla. Mar. 2, 2018) and *Morrison v. Executive Airport Refinishing, Inc.*, 434 F. Supp. 2d 1314 (S.D. Fla. 2005). *Id.* at 15. The setoff defenses did not satisfy Rule 8 in those cases because the courts could not determine whether they comported with *Brennan v. Heard*, 491 F.2d 1 (5th Cir.1974),which stands for the principle that setoffs may not result in sub-minimum wage payments to an employee. Because minimum wage laws are not implicated in this case, the setoff defense as pleaded provides fair notice to Plaintiffs.

18

**Seventeenth Defense (Remittitur)**

Defendants will agree to withdraw their seventeenth defense (DE [71] at 20)

Accordingly, Plaintiffs' failure to properly confer on this issue has resulted in a "waste of effort."

*Terminal Exch.*, 2009 WL 10668748, at *4.

**Eighteenth and Nineteenth Defenses (Damages)**

Plaintiffs also complain that Defendants' eighteenth (damages limited to actual use of

works) and nineteenth (profits must be attributable to works) defenses are not correct statements

of the law and not affirmative defenses. Pls.' Mot. 15–16. Defendants' eighteenth defense asserts

that "Plaintiffs' recovery (if any) must be limited to damages relating to actual use (if any) of

Plaintiff's registered works." (DE [71] at 20). Plaintiffs miscomprehend this defense (or the

underlying law) and argue that they are entitled to recover actual damages for their foreign works

and United States works. Pls.' Mot. 16. Defendants do not disagree that Plaintiffs would be

entitled to actual damages if they prove their case. Instead, this defense merely argues that all

damages should be limited relative to alleged actual use of Plaintiffs' work by Defendants in the

event Plaintiffs prove their case. *Pujals*, 777 F. Supp. 2d at 1327 (an affirmative defense admits

to the complaint but avoids liability by new allegations of excuse, justification, or other negating

matter).

Defendants' nineteenth defense asserts that "[i]nsofar as Plaintiffs seek Defendants'

profits (if any), Plaintiffs are not entitled to recover any profit attributable to factors other than

the works allegedly copied from Plaintiffs' claimed works." (DE [71] at 20). Plaintiffs argue that

their potential entitlement to profits negates Defendants' eighteenth defense as to actual use, *see*

Pls.' Mot. 16, but again that is not what the eighteenth defense says. Both defenses assert that

Plaintiffs cannot recover outside the causal connection between the alleged infringement and the

damages (including profits) they seek to recover. *Microsoft Corp. v. Tech. Enterprises, LLC*, 805 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011) ("The copyright plaintiff must allege a causal connection between the infringement and the profits claimed, and may not seek gross revenues based entirely on a speculative connection to the plaintiff's claim.") (citations and quotation marks omitted); *Thornton v. J Jargon Co*., 580 F. Supp. 2d 1261, 1280 (M.D. Fla. 2008) (adopting the "reasonable relationship" requirement between infringing activity and gross revenue). These defenses should stand, or the Court should construe them as specific denials.

### **Reservation of Rights**

While not prejudicial to any party, Defendants agree to withdraw the reservation of rights contained on page 20 (DE [71] at 20). *Chase v. Nova Se. Univ., Inc*., No. 11-61290-CIV, 2011 WL 13217532, at *3 (S.D. Fla. Aug. 26, 2011).

## III.      CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for failure to comply with Local Rule 7.1(a)(3) or for failure to demonstrate prejudice. Alternatively, this Court should (1) deny Plaintiffs' motion as to defenses nos. 1-16 and 18-19, (2) deny Plaintiffs' motion as moot as to defense no. 17 and the reservation of rights, and (3) allow Defendants to replead to the extent this Court is inclined to strike any defense. The Court should also consider awarding monetary sanctions against Plaintiffs' counsel for violating Local Rule 7.1(a)(3).

Dated: September 9, 2020.

Respectfully submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
dshullman@shullmanfugate.com
Allison S. Lovelady (FBN 70662)
alovelady@shullmanfugate.com

James M. Slater (FBN 111779)
jslater@shullmanfugate.com
Giselle M. Girones (FBN 124373)
ggirones@shullmanfugate.com
Shullman Fugate PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Phone: 561-614-2592

*Attorneys for Defendants*