UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

      Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., *et al.*,

      Defendants.

**DEFENDANTS'[1] MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO STATUTORY DAMAGES AND ATTORNEYS' FEES**

Defendants move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for partial judgment on the pleadings as to statutory damages and attorneys' fees in Counts I and II of Plaintiffs' First Amended Complaint ("FAC") (DE [69]).

The application of controlling legal principles to the pleadings' uncontroverted facts mandates the conclusion that Plaintiffs as a matter of law cannot recover statutory damages or attorneys' fees for direct or contributory copyright infringement. More specifically, Plaintiffs cannot recover statutory damages or attorneys' fees for (1) foreign or unregistered works, and (2) under 17 U.S.C. § 412 for the United States-registered work *Forest of Lights* because the alleged infringement of that work "commence[d]" prior to registration and well after publication. Accordingly, Plaintiffs' claims for attorneys' fees and statutory damages in Counts I and II fail, and judgment as to that issue should be entered in favor of Defendants.

---

[1] The term "Defendants" for purposes of this response refers to all defendants in this case except for Defendant Zhongshan G-Lights Lighting Co., Ltd., which has defaulted. (DE [44]).

I.     **RELEVANT FACTS**

In the FAC, Plaintiffs assert that Defendants committed copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") when they allegedly used light bulbs and fiber-optic lights similar to Plaintiff Bruce Munro's ("Munro") works during an immersive light event at Fairchild Tropical Botanic Garden called *NightGarden*. (DE [69] ¶¶ 78–79).

A.  **Plaintiffs' Claimed Works**.

Plaintiffs complain that Defendants "exploit[ed] and appropriat[ed] [] multiple sculptural artistic works, including, inter alia, Munro's federally-registered (sic) *Forest of Light* sculptural work, and *Fireflies*, *Field of Light*, *River of Light*, *Water-Towers*, and *Brass Monkeys* sculptural works and series of works. (*Id.* ¶ 14). Against Defendants specifically, Plaintiffs claim infringement as to United Kingdom works which "are not 'United States works' under 17 U.S.C § 101, . . . ." as well as one United States work. (*Id.* ¶ 32, 36).

1.   *The Unregistered Works.*

The works claimed under United Kingdom law are coined by Munro as the following (the "Unregistered Works"):[2]

> (1) *Field of Light*, (*id.* ¶¶ 40, 45, 57, 157–58, 168–69);
>
> (2) *Fireflies*, (*id.* ¶¶ 49, 157–58, 168–69); and
>
> (3) *River of Light* (*id.* ¶¶ 53, 59, 73, 157–58, 168–69).

*Field of Light* and *River of Light* pertain to the same light bulb/orb with stem design, although Munro refers to the work differently depending on where he displays the design. None

---

[2] Plaintiffs also complain of other works such as *Water-Towers* (Salisbury Cathedral, Wiltshire, UK, 2010), and *Brass Monkeys* (Royal United Hospital, Bath, UK, 2012), although none of those unregistered works are at issue against Defendants.

of these works displayed by Munro in any location are registered with the United States Copyright Office. (*See id.* ¶ 32).

### 2. *The Registered Work.*

Plaintiffs allege infringement of a single United States work: *Forest of Light*, U.S. Copyright Registration Certificate No. VA 2-176-825 (the "Registered Work"). (*Id.* ¶ 60, Ex. A). According to Plaintiffs, the Registered Work was created in the United States by Munro and first exhibited and displayed in Pennsylvania on June 9, 2012 by the Plaintiffs. (*Id.*). On August 24, 2019—<u>seven years</u> after the Registered Work was first displayed and exhibited—the Copyright Office registered that work and assigned it a registration number. (*Id.*).

### B. The *NightGarden* Events.

Plaintiffs allege that Defendants' "wrongful conduct revolved around the 'NightGarden,' a large-scale limited-duration mid-November-to-mid-January light-focused evening entertainment event . . . ." (*Id.* ¶ 78). The first season of *NightGarden* occurred from November 20, 2018 to January 11, 2019. (*Id.*). It returned for a second winter season from November 15, 2019 to January 11, 2020. (*Id.*).

In November 2019, a year after *NightGarden* season one began, and just days before the start of the second season of *NightGarden*, Munro alleges to have sent certain defendants a cease and desist letter notifying them of his copyright interests. (*Id.* ¶ 92). That letter referenced the Registered Work, registration for which was obtained just a few months before *NightGarden* season 2. (*Id.* at Ex. A).

## II.  ARGUMENT

### A.  <u>Legal Standard</u>.

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Judgment is "appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne*, 140 F.2d at 1370. Where no set of facts in support of a plaintiff's claim would entitle him or her to relief, the claim should be dismissed. *Id.* (citation omitted).

Dismissal of Plaintiffs' claims for attorneys' fees and statutory damages in Counts I and II of the FAC is appropriate because there is no set of facts that would support such entitlement as to any work at issue in this case.[3]

### B.  <u>Plaintiffs Are Not Entitled to Statutory Damages or Fees for Unregistered Works</u>.

It is axiomatic that Plaintiffs are not entitled to statutory damages on their Unregistered Works. Perhaps recognizing this, Plaintiffs do not clearly indicate whether they seek statutory damages or fees for the Unregistered Works in Counts I and II. For instance, in section A of the prayer for relief, Plaintiffs broadly seek fees and statutory damages without specifically delineating whether such potential recovery is limited to registered works. (DE [69] at 73).

---

[3] Plaintiffs are not left without a remedy should the Court grant the instant relief. Indeed, in the event Plaintiffs can plead and prove their case, they may recover proven actual damages and Defendants' profits attributable to the alleged infringement as prescribed in 17 U.S.C. § 504.

Further, in paragraphs 163 and 172 it is unclear whether the subordinate clause "plus attorneys' fees and costs of court" modifies the mention of the Registered Work or modifies all works referenced in Counts I and II. (*Id.* ¶¶ 163, 172).[4]

To the extent Plaintiffs seek attorneys' fees and statutory damages for *any* of the Unregistered Works, those claims are clearly barred because "only owners of registered works may collect statutory damages and attorney's fees." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1302–03 (11th Cir. 2012) (citing 17 U.S.C. §§ 412, 504, 505; and noting that owners of foreign works may choose to apply for registration to receive the benefits of statutory damages and attorneys' fees); *Vergara Hermosilla v. The Coca-Cola Co.*, 717 F. Supp. 2d 1297, 1304 (S.D. Fla. 2010), aff'd sub nom. *Hermosilla v. Coca-Cola Co.*, 419 F. App'x 917 (11th Cir. 2011) ("foreign copyright holders do not need to register in the United States unless they seek statutory damages or attorney's fees") (citing *Rudnicki v. WPNA* 1490 AM, 580 F.Supp.2d 690, 694 (N.D. Ill. 2008)).

Further, in the same convoluted fashion that Plaintiffs muddy their request for fees and statutory damages, they also appear to claim copyright protection under U.S. law for certain Unregistered Works (DE [69] ¶¶ 68, 73) (alleging protection "[u]nder United States and United Kingdom law" for the Unregistered Works *Field of Light* (Longwood Gardens) and *River of Light*). Because none of the Unregistered Works have been registered with the United States

---

[4] Given the ambiguity in Plaintiffs' FAC, prior to filing this motion, counsel for Defendants asked Plaintiffs to stipulate that they are not seeking statutory damages and attorneys' fees in connection with their copyright infringement claims. Plaintiffs refused to either clarify their pleading or so stipulate, prompting the filing of this motion.

Copyright Office, any claims for statutory damages or fees as to these works is clearly barred under U.S law.[5]

### C. **Plaintiffs Are Not Entitled to Statutory Damages or Fees for the Registered Work.**

Similarly, it is clear that Plaintiffs are not entitled to statutory damages and attorneys' fees for the one Registered Work, *Forest of Light* because the alleged infringement "commenced" prior to registration and more than three months after publication of the Registered Work. Despite this, Plaintiffs seek statutory damages and attorneys' fees in connection with their allegations that Defendants directly and contributorily infringed the Registered Work. (DE [69] ¶¶ 163, 172). Those claims fail.

#### 1. *"Commenced" Defined.*

Under 17 U.S.C. § 412 "... no award of statutory damages or of attorney's fees, as provided in sections 504 and 505, shall be made for […] any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless the registration is made within three months after first publication of the work" (emphasis supplied). The term "commenced" is defined "as the first act of infringement in series of ongoing separate infringements." *Cornerstone Home Builders, Inc. v. McAllister*, 311 F. Supp. 2d 1351, 1352 (M.D. Fla. 2004) (citing *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992) (finding the language of 17 U.S.C. § 412 reveals Congress' intent that statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of the defendant's infringements of a work if one of those infringements

---

[5] In addition, to the extent *Field of Light* (Longwood Gardens) was first published in the United States, Plaintiffs face a bar as to this work entirely for failure to register as a United States work under *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147 (2019).

commenced prior to registration)); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700–01 (9th Cir. 2008) ("Every court to consider the issue has held that infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs."); *see also Volk v. Zeanah*, No. 6:08-CV-94, 2010 WL 11537582, at *9 (S.D. Ga. Sept. 27, 2010) (for purposes of determining when section 412's bar is triggered, an infringement commences "when the first act in a series of infringement of the same kind occurs").

The "first act" of ongoing infringement occurs when a work is "first public[ly] display[ed]." *Volk*, 2010 WL 11537582, at *9. Courts have routinely found that section 412 imposes a bright-line rule for ongoing infringement—meaning that even in the event infringement ceases and begins again, that pause does not revitalize entitlement to fees and statutory damages. *See U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No. 04-CIV-6189 JFK, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008); *see also Steele v. Bell*, No. 11-CIV-9343 RA, 2014 WL 1979227, at *9 (S.D.N.Y. Mar. 28, 2014).[6]

### 2. *Plaintiffs' Claims Related to the Registered Work are Barred.*

According to Plaintiffs, they first published the Registered Work in the United States on June 9, 2012. (DE [69], Ex. A). Munro then waited seven years to register that work with the Copyright Office. (*See id.*) (providing an effective registration date of August 24, 2019). But Defendants allegedly began infringing the Work on November 20, 2018 at the start of the first *NightGarden* season, well before Munro belatedly registered the work. (*Id.* ¶ 78). By the time

---

[6] Courts have generally declined to deviate away from the bright-line rule. And, while one court has adopted an "appreciable period of time" standard, that standard related to a decade-long gap in between infringements and pertained to a section of the Copyright Act not applicable here. *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150 (2d Cir. 2007) (determining claim involving a restored copyright under 17 U.S.C. § 104A).

Plaintiffs allegedly alerted Defendants of the facts forming this dispute, *NightGarden* was about to enter its second season. (*Id.* ¶ 92). For clarity, below is a timeline of the Registered Work:

a. 2012: Munro creates *Forest of Light* work.
b. June 9, 2012: Plaintiffs first publish *Forest of Light* work in Longwood Gardens, Pennsylvania.
c. November 20, 2018: Defendants allegedly infringe on *Forest of Light* in *NightGarden* season one.
d. August 24, 2019: Munro obtains a copyright registration on *Forest of Light* (effective date).
e. November 15, 2019: Defendants' *NightGarden* season two begins.

As made clear above, Plaintiffs cannot recover statutory damages or attorneys' fees in Counts I or II based on the first *NightGarden* season because the "first act" of alleged infringement for purposes of commencement under section 412 occurred prior to registration of the Registered Work and more than three months after its publication. Indeed, the first season of *NightGarden* occurred in November 2018, almost a year before Munro registered the Registered Work, and approximately seven years after he first published it. (*Id.* at Ex. A). Those claims relative to the first season are clearly barred. *See Volk*, 2010 WL 11537582, at *9 (the first public display is the first act for commencement under section 412).

As to *NightGarden* season two, Plaintiffs also cannot recover statutory damages or attorneys' fees for the same claims. Section 412 imposes a bright-line rule that any infringing acts after the "first act" are also barred, even though Munro received a registration certificate for the Registered Work prior to the beginning of the second season. *U2 Home Entm't*, 2008 WL 3906889, at *15; *Steele*, 2014 WL 1979227, at *9 (barring continuing infringement through same medium). All alleged infringing conduct occurs in the same media and fora in *NightGarden* seasons one and two. (DE [69] ¶¶ 132, 146, 156). It is clear that the allegedly infringing conduct began prior to registration. Accordingly, the alleged use of Plaintiffs' works in season two (10 months later) falls squarely within the established rule that additional acts are considered to be

8

continuing from the first commencement, prohibiting any entitlement to statutory damages or attorneys' fees.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter final judgment in their favor as to Plaintiffs' claims for statutory damages and attorneys' fees in Counts I and II of the First Amended Complaint.

Dated: October 9, 2020.

Respectfully submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
dshullman@shullmanfugate.com
Allison S. Lovelady (FBN 70662)
alovelady@shullmanfugate.com
James M. Slater (FBN 111779)
jslater@shullmanfugate.com
Giselle M. Girones (FBN 124373)
ggirones@shullmanfugate.com
Shullman Fugate PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Phone: 561-614-2592

*Attorneys for Defendants*