**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al*.,

       Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al*.,

       Defendants.

_____/

## ORDER

    **THIS CAUSE** is before the Court on Defendants Fairchild Tropical Botanic Garden, Inc., Kilburn Live, LLC, Night Garden, LLC, and Nanette M. Zapata's (collectively, "NightGarden Defendants") Notice of Discovery Hearing (ECF No. 80). A discovery hearing was held on the noticed disputes on October 15, 2020. This Order succinctly memorializes but does not alter the rulings made in open court.

    NightGarden Defendants seek to compel production of Plaintiff Bruce Munro's ("Munro") financial documents and tax returns in response to Requests Nos. 30 and 31 to NightGarden Defendants' First Request for Production; and Interrogatory No. 2 in Kilburn Live's First Interrogatories to Plaintiff Munro. Plaintiffs aver that tax returns have been produced for Plaintiff Munro's studio, Bruce Munro Ltd. However, Plaintiffs have not produced Munro's personal tax returns despite Plaintiffs' Initial Disclosures stating Munro was personally harmed and seeking damages. If Plaintiff Munro claims damages arising from the alleged infringement, his tax returns for the years preceding the alleged conduct are relevant to determine those damages. *See Exist, Inc. v. E.S.Y., Inc*., No. 14-CV-62429, 2015 WL 926003, at *2 (S.D. Fla. Mar. 4, 2015) ("[W]hen

1

a plaintiff alleges actual damages (as opposed to purely statutory damages) in a trademark and copyright infringement suit, the plaintiff's finances are relevant to the issue of damages."). Accordingly, Plaintiffs were **ORDERED**, within 14 days from the date of the hearing, to either produce the personal tax returns of Plaintiff Munro from 2015 to the present; or unequivocally amend their Initial Disclosures consistent with the representation that the only Plaintiff seeking damages is Bruce Munro Ltd. Similarly, Plaintiffs must also produce United States tax returns, to the extent that any exist; and any document used or prepared for use in the United Kingdom that memorializes Plaintiffs' profits and losses.

Defendants additionally seek an order compelling Plaintiffs to produce physical specimens of their contested art works for inspection in the United States. Insufficient information was available at the hearing to resolve the dispute, as it was immediately clear that the Parties had either not conferred or misunderstood their respective requests. Defendants contend they seek only samples of representative pieces of the "fireflies" exhibit as well as a single bulb-plus-stem piece. Plaintiffs' counsel attempted mid-hearing to ascertain the feasibility of shipping two such examples from their clients, without success. Accordingly, before the Court compels Plaintiffs to ship any unique artwork, the Parties were instructed to confer to determine the feasibility of shipping the physical specimens to the United States and whether shipping two specimens, in the manner contemplated at the hearing, will afford Defendants and their expert the meaningful opportunity to examine the contested artwork. Alternatively, the Parties should explore how the specimens can be inspected remotely, even possibly aided by real-time transmission.

If, following meaningful conferral, the Parties request a continued hearing to resolve the dispute over inspection, the Parties are to notify Chambers of such request within seven days of the hearing.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 20th day of October, 2020.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE