**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

    Defendants.

_____/

**ORDER ON DISCOVERY DISPUTE**

**THIS CAUSE** is before the Court on Defendants Fairchild Tropical Botanic Garden, Inc., Kilburn Live, LLC, Night Garden, LLC, and Nanette M. Zapata's Notice of Discovery Hearing (ECF No. 84). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Raag Singhal, United States District Judge (ECF Nos. 27; 53). A discovery hearing was held on the noticed dispute on October 28, 2020. This Order succinctly memorializes but does not alter the rulings made in open court.

Defendants seek the production of a physical copy of Plaintiffs' three contested works of art in the United States pursuant to Defendants' Second Request for Production. In response to these requests, Plaintiffs answered that they would make demonstrative exemplars of the contested works available for inspection but did not specify where they would make these exemplars available. This issue was previously addressed at the October 15, 2020 hearing, at which the Court ordered the Parties to confer regarding the feasibility of shipping the specimens and whether they can be shipped in a manner that would afford Defendants and their expert a meaningful opportunity

1

to examine the contested artwork.

As a result of this conferral, Plaintiffs have now agreed to ship physical specimens to Plaintiffs' counsel's office for visual inspection only. In limiting the inspection, Plaintiffs rely on Webster Dictionary's definition of 'inspection' as entailing only a visual review devoid of touch. Defendants object, averring that a physical inspection, including the ability to touch and measure the physical works, is necessary. Defendants further request that the separate component parts of each of the three contested works be shipped to Defendants; a new request, not codified in any of Defendants' propounded discovery requests. To resolve this dispute, the following has been ordered:

Plaintiffs shall ship physical specimens of the three contested works of art as agreed to during conferral. Prior to shipping these specimens, Plaintiffs will provide Defendants with detailed photographs of the artworks. 14 days prior to the scheduled inspection date, Defendants shall provide Plaintiffs with a protocol for the examination and inspection of the art. Any examination or test Defendants intend to perform that exceeds a visual inspection must be described with sufficient specificity for Plaintiffs to understand the extent to which the art would be manipulated. If Plaintiffs object to any step, they must do so in writing, specifying the basis for the objection and proposing alternative measures to accomplish the step at issue. If the Parties fail to resolve Plaintiffs' objections prior to the scheduled inspection, Plaintiffs may move for a protective order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 29th day of October, 2020.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE