UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

      Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

      Defendants.

**JOINT MOTION TO AMEND SCHEDULING ORDER
AND INCORPORATED MEMORANDUM OF LAW**

    The parties[1] pursuant to Rule 16(b)(4) and Local Rule 7.1, jointly file this motion to amend the Court's Order Setting Trial (DE [27]), to extend pretrial deadlines as set forth herein. In support thereof, the parties state:

**BACKGROUND**

    1.    On January 8, 2020, Plaintiff Bruce Munro ("Munro") initiated this lawsuit against certain Defendants alleging copyright infringement and Digital Millennium Copyright Act ("DMCA") violations arising from their alleged copying of Munro sculptural works and violations of associated copyright management information, including at events at Fairchild Tropical Botanic Garden called the *NightGarden*. (*See* DE [1, 35]). Munro amended the complaint on July 22, 2020 to add Bruce Munro Ltd. d/b/a Bruce Munro Studio ("Studio," and together with Munro, "Plaintiffs") as a plaintiff, and added Defendants Kilburn Media LLC,

---

[1] The term "parties" used throughout this joint motion does not include Defendant Zhongshan G-Lights Lighting Co., Ltd., which has defaulted. (DE [44]).

Mark Manuel, Imaginer Ltd., Imaginer Inc., and Max Painter (DE [69]). Defendants Fairchild Tropical Botanic Garden, Inc., Nanette M. Zapata, Kilburn Live, LLC, Night Garden, LLC, Kilburn Media LLC, Mark C. Manuel, Imaginer Ltd, Imaginer Inc., and Max Painter (collectively, the "Defendants") filed an amended answer to the amended complaint on November 11, 2020. (DE [92]).

2. On February 18, 2020, the Court entered its Order Setting Trial (DE [27]) (the "Scheduling Order"), which has been modified four times—first to extend the trial date to May 10, 2021 (DE [34]), then to extend the deadline to amend the complaint (DE [61]), then to extend the trial date and pretrial deadlines in view of the addition of multiple parties (DE [75]), and most recently to extend certain expert deadlines (DE [91]).

3. Since the latest amendment, the parties have been diligently working to schedule in-person inspections of accused items of the Defendants and of the Munro works pursuant to Magistrate Judge Louis' discovery order (DE [87]) ("Discovery Order"). That order required Plaintiffs to ship exemplars of the works at issue to their counsel's office in Boca Raton, Florida, at which point Defendants' expert would be permitted to conduct an in-person inspection. (*Id.* at p. 2). The Discovery Order also required Defendants to provide Plaintiffs with their expert's inspection protocol fourteen days prior to the inspection. (*Id.*).

4. Defendants' subject items are located in a warehouse in Commerce, California outside of Los Angeles. The parties were diligently working on scheduling an inspection at that location when an order issued placing the region under stay-at-home restrictions for an indefinite period of time that per its terms expires no sooner than December 26, 2020. *See* https://www.gov.ca.gov/wp-content/uploads/2020/12/12.3.20-Stay-at-Home-Order-ICU-Scenario.pdf. As a result, Defendants' counsel is in the process of arranging for shipment of the

items to their Florida office to the soonest extent allowed under the order, and once the items arrive the parties will continue to work on scheduling an inspection of Defendants' items.

5.  The Munro works arrived at Plaintiffs' counsel's office in Boca Raton, Florida this month. The parties have worked to schedule an inspection date that is agreeable to the parties and Defendants' anticipated expert, who is located outside of the state. However, due to the recent nationwide COVID-19 spike, which has particularly plagued Florida,[2] Defendants' expert has indicated he is unwilling to travel to Florida due to increased health concerns without implementation of certain safety protocols outside the control of and unable to be met by defense counsel. As such, the Defendants have been forced to locate another expert who would be willing to travel and appear for the inspection. Given the time constraints presented by the need to retain a new expert willing to travel during the looming expert disclosure deadlines and the 14-day waiting period required by the Discovery Order, a brief one-month extension of the expert deadlines is warranted.

6.  Considering the complications that have arisen due to travel restrictions and the recent COVID-19 resurgence, the parties propose that the expert-related deadlines be briefly extended by a month to afford the defendants time to retain a new expert, to coordinate safe travel plans, to ship Defendants' items to Florida, and to coordinate the respective inspections. Specifically, the parties propose that the deadline to serve expert disclosures be briefly extended to February 22, 2021, rebuttal disclosures be extended to March 12, 2021, all expert discovery be completed by April 19, 2021, and the deadline for all pretrial motions, including Daubert motions, be extended May 3, 2021.

---

[2] Indeed, Florida had over 65,000 new cases in the last week. *See* CDC COVID Data Tracker, available at https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days

## ARGUMENT

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). Despite the parties' diligence, expert discovery has been complicated due to the location of the parties and the continued threat posed by COVID-19. Indeed, the parties have not had an opportunity to conduct inspections of the works at issue and prepare experts to provide opinions.

Rule 16 of the Federal Rules of Civil Procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants, like the parties here, diligently, and timely pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997); *Fellows v. Earth Construction Inc.*, 794 F.Supp. 531 (D.Va. 1992). Accordingly, because the parties here have acted diligently in pursuing their rights and because they are unable to meet existing deadlines in the Scheduling Order due to the difficulties presented by travel restrictions and increasing health concerns posed by COVID-19, the requested adjustments to the Scheduling Order are warranted and should be granted. *Id*.

Further, courts in this district have recently granted similar extensions due in part to the ongoing global pandemic. *See Martinez v. Cherry Bekaert, LLP*, No. 18-cv-25429-GOODMAN, Dkt. 51 (S.D. Fla. Mar. 25, 2020) (Goodman, Mag. J.) (extending discovery and pretrial

deadlines by 90 days in light of the pandemic); *Around the Clock A/C Service, LLC v. Air Pros, LLC*, No. 19-cv-62437-MOORE/Hunt, Dkt. 52 (S.D. Fla. June 17, 2020) and Dkt. 67 (S.D. Fla. July 28, 2020) (granting two extensions of discovery, pretrial deadlines, and the trial date due in part to COVID-19).

This Court has also addressed similar concerns by extending deadlines. *See Belin, et al. v. Health Ins. Innovs., Inc., et al.*, No. 19-cv-61430-SINGHAL/Valle, Dkt. 134 (S.D. Fla. June 7, 2020) (granting two motions to amend the scheduling order based on novel coronavirus-related delays and concerns); *Pierre v. Aids Healthcare Found., Inc.*, No. 19-cv-62556-SINGHAL/Valle, Dkt. 26 (S.D. Fla. Mar. 20, 2020) (extending all deadlines by 90 days due to COVID-19 concerns affecting interstate travel for depositions and office closures). The concerns in *Pierre v. Aids Healthcare Found., Inc.* are present here—travel across the United States to advance this lawsuit is necessary to advance this case.

The parties agree that the proposed amended schedule below would not prejudice any party or the Court.

The parties respectfully request this Court amend the Scheduling Order as follows:

| Event | New Deadline |
|---|---|
| Parties disclose experts and exchange expert witness summaries or reports | 2/22/2021 |
| Parties disclose rebuttal experts and exchange rebuttal expert witness summaries or reports. | 3/12/2021 |
| All expert discovery is completed. | 4/19/2021 |
| All pre-trial motions, motions *in limine* and Daubert Motions (which include motions to strike experts) are filed. This deadline includes all dispositive motions. | 5/3/2021 |

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion and enter an order amending the Scheduling Order to extend the deadlines as set forth in the above table.

Dated: December 16, 2020.

Respectfully submitted:

| | |
|---|---|
| By: **Joel B. Rothman**<br><br>Joel B. Rothman<br>Joel.rothman@sriplaw.com<br>Craig A. Wirth<br>Craig.wirth@sriplaw.com<br>SRIPLAW<br>21301 Powerline Road, Suite 100<br>Boca Raton, FL 33433<br>Tel: (561) 404-4350<br><br>Carl F. Schwenker<br>cfslaw@swbell.net<br>Law Offices of Carl F. Schwenker<br>The Parsons House<br>3807 Duval Street, Suite E<br>Austin, TX 78751<br>Tel: (512) 480-8427<br><br>*Attorneys for Plaintiffs* | By: **Allison S. Lovelady**<br><br>Deanna K. Shullman (FBN 514462)<br>dshullman@shullmanfugate.com<br>Allison S. Lovelady (FBN 70662)<br>alovelady@shullmanfugate.com<br>James M. Slater (FBN 111779)<br>jslater@shullmanfugate.com<br>Giselle M. Girones (FBN 124373)<br>ggirones@shullmanfugate.com<br>Shullman Fugate PLLC<br>2101 Vista Parkway, Suite 4006<br>West Palm Beach, FL 33411<br>Tel: (561) 614-2592<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF COMPLIANCE WITH CM/ECF ADMINISTRATIVE PROCEDURE 3J(3)

I hereby certify that, pursuant to CM/ECF Administrative Procedure 3J(3), counsel for Plaintiffs consented to the filing of this Joint Motion to Amend Scheduling Order.

By: **Allison S. Lovelady**
Florida Bar No. 70662