UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20079-CIV-SINGHAL/LOUIS

BRUCE MUNRO and
BRUCE MUNRO, LTD.,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

    Defendants.

_____/

### ORDER

**THIS CAUSE** is before the Court on Defendants'[1] Motion for Partial Judgment on the Pleadings as to Statutory Damages and Attorneys' Fees (DE [81]). Plaintiffs have filed a Response in Opposition (DE [85]), and Defendants have filed a Reply (DE [89]). For the reasons discussed below, the Court denies Defendants' Motion.

### I.   BACKGROUND

Plaintiffs filed a three-count Amended Complaint against Defendants for: (I) copyright infringement; (II) contributory copyright infringement; and (III) copyright management information ("CMI") violations. Am. Compl. (DE [69]). Plaintiff Bruce Munro ("Munro"), an internationally acclaimed artist, creates light-based works and sculptural installations through his studio, Plaintiff Bruce Munro Ltd. *Id.* ¶ 20. Plaintiffs allege that Defendants commercially exploited and appropriated Munro's U.S.-registered *Forest of*

---

[1] The following Defendants join in this Motion: Fairchild Tropical Botanic Garden, Inc.; Night Garden, LLC; Kilburn Live, LLC; Nannette M. Zapata; Kilburn Media, LLC; Mark C. Manuel; Imaginer Ltd; Imaginer, Inc.; and Max Painter. The remaining Defendant, Zhongshan G-Lights Lighting Co., Ltd., has had a Clerk's default entered against it. *See* (DE [44]).

*Light* sculptural work, his *Field of Light* sculptural work installed in the U.S., and several other foreign works. *See id.* ¶¶ 14, 60, 68; *see also* (DE [69-1]).

Defendants allegedly created a seasonal "light-focused evening entertainment event" called "NightGarden," hosted at Defendant Fairchild Tropical Botanic Garden. Am. Compl. ¶ 78 (DE [69]). Plaintiffs allege that Defendants intentionally infringed Munro's U.S.-registered *Forest of Light* work and two foreign *Field of Light* works at NightGarden. *Id.* ¶¶ 135, 142. As remedies under counts I and II, Munro seeks actual damages and Defendants' profits; statutory damages of up to $150,000 for infringement of *Forest of Light*; attorney's fees and costs; and injunctive relief. *Id.* ¶¶ 163–64, 172–73. In their Answer, Defendants deny that they committed any copyright infringement, contributory copyright infringement, or CMI violations. Answer ¶¶ 155–78 (DE [71]).[2] Defendants now move for partial judgment on the pleadings.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Medicomp, Inc. v. United Healthcare Ins. Co.*, 562 F. App'x 754, 756 (11th Cir. 2014) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Like on a motion to dismiss, "the Court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the nonmoving party." *Id.* (citing *In re*

---

[2] After Defendants moved for judgment on the pleadings, they filed an Amended Answer and Affirmative Defenses (DE [92]) that conforms with the Court's Order (DE [90]) partially granting and partially denying Plaintiffs' Motion to Strike Affirmative Defenses (DE [76]). Defendants' original Answer (DE [71]) is the operative pleading in ruling on this Motion for Partial Judgment on the Pleadings.

*Northlake Foods, Inc.*, 715 F.3d 1251, 1255 (11th Cir. 2013)).  "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied."  *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599 (11th Cir. 2019) (quoting *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014)).

### III.  DISCUSSION

Defendants argue that they are entitled to partial judgment on the pleadings for counts I and II because Plaintiffs cannot recover statutory damages or attorney's fees for foreign or unregistered works and because, for the U.S.-copyrighted *Forest of Light*, the infringement started before registration and more than three months after publication.  Defendants essentially seek partial judgment as to only remedies—pleaded in the alternative—in counts I and II.  In response, aside from addressing the merits, Plaintiffs argue that Rule 12(c) does not allow the Court to enter a partial judgment as to a portion of a claim.

The Court agrees with Plaintiffs that partial judgment on the pleadings is not appropriate here because it would not dispose of any single claim.  Defendants ask the Court to make a finding as to one element, which itself is pleaded in the alternative.  *See* Mot. for Judgment on the Pleadings 4 n.3 (DE [81]) (Defendants recognizing that Plaintiffs have an alternative remedy if the Court grants the Motion).  This Court therefore aligns itself with other courts that have found that "judgment on the pleadings on something less than an entire cause of action [is] inappropriate."  *Bolender v. Carnival Corp.*, 2014 WL 12527190, at *1 (S.D. Fla. Apr. 7, 2014) (citing *In re Amica, Inc.*, 130 B.R. 792, 796 (N.D. Ill. 1991)).

3

Indeed, Rule 12(c)'s language contains no provision for a "partial" judgment on the pleadings directed to only a portion of a single claim.  *See* 10A Wright & Miller, *Federal Practice & Civil Procedure* § 2713 (4th ed. 2020); *see also Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018) ("[Rule 12(c)]'s text does not explicitly authorize courts to carve up claims or defenses on a motion for judgment on the pleadings." (citation omitted)).  This is in contrast with the summary-judgment rule's language, which allows a party to move for summary judgment on a "part of each claim or defense."  Fed. R. Civ. P. 56(a).  "That the Civil Rules explicitly provide for summary judgment on part of a claim under Rule 56(a) but not for judgment on part of a claim under Rule 12(c) counsels strongly against reading Rule 12(c) to implicitly permit such judgments."  *Kenall Mfg. Co.*, 354 F. Supp. 3d at 894 (citations omitted).

It does not escape this Court's attention that other courts have granted partial judgment on the pleadings as to a portion of a claim.  *See, e.g.*, *S. All. for Clean Energy v. Fla. Power & Light Co.*, 16-23017-CIV, 2018 WL 4829218, at *3 (S.D. Fla. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 4828434 (S.D. Fla. Sept. 12, 2018) (recommending grant of partial judgment on the pleadings as to allegations of violations of local water quality standards in counts I and III); *Holm v. Pollack*, 2000 WL 1689710, at *3 (E.D. Pa. Nov. 1, 2000) (granting defendant's motion for partial judgment on the pleadings as to statutory damages and attorney's fees under Copyright Act because pleadings indicated the plaintiff failed to satisfy three-month time limit); *Lenhart v. Printing Indus. Ins. & Health Care Plan*, 818 F. Supp. 331, 331 (M.D. Fla. 1993) (granting partial judgment on the pleadings as to plaintiffs' punitive-damages claim as an ERISA remedy).

Nor does it escape the Court's attention that the Eleventh Circuit has affirmed district courts' grants of partial judgment on the pleadings where the issue of partial versus complete judgments was not specifically raised. *See, e.g.*, *Gemini Ins. Co. v. Castro*, 723 F. App'x 797, 801–02 (11th Cir. 2018); *Payne v. Doco Credit Union*, 734 F. App'x 623, 627 (11th Cir. 2018); *Barnwell v. Douglas Cty.*, 390 F. App'x 862, 864 (11th Cir. 2010). But, absent any express direction from the Eleventh Circuit construing Rule 12(c), this Court is not inclined to add meaning to Rule 12(c)'s plain text.

## IV.  CONCLUSION

The Court need not reach the merits of Defendants' arguments because Federal Rule of Civil Procedure 12(c) does not allow partial judgment on the pleadings as to a portion of a plaintiff's claim. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Partial Judgment on the Pleadings as to Statutory Damages and Attorneys' Fees (DE [81]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of March 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF