**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

    Defendants.
    _____/

## ORDER ON DISCOVERY DISPUTES

**THIS CAUSE** came before the Court on Plaintiffs Bruce Munro and Bruce Munro, Ltd. dba Bruce Munro Studio's Notice of Discovery Hearing (ECF No. 103). This matter is referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Raag Singhal, United States District Judge for the resolution of discovery disputes (ECF Nos. 27, 53). A discovery hearing was held on the noticed disputes on February 2, 2021, at which time the disputes were resolved in open court. This Order memorializes those rulings made in open court.

### I.  BACKGROUND

Plaintiffs brought the instant action on January 8, 2020, for copyright infringement and violations of copyright management information against Defendants arising in connection with unauthorized commercial exploitation and appropriation of Plaintiffs' works of art (ECF No. 1). An initial scheduling order was entered the following month, which required that all discovery be completed by November 9, 2020. After the filing and granting of three (3) motions to amend the scheduling order (ECF Nos. 31, 57, 74), the Court extended the deadline to complete all discovery

1

to January 22, 2021 (ECF No. 75). The Parties subsequently filed additional motions to amend the scheduling order, and on the eve of the January 22nd discovery deadline, Plaintiffs filed yet another motion to amend the scheduling order to extend the discovery deadline to April 19, 2021 (ECF No. 101). Three days later, and before Plaintiffs' motion to amend the scheduling order was ruled upon, Plaintiffs filed the instant Notice which raised the following discovery disputes: (1) Defendants' failure to designate and name 30(b)(6) corporate representatives for deposition and objections to topics for depositions; (2) Defendants' failure to identify records custodians in response to interrogatories requesting identification of persons in possession of relevant information, documents, materials, and things; (3) individual defendants Zapata, Manuel and Painter's failure to search and produce records from their personal repositories (physical records, computers and phones), including photos/videos of and social media posts regarding the infringing installations; and (4) Defendants' failure to conduct a reasonable ESI search strategy or search all ESI custodians (ECF No. 103).

The day before the hearing on these noticed discovery disputes, the Honorable Raag Singhal denied Plaintiffs' request to further extend the discovery deadline beyond January 22nd (ECF Nos. 106, 107).

## II. DISCUSSION

Plaintiffs' first dispute is with Defendants' failure to designate and name 30(b)(6) corporate representatives for deposition and objections to topics for depositions. Pursuant the materials provided by the Parties prior to the hearing, Plaintiffs noticed the depositions at issue prior to the discovery deadline. As further evidenced by the materials submitted to the Court, Defendants previously agreed via email on January 19, 2021, to produce four corporate representatives for deposition on specified topics after the discovery deadline had passed. At the hearing, the Parties

also conceded that two additional 30(b)(6) depositions were noticed on January 27, 2021, which were also set to occur beyond the discovery deadline. To the extent depositions were noticed and the Parties agreed to conduct those depositions beyond the discovery deadline, the Parties were instructed to honor those agreements and complete the subject depositions by no later than March 1, 2021.

As for the remaining noticed topics, Plaintiffs' disputes relate to issues that arose as far back as April 2020. For example, Plaintiffs challenge the completeness of certain of Defendants' Answers to Interrogatories, which were first served on April 8, 2020. Plaintiffs additionally complain about the manner in which Defendants conducted ESI searches and the format in which Defendants produced documents, all of which occurred in May 2020. Plaintiffs seek an order requiring that all previous discovery be reproduced, and that additional ESI searches be conducted for both the original custodians and new custodians. In essence, Plaintiffs are asking the Defendants to re-do all ESI discovery, after the discovery period has already closed.

"A court can only assist those parties who help themselves . . . ." *S.O.S. Res. Servs., Inc. v. Bowers*, No. 1:14-CV-22789-COOKE, 2015 WL 6735540, at *3 (S.D. Fla. Nov. 4, 2015) (finding that "[h]ad Plaintiff complied with this Court's Scheduling Order, timely served requests for production on Defendants, timely requested relief from this Court in the form of a motion to compel, and timely designated an expert witness, Plaintiff would not be in this situation"). All of the disputes raised by Plaintiffs are issues that could have—and should have—been identified and addressed long before the close of discovery.  For example, Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the various locations of electronically stored information as part of their initial disclosure, and to confer about the format in which electronic discovery should be produced as part of their discovery plan. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii); Fed. R. Civ. P.

26(f)(3)(C). Such discovery disputes, including issues regarding the locations searched and the format in which documents were produced, should not be raised for the first time after the discovery deadline has passed. *See United States v. Marder*, No. 1:13-CV-24503-KMM, 2016 WL 2897407, at *4 (S.D. Fla. May 18, 2016) ("The record is utterly devoid of any attempts to seek guidance or relief from this Court, or the assigned magistrate, regarding any red flags in the discovery process. A party cannot just stand idly by and wait . . . while a discovery dispute drags on without taking affirmative action to resolve the dispute well in advance of the deadlines, regardless of who is at fault for the delay. In sum, the [party's] inability to procure this discovery is a crisis of their own making.").

As for Plaintiffs' argument raised at the hearing regarding the lack of production from third-party entities, even if this dispute was timely raised, Plaintiffs have provided no support that such documents were under Defendants' custody and control. Simply stating that a contract existed between Defendants and a third party is insufficient to demonstrate Defendants had custody and control the third-party's documents. *See Bouton v. Ocean Properties, Ltd.*, No. 16-CV-80502, 2017 WL 2720927, at *3 (S.D. Fla. June 23, 2017) (finding plaintiff had failed to satisfy his burden of showing defendant had "the practical ability to produce or control the documents" belonging to third parties managed by the defendant because "without evidence of the contracts or specific testimony" relating to control over the third parties, "the link in the production chain is still missing"). Plaintiffs have provided no evidence of the relationship between Defendants and various third parties whose document are sought, and the time to do so has since passed.

**DONE AND ORDERED** in open Court, in Miami, Florida, on February 2, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE