UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., *et al.*,

    Defendants.

### KILBURN DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO FILE EXHIBIT 5 TO DOCKET NO. 122 UNDER SEAL

Defendants Kilburn Media, LLC and Kilburn Live, LLC (collectively, "Kilburn"), by and through the undersigned counsel, files this response to Plaintiffs' Motion to File Exhibit 5 to Docket No. 122 Under Seal ("the Motion") and asks the Court to grant the Motion and to permit the filing of the subject document under seal. In support thereof, Kilburn states:

This is a copyright case concerning an immersive light experience at co-defendant Fairchild Tropical Botanic Garden, Inc. ("Fairchild") in late 2018 and late 2019 called *NightGarden*. In October 2019 in connection with the second year of *NightGarden*, Defendant Kilburn Media entered into an Agency Client Agreement ("Agreement") with rbb Communications ("RBB"), a non-party in this action. The Agreement was produced during discovery in this matter. It is labeled KILBURN00790 – 96 and marked CONFIDENTIAL. The Agreement is Exhibit 5 to Plaintiffs' Reply in Support of Plaintiffs' Amended Motion to Compel RBB Subpoena Compliance (D.E. 122).

Because of its confidential designation, Plaintiffs have sought to file the Agreement under seal (D.E. 123). The Agreement should be accepted for filing under seal.

At the time of production, the Agreement was marked "CONFIDENTIAL" in accordance with the Stipulated Protective Order entered by this Court on June 1, 2020 (D.E. 60). Consistent with the designation, the Agreement contains sensitive business, financial and commercial information that is not publicly available and if disclosed, would provide a competitive advantage to the party to whom it is disclosed and disadvantage to Kilburn. For example, disclosure of the Agreement would permit competitors to attempt to replicate Kilburn's advertising and marketing strategy or to seek similar terms.

Importantly, Plaintiffs have not challenged the Agreement's CONFIDENTIAL designation, and there is no other party or member of the public seeking access to the Agreement. Moreover, the public has no right of access to the Agreement because "material filed with discovery motions is not subject to the common-law right of access" *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001).

Accordingly, Kilburn respectfully requests that this Court grant Plaintiffs' Motion (D.E. 123) and permit Plaintiffs to file the Agreement under seal.

Dated: April 19, 2021

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Deanna K. Shullman**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
James M. Slater (FBN 111779)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592

dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
ggirones@shullmanfugate.com
jslater@shullmanfugate.com

*Attorneys for Kilburn*