# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., *et al.*,

    Defendants.

## DEFENDANTS'[1] UNOPPOSED MOTION TO FILE INFORMATION DESIGNATED CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Rule 5.4 and this Court's Stipulated Protective Order (ECF No. 60), Defendants hereby move this Court for an Order permitting the filing of information designated by the parties as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" under seal in support of Defendants' forthcoming Motion in Limine to Exclude Plaintiffs' Damage Expert Xiliary Twil ("*Daubert* Motion"). As grounds for this Motion, Defendants state as follows:

## INTRODUCTION

This is a copyright case related to an immersive light experience at Fairchild Tropical Botanic Garden, Inc. in late 2018 and late 2019 called *NightGarden*. On June 1, 2020, this Court entered a Stipulated Protective Order, which permits the parties to designate Discovery Material, including deposition testimony, as "Confidential" if the material contains sensitive business,

---

[1] The term "Defendants" excludes Defendant Zhongshan G-Lights Lighting Co., Ltd.

financial or commercial information, or "Highly Confidential – Attorneys' Eyes Only" ("AEO") if the material contains extremely competitively sensitive business information including non-public pricing information. (ECF No. 60 at B). The Stipulated Protective Order also states a party must comply with Local Rule 5.4 when seeking to include or refer to designated material in their filings *Id*. at VI.

Pursuant to the Stipulated Protective Order, Defendants' counsel designated certain deposition testimony of Xiliary Twil and portions of Ms. Twil's expert report as "Confidential." Plaintiffs' counsel also designated portions of Ms. Twil's deposition testimony and exhibits, including her expert report, as "Confidential" or "AEO." The designations are as follows:

**Plaintiffs' designations**:

- Twil Deposition:

| Designation | Page | Line | to | Page | Line |
|---|---|---|---|---|---|
| Confidential | 70 | 24 | | 72 | 8 |
| AEO | 155 | 18 | | 159 | 16 |
| Confidential | 163 | 6 | | 163 | 17 |
| Confidential | 164 | 11 | | 167 | 17 |
| AEO | 167 | 18 | | 169 | 19 |
| Confidential | 172 | 13 | | 172 | 19 |
| Confidential | 173 | 2 | | 173 | 5 |
| Confidential | 174 | 16 | | 174 | 17 |
| Confidential | 175 | 9 | | 179 | 19 |
| Confidential | 182 | 7 | | 183 | 14 |
| Confidential | 183 | 22 | | 186 | 2 |
| Confidential | 186 | 24 | | 186 | 25 |
| Confidential | 189 | 22 | | 190 | 3 |
| Confidential | 191 | 14 | | 192 | 4 |
| Confidential | 194 | 20 | | 194 | 24 |
| Confidential | 196 | 4 | | 196 | 6 |
| AEO | 197 | 11 | | | |
| Confidential | 199 | 23 | | 200 | 3 |
| Confidential | 203 | 25 | | | |
| Confidential | 210 | 7 | | 210 | 21 |

    AEO: Deposition Exhibits 5, 6, 7, 8 and 9

➢ Twil Report (Twil Deposition, Exhibit 4):

    Confidential: p.23 ¶ 1, p. 25, p. 27 ¶ 2 - p. 29 ¶ 1, p.33 bullets points 4 & 5, p. 33 ¶ 4, p. 35 bullets points 4 & 5, p. 36 ¶ 2, p. 39 ¶ 2, p. 42 bullet points, p. 43 bullet points.

    AEO: p. 29 ¶ 3 - p. 31; p. 33 ¶ 4 - p. 34 ¶ 3, p. 36 ¶ 3 - p. 37 ¶ 1

**Defendants' Designations**:

➢ Twil Deposition:

| Designation | Page | Line | to | Page | Line |
|---|---|---|---|---|---|
| Confidential | 199 | 12 | | | 13 |
| Confidential | 199 | 23 | | | 24 |
| Confidential | 200 | 1 | | | 2 |
| Confidential | 203 | 24 | | 204 | 1 |

    AEO: N/A

➢ Twil Report (Twil Deposition Exhibit 4):

    Confidential: p. 33, bullet points 4 & 5, p. 34 ¶ 4, p. 35 ¶ 1 (only the information listing revenue fee in lines 10-12); p. 35 bullet points 4 & 5 and p. 37 ¶ 2.

    AEO: N/A

The parties' designations are collectively hereinafter referred to as "Designated Material."

Defendants intend to file the *entirety* of Ms. Twil's expert report (Exhibit 4 to her deposition) with their *Daubert* Motion. With respect to the Twil deposition transcript and its *other* exhibits, Defendants intend to reference the substance of the testimony at the pages and lines in the deposition transcript that are highlighted above or to include these portions of the deposition transcript in the deposition excerpts attached as an exhibit to the *Daubert* Motion.

Defendants intend to file their *Daubert* Motion on or before May 3, 2021 (per ECF No. 94). As such, Defendants seek leave to file their *Daubert* Motion and the accompanying exhibits, as well as any responses or replies thereto that incorporate the Designated Material, under seal.

## **ARGUMENT**

Although the public has a common-law right of access to judicial proceedings, which "includes the right to inspect and copy public records and documents," that right may be overcome by a showing of good cause. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G)-(H) (a court, "for good cause," may issue an order to protect a party from revealing "confidential [or] commercial information."); Local Rule 5.4 (requiring that the party seeking to file the document under seal "sets forth the factual and legal basis for departing from the policy that Court filings be public . . ."). When determining whether such good cause exists, courts have considered many factors, including "whether allowing access would impair court functions or harm legitimate privacy interests" and the degree of any likelihood of injury if made public." *Romero*, 480 F.3d at 1246. Good cause exists as to why this motion to file under seal should be granted as to Defendants' designated materials.[2]

As discussed, Defendants intend to file a *Daubert* Motion concerning Plaintiffs' expert, Xiliary Twil. However, to properly discuss the deficiencies in Ms. Twil's methodology and opinions, Defendants must inevitably refer to, describe, and attach the Designated Material. Specifically, the highlighted testimony above will be referred to in the Motion or included in the

---

[2] Defendants take no position as to whether Plaintiffs have shown good cause as to their Confidential and AEO designations (to the extent not also designated Confidential by Defendants). As the proponent of sealing in the context of their designations, Plaintiffs bear the burden of establishing good cause as to their designations.

deposition excerpts attached thereto as an exhibit. The Motion also will attach Ms. Twil's expert report in full as an exhibit. In the deposition excerpts and report pages designated by Defendants, Twil discusses Defendants' revenue from the *NightGarden* event, which is sensitive financial and commercial information that is not publicly available and if disclosed, would provide a competitive advantage to the party to whom it is disclosed and disadvantage Defendants. Defendants' confidential designations are narrow and proper, and there exists good cause to accept these pages of the Twil deposition transcript and her expert report for filing under seal.

The deposition excerpts, report pages and exhibits designated by Plaintiffs as Confidential or AEO concern Plaintiffs' exhibition pricing, revenue and other financial information. Defendants conferred with Plaintiffs and have confirmed Plaintiffs maintain the Confidential or AEO designations Plaintiffs previously provided to Defendants, thus requiring Defendants to file these portions of the deposition transcript and expert report under seal as well. So that Defendants can comply with their confidentiality obligations (*see* ECF No. 60), Defendants request that the Court permit them to file these excerpts and documents under seal or direct Plaintiffs to make a good cause showing to support sealing as it pertains to Plaintiffs' designations.

Defendants are unaware of other means that will preserve the confidentiality interests of the parties while also allowing Defendants to fully present their arguments about Ms. Twil. Indeed, because Defendants' *Daubert* Motion relies heavily on the identified testimony and documents designated by the parties, it is necessary for Defendants to reference and attach Ms. Twil's report and excerpts of her deposition testimony to adequately present their arguments. A redacted version of the *Daubert* Motion and its exhibits would be insufficient to allow the Court to fully appreciate Defendants' position, as it would render much of the material unreadable and

5

incomprehensible. Moreover, examination of the testimony and documents is necessary and helpful to the Court's analysis of the *Daubert* Motion.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this motion and allow them to file their *Daubert* Motion and accompanying exhibits, as well as any responses or replies thereto that incorporate the Designated Material, under seal until further order from this Court.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested herein. Counsel for Plaintiffs agree on the affirmative resolution of this Motion.

Dated: April 23, 2021.

                                        Respectfully Submitted,

                                        SHULLMAN FUGATE PLLC

                                        **Deanna K. Shullman**
                                        Deanna K. Shullman (FBN 514462)
                                        Allison S. Lovelady (FBN 70662)
                                        Giselle M. Girones (FBN 124373)
                                        James M. Slater (FBN 111779)
                                        2101 Vista Parkway, Suite 4006
                                        West Palm Beach, FL  33411
                                        Tel: (561) 614-2592
                                        dshullman@shullmanfugate.com
                                        alovelady@shullmanfugate.com
                                        ggirones@shullmanfugate.com
                                        jslater@shullmanfugate.com

                                        *Attorneys for Defendants*