UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., *et al.*,

    Defendants.

## DEFENDANTS'[1] OMNIBUS MOTION IN LIMINE

Pursuant to Local Rule 7.1, the Federal Rules of Evidence and related case law, and the Court's Scheduling Order (DE [27, 94]), Defendants respectfully move to exclude certain record evidence and potential testimony from trial as follows:

(1) <u>Statutory Damages</u>: Plaintiffs should be precluded from introducing any evidence or testimony as to statutory damages for direct or contributory infringement.

(2) <u>Actual Damages</u>: Plaintiffs should be precluded from seeking damages for emotional distress and reputation.

(3) <u>Defendants' Profits and Financial Condition</u>: Plaintiffs should be precluded from introducing evidence of Defendants' general financial condition.

(4) <u>Claims of Willful Infringement/Enhanced Damages</u>: Because Plaintiffs are limited to actual damages for direct and contributory infringement claims (*see* Defendants' Motion for Summary Judgment, filed contemporaneously herewith. ("MSJ")), the Court should bar any testimony or argument as to willfulness or enhanced damages for those claims.

---

[1] The term "Defendants" excludes Defendant Zhongshan G-Lights Lighting Co., Ltd.

(5) <u>Unrelated Claims</u>: No unrelated claims of infringement (*i.e.*, any claims of copyright infringement other than specifically alleged in the operative complaint) should be mentioned or heard at trial because such testimony is speculative, irrelevant and unfairly prejudicial to Defendants.

(6) <u>Claims That Defendants Withheld Documents or Abused the Discovery Process</u>: Plaintiffs have claimed that Defendants have abused the discovery process and failed to produce documents. Those claims are false, and any such argument would be irrelevant and unfairly prejudicial to Defendants.

(7) <u>Insurance</u>: No insurance policy or insurance-coverage topic should be mentioned or heard at trial because such evidence or argument would be irrelevant and unfairly prejudicial to Defendants.

(8) <u>Selection and Arrangement</u>: Plaintiffs have admitted that they are not claiming Defendants infringed the selection and arrangement of their lights. They should be precluded from introducing any testimony or evidence on selection and arrangement.

(9) <u>Evidence Plaintiffs Failed to Produce During Discovery</u>: Plaintiffs should be precluded from introducing any documents not otherwise disclosed during discovery.

The factual and legal grounds for this motion in limine are set forth in the following Memorandum of Law.

## MEMORANDUM OF LAW

**A. Legal Standard.**

It is well-settled that federal trial courts have the inherent power to make in limine evidentiary rulings pursuant to their authority to manage the course of trials. *See e.g., Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). The general purpose of a motion

in limine "is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins*. Co., No. 07-CIV-21404, 2009 WL 2208166 (S.D. Fla. July 24, 2009) (granting defendant's motion in limine to exclude statements of damages as prejudicial). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

A motion in limine is proper to prevent a party from introducing information to the jury that would prejudice the opposing party through the mere mention of it. *See, e.g., Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (granting motion in limine and noting "[t]he real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial.") Accordingly, when evidence is clearly inadmissible, the Court should grant the motion in limine. The Court should grant this motion and exclude these matters from trial.

B. **Specific Matters to Be Excluded.**

1. **Discussion about Statutory Damages (Count I and II) Should be Excluded.**

Statutory damages should be excluded on two grounds. First, it is clear that unregistered works are not eligible for statutory damages or attorneys' fees. Second, because the alleged infringement commenced prior to the one United States registration at issue, that work is *also* not eligible for statutory damages or attorneys' fees.

Plaintiffs claim infringement concerning one registered United States work (*Forest of Light* at Longwood Gardens), some unregistered United States works, and several unregistered United Kingdom works. The Copyright Act provides that "only owners of registered works may collect statutory damages and attorney's fees." *Kernel Records Oy v. Mosley*, 694 F.3d 1294,

1302–03 (11th Cir. 2012) (citing 17 U.S.C. §§ 412, 504, 505 and noting that owners of foreign works may choose to apply for U.S. registration to receive the benefits of statutory damages and attorneys' fees); *Vergara Hermosilla v. The Coca-Cola Co.*, 717 F. Supp. 2d 1297, 1304 (S.D. Fla. 2010), *aff'd sub nom*. *Hermosilla v. Coca-Cola Co.*, 419 F. App'x 917 (11th Cir. 2011) ("foreign copyright holders do not need to register in the United States unless they seek statutory damages or attorneys' fees") (citing *Rudnicki v. WPNA* 1490 AM, 580 F.Supp.2d 690, 694 (N.D. Ill. 2008)).

As noted in Defendants' Motion for Partial Judgment on the Pleadings (DE [81]), and MSJ, Plaintiffs' Amended Complaint ("FAC") and various discovery responses[2] can be read to seek recovery of statutory damages for their unregistered United States and United Kingdom works. (DE [69] ¶¶ 163, 172, p. 73). In light of the clear law on this point, Defendants asked Plaintiffs to stipulate that they were not seeking statutory damages in Counts I and II for these unregistered works to simply narrow the issues, but they have refused to do so. Accordingly, the Court should bar Plaintiffs from seeking statutory damages for any works that are not registered with the U.S. Copyright Office. This includes the firefly light, a single stick-and-bulb light (as refused by the Copyright Office as a useful article, *See* SOF ¶¶ 20-22), and any other claimed unregistered "works."

Further, Plaintiffs cannot seek statutory damages or attorney's fees for the United States registered *Forest of Light* work, either. As separately briefed in the MSJ, the sole registered work is not eligible for statutory damages or attorney's fees either pursuant to 17 U.S.C. § 412 because the alleged infringement commenced in November 2018, *prior to* the August 2019 registration.

---

[2] This includes a Third Amended R26 Disclosures served by plaintiffs today – the day of the dispositive motion deadline – that includes confusing objections and *appears* to limit their request for statutory damages to the Forest Registration, but is still unclear.

*See* MSJ p. 31-32; *see also* Motion for Judgment on the Pleadings (DE [81], p. 6-9). To that end, Defendants seek a limine ruling to exclude discussion or proffered testimony regarding measures of statutory damages or attorneys' fees for <u>all works</u> under Count I and II for the stick-and-bulb and firefly lights.

### 2. Evidence of Plaintiffs' Improper Damages Evidence Should be Excluded.

Plaintiffs seek actual damages for copyright infringement and DMCA violations, although Plaintiffs claim improper measures of damages.

The Copyright Act entitles copyright owners to two types of compensatory damages: actual damages and infringers' profits attributable to the infringement to the extent not calculated in actual damages. 17 U.S.C. § 504(a)(1), (b); *Kent v. Revere*, Civ. No.84-798-ORL-18, 1985 WL 6453, at *8 (M.D. Fla. Oct. 28, 1985). Actual damages may include "lost sales, lost opportunities to license, or diminution in the value of the copyright," or "the fair market value of a license covering the defendant's use." *BWP Media USA Inc. v. HipHopzilla, Inc.*, No. 1:14-CV-0016-AT, 2016 WL 4059683, at *2 (N.D. Ga. May 26, 2016).

Plaintiffs testified that their damages would include "mental damages" and emotional harm. SOF ¶ 108. Plaintiffs also testified that they have been damaged by potential loss of exclusivity and loss of reputation. SOF ¶ 109-10. Plaintiffs should be precluded from seeking these types of damages at trial. Emotional damage and/or mental distress is not a correct measure of damages under the Copyright Act. *See Stern v. Does*, 978 F. Supp. 2d 1031, 1050 (C.D. Cal. 2011), *aff'd sub nom. Stern v. Weinstein*, 512 F. App'x 701 (9th Cir. 2013) (emotional distress is not compensable under the Copyright Act); *See also Kelley v. Universal Music Grp.*, No. 14 CIV. 2968 PAE, 2015 WL 6143737, at *7 (S.D.N.Y. Oct. 19, 2015) (same). Similarly, the Copyright Act does not explicitly provide for reputational damages. *Viktor v. Top Dawg Ent.*

*LLC*, No. 18 CIV. 1554 (PAE), 2018 WL 5282886, at *3 (S.D.N.Y. Oct. 24, 2018) (noting that the Copyright Act does not "by it explicit terms provide for reputational damages"). In sum, Plaintiffs[3] are complaining of damages that are irrelevant, speculative and not explicitly permitted under the Copyright Act. Allowing such testimony would be confusing, irrelevant and a waste of time. The Court should exclude evidence related to Plaintiffs' purported emotional or reputational harm.

### 3. Evidence of Defendants' Financial Condition Should be Excluded.

Plaintiffs seek Defendants' profits under 17 U.S.C. § 504(b) (copyright infringement) and 17 U.S.C. § 1203(c) (DMCA). To recover profits for copyright infringement or DMCA violations, a copyright owner must present proof of Defendants' gross revenue reasonably related to the alleged infringement, not unrelated revenues. *See Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1280 (M.D. Fla. 2008).

Plaintiffs should be precluded from introducing any evidence or testimony regarding Defendants' overall financial earnings or general financial situation that have been produced in this case or that (in the case of non-profit Fairchild and Imaginer Ltd.) are otherwise publicly available. Any financial information outside of the *NightGarden* related revenues is not relevant to the question of what profits can be attributed to alleged infringement. And any probative value is "outweighed by the significant chance that it might prejudice Defendants by allowing the jury to seek proportionality between its damages award and Defendants' overall financial condition." Federal Rule of Evidence 403. *Frank Betz Assocs., Inc. v. Scenic Homes, Inc.*, No.

---

[3] As further outlined in the motion for summary judgment, Bruce Munro Ltd. ("Studio") does not have standing to pursue any claims or recover damages in this case. MSJ, p. 5, n. 4). Accordingly, preclusion of actual damages as to the Studio is especially proper here.

1:08-CV-1216-ODE, 2010 WL 11507151, at *3 (N.D. Ga. Aug. 17, 2010) (precluding financial condition evidence and testimony).

### 4. Evidence of Willful Copyright Infringement Should be Excluded.

Because Plaintiffs are limited to actual damages for copyright infringement (Counts I and II), they should be barred from raising argument or introducing evidence related to Defendants' alleged willful conduct in connection with those claims.

Under the Copyright Act, willful "means that the defendant 'knows his actions constitute an infringement; the actions need not have been malicious.'" *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015) (quoting *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851 (11th Cir. 1990)). Willfulness can also mean "reckless disregard of the possibility that one's actions are infringing a copyright." *Id.* at 1272. For claims of copyright infringement, willfulness factors into courts' calculations of statutory damages or attorney's fees. *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1310 (M.D. Fla. 2008) (citing *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1476 (11th Cir.1991)).

Courts have found that when statutory damages and attorney's fees are not at issue, like in this case for Counts I and II, "there is no proper role for proof of willfulness . . . ." *See Leonard v. Stemtech Health Sciences, Inc.*, 981 F. Supp. 2d 273, 279 (D. Del. 2013); *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008) (evidence of willfulness not relevant in claim limited to actual damages, as its "only function would be in service of an attempt by plaintiff to prejudice the jury's assessment of damages and, if it proves to be in issue, liability by portraying defendants in an unflattering light.") Here, statutory damages are not at

issue, and the Court should bar Plaintiffs from argument or the introduction of willfulness as to all works and alleged conduct in Counts I and II.

    **5.   Evidence of Unrelated Infringement Should be Excluded.**

In discovery, Defendants produced electronic "pitch decks," with images and text with abstract themes for Defendants' *NightGarden* events at Fairchild. Plaintiffs have claimed that Defendants committed infringement and/or DMCA violations by allegedly including images from the internet of Munro's works in the pitch decks. Defendants have not received any demand or been sued for copyright infringement concerning any image in the pitch deck other than the images at issue in this lawsuit. Plaintiffs should be precluded from introducing any evidence of, and speculation about, purported copyright infringement or DMCA violations with respect to images in the pitch decks *that are not at issue* in this lawsuit, as such evidence would be irrelevant and prejudicial to Defendants.

Evidence of potential third-party claims of infringement, especially where those claims are unrelated to the plaintiff's intellectual property rights or did not involve either party previously, are generally non-discoverable and inadmissible. *See, e.g., Smith v. Wal-Mart Stores, Inc.*, 475 F. Supp. 2d 1318, 1323 (N.D. Ga. 2007) (denying discovery request for third-party uses of trademarks). Such evidence or contentions here would be completely speculative, would confuse the jury, are inadmissible and should be excluded. *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV, 2011 WL 13216995, at *9 (S.D. Fla. Dec. 5, 2011) (precluding any mention of unrelated infringement under F.R.E. 401, 402, and 403).

### 6. Evidence of Defendants' Perceived Discovery Abuses and Deficiencies Should be Excluded.

Despite taking almost no action to correct any perceived deficiencies, Plaintiffs blame Defendants for purportedly not complying with the discovery process. (DE [101, 105]). Plaintiffs have seemingly ignored the thousands of documents Defendants have produced—many in native format—going so far as improperly accusing foul play with production of documents. (*See* DE [105] Ex. 15 (writing "I know what you did")). This Court has already heard discovery issues and has issued rulings denying Plaintiffs' sought relief regarding same. (DE [106, 107, 124]) Any argument or evidence regarding claims that Defendants withheld documents or engaged in discovery abuses is false, not relevant to Plaintiffs' infringement claims and is unfairly prejudicial. F.R.E. 401, 402, 403. The Court should preclude Plaintiffs from introducing the same at trial. *Habersham*, 2011 WL 13216995, at *6 (granting defendants' request to preclude argument on alleged withheld documents and discovery abuses).

### 7. Evidence of Insurance Coverage or an Insurance Policy Should be Excluded.

Defendants seek to exclude evidence about Defendants' insurance coverage because it is irrelevant and prejudicial. Under Federal Rule of Evidence 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." In addition, the "advisory committee note to Federal Rule 411 indicates that 'knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.'" *Higgins v. Hicks Co.*, 756 F.2d 681, 685 (8th Cir. 1985). Thus, evidence or arguments indicating that any Defendant was insured against the loss claimed by Plaintiffs is improper. *See, e.g., Hodgetts v. City of Venice*, No. 8:11-cv-00144-EAK-EAJ, 2011 WL 2183709, at *2 (M.D. Fla. June 6, 2011) (granting defendant's motion in limine

excluding existence of insurance coverage); *Jetport, Inc. v. Landmark Aviation Miami, LLC*, No. 1:16-CV-23303-UU, 2017 WL 7734085, at *2 (S.D. Fla. July 26, 2017) (same).

Testimony and arguments about liability insurance are improper and all documents referencing any liability insurance must be redacted if used at trial. *See, e.g., King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006) (holding that court did not err in excluding evidence of defendant's liability insurance and redacting police report to eliminate references to defendant's insurance). Accordingly, there should be no mention—whether by documentary evidence, testimony, questioning, or argument—regarding the existence of any Defendant's insurance. This type of evidence, testimony, argument, and questioning is irrelevant to the issues, and, if admitted, would unfairly prejudice the jury into thinking, for example, that any award against Defendants would be inconsequential to them.

8. **Evidence Concerning Selection and Arrangement of Munro's Works Should Be Excluded.**

In this case, Plaintiffs are <u>not</u> claiming that Defendants have selected and arranged the lights in the same manner that Plaintiffs have displayed Munro's lights. SOF ¶ 30. Generally, a copyright plaintiff may claim that a defendant has infringed the "selection and arrangement" of their work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348, (1991). Because selection and arrangement and layout is *not* at issue, the Court should not permit Plaintiffs to introduce at trial any evidence or testimony as to the selection and arrangement of Munro's works. Any such evidence or testimony would be unnecessarily confusing for the jury in light of the fact that Plaintiffs' works are exhibited in different, specific arrangements depending on the landscape of each exhibition venue, how Munro feels, and together with other lights not at issue in this case. SOF ¶¶ 29–30, 32. Accordingly, because Plaintiffs have claimed selection and arrangement is *not* at issue, allowing any such discussion or testimony would confuse the jury

and could reasonably allow it to conclude that Plaintiffs are seeking more than protection in the stick-and-bulb and firefly lights.

      **9.** **Documents Plaintiffs Produced After the Discovery Cutoff Should be Excluded**.

When a party fails to provide information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 operates as an "automatic and mandatory" sanction of exclusion from hearing, motion, or trial. *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1141 (S.D. Fla. 2016); *see Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n, Inc.*, 595 F.3d 1203, 1210 (11th Cir. 2010) (affirming exclusion of undisclosed evidence and theories and dismissal of counterclaims because no damages were proven).

The burden is on the non-disclosing party to defeat exclusion through a showing of justification for non-disclosure or its harmlessness. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (non-disclosing party bears burden) (granting summary judgment in defendant's favor and affirming striking of expert's testimony based, in part, on information not timely disclosed). "Substantial justification" requires a "genuine dispute about compliance"— that is "whether the party was required to comply with the disclosure request." *Earle v. State Farm Fla. Ins. Co.*, No. 6:07-cv-17-orl-31DAB, 2008 WL 53916, at *1–2 (M.D. Fla. Jan. 2, 2008) (granting motion to strike and excluding expert opinions as not timely disclosed).

Defendants simply request that Plaintiffs not be permitted to disclose at trial any documentation or other evidence that was not timely produced within the discovery timeframe. More specifically, Plaintiffs produced large tranches of financial documents after the January 22, 2021 discovery cutoff and after the conclusion of Plaintiffs' witness depositions. As Defendants began to depose Studio corporate designees and witnesses in December 2020, it became clear

that they were not competent to testify on designated financial matters, necessitating the deposition of Ronald Bicker after the January 22 close of discovery. (*See* DE [105] at 4). At 4 p.m. on February 9, 2021—the day before Mr. Bicker's deposition, and several weeks after the close of discovery—Plaintiffs produced 2,442 pages of financial documents related to the exhibition of Munro's works. Plaintiffs then produced several hundred pages of invoices and royalty statements the day after Mr. Bicker's deposition (despite Defendants seeking this information beginning in June 2020). The last-minute and after-the-fact productions of several thousand documents relevant to Studio financials, some from years prior, and pertinent to Mr. Bicker's testimony (and testimony of other Rule 30(b)(6) witnesses) is egregious and deprived Defendants of a reasonable opportunity to effectively conduct discovery. They should not be permitted to rely on any of these documents at trial. *See Harris Corp. v. Ruckus Wireless, Inc.*, No. 6:11-CV-618-ORL-41, 2015 WL 3671355, at *7 (M.D. Fla. June 12, 2015) (excluding late-produced documents per Rules 16(f) and 37(c) because they "effectively precluded [the defendant] from engaging in related discovery, which [it] would have otherwise had the opportunity to pursue").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this omnibus motion in limine on all matters listed above.

## GOOD FAITH CERTIFICATION PER LOCAL RULE 7.1

Counsel for Defendants certifies that she has attempted to confer on April 30 and May 3 with all parties or nonparties who may be affected by the relief sought in a good faith effort to resolve the issues raised in the motion. Counsel for Plaintiffs did not respond to the undersigned's efforts by the time this motion was filed.

Dated: May 3, 2021.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
James M. Slater (FBN 111779)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592
dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
ggirones@shullmanfugate.com
jslater@shullmanfugate.com

*Attorneys for Defendants*