UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-Singhal/Louis

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., *et al*.,

    Defendants.

**DEFENDANTS'[1] STATEMENT OF UNDISPUTED MATERIAL FACTS**

---

[1] The term "Defendants" excludes Defendant Zhongshan G-Lights Lighting Co., Ltd.

Pursuant to Federal Rule 56 and Local Rule 56.1(a), Defendants file this statement of undisputed material facts in support of their joint motion for summary judgment.[2]

## I. Bruce Munro and Bruce Munro Ltd.

1. Bruce Munro ("Munro") is an artist who resides in England. FAC ¶ 1; Notice of Filing Ex. A, Deposition of Bruce Munro ("Munro Dep.") at 11:14-25.[3]

2. Bruce Munro Ltd. ("BML") is Bruce Munro's United Kingdom-based company and studio. FAC ¶ 20.

3. Munro is a director and shareholder of BML. Munro Dep. 265:23-266:5.

## II. Copyright Registrations and Refusals

4. Munro has a United States Copyright Office registration called "Forest of Light" related to an exhibition displaying his stick-and-bulb lights, which bear the registration number VA 2-176-825 and lists Munro as the author and claimant (the "Forest Registration"). FAC ¶ 60, Ex. A; Slater Decl. Ex. B (Bates Nos. MUNRO168-69).

5. Munro's Forest Registration is the only registered work in this lawsuit. Munro Dep. 168:16-169:1.

6. The Forest Registration lists BML under the "Rights and Permissions" section and states that the work is not "works made for hire." FAC Ex. A; Slater Decl. Ex. B.

7. Munro does not have any agreements with BML, including any licenses or assignments. Munro Dep. 285:8-17.

8. According to the Forest Registration, which is effective as of August 24, 2019, that work was first published on June 9, 2012 in the United States. FAC ¶ 60, Ex. A; Slater Decl. Ex. B.

9. Munro included seven images as deposit copies with his application for the Forest Registration. Munro Dep. 222:20-224:19; Slater Decl. Ex. C (Bates Nos. MUNRO156-62).

10. Each of the images included as deposit copies in the Forest Registration application lists the title, author, and dimensions of the work as "Forest of Light," Bruce Munro, and "6 acres (approx.)," respectively. Munro Dep. 223:1-224:3; Slater Decl. Ex. C.

---

[2] References are to (1) the First Amended Complaint in this action (DE [69]) ("FAC"); (2) Declaration of James Slater ("Slater Decl."); and (3) deposition excerpts attached to the accompanying Notice of Filing Deposition Transcripts in Support of Defendants' Joint Motion for Summary Judgment ("Notice of Filing").

1

11. One of the images submitted as a deposit copy is a computer-generated image and not an actual photograph of a Munro installation. Munro Dep. 142:3-24, 198:14-199:8.

12. All of the deposit copy images for the Forest Registration depict an installation of several lights at Longwood Gardens that occurred in 2012. Munro Dep. 24:19-22, 42:14-20; 222:20-224:19; Slater Decl. Ex. C (Bates Nos. MUNRO156-62).

13. Plaintiffs claim that other stick-and-bulb light copyrights have been infringed; namely, unregistered United Kingdom works. FAC ¶¶ 32, 36, 40, 45, 53, 57, 59, 73, 157–58, 168–69.

14. One of those alleged unregistered United Kingdom works—*Field of Light* (Longwood Gardens)—was created and exhibited at Longwood Gardens in the United States. FAC ¶ 65; Munro Dep. 24:19-22, 42:14-20.

15. On August 24, 2019, Munro applied to register the work "Untitled sphere, stem, spike, filament 3D sculptural design," with the United States Copyright Office (the "Stick-and-Bulb Application"). Slater Decl. Ex. D (Bates Nos. MUNRO2714-22).

16. The Stick-and-Bulb Application included four images as deposit copies. Slater Decl. Ex. D (Bates Nos. MUNRO2718-22).

17. Each of the images included as deposit copies with the Stick-and-Bulb Application included the author, title, and dimensions of the work, as Munro, "Untitled Sphere, Stem, Spike & Filament design," and "sphere: 60 mm diameter, stem: 400, 600, or 800 mm, filament: 4 to 12 m," respectively. Slater Decl. Ex. D (Bates Nos. MUNRO2719-22); Munro Dep. 230:7-23.

18. Two of the images specifically state that they depict 600 mm stems. Slater Decl. Ex. D (Bates Nos. MUNRO2719-20).

19. The latter two images display multiple stick-and-bulb lights. Slater Decl. Ex. D (Bates Nos. MUNRO2721-22).

20. On August 27, 2019, the United States Copyright Office refused Munro's Stick-and-Bulb Application as "a useful article that does not contain any copyrightable authorship needed to sustain a claim to copyright." Munro Dep. 231:10-13, 232:2-12; Slater Decl. Ex. E (Bates Nos. MUNRO2723-24).

21. On April 24, 2020, the United States Copyright Office issued a second refusal letter in response to Munro's request for reconsideration of the rejected Stick-and-Bulb

Application, stating "this work does not contain sufficiently creative authorship either in the component elements or in the selection and arrangement of the component elements and registration must be refused." Slater Decl. Ex. F (Bates Nos. MUNRO2731-34).

22. The Copyright Office refused registration under a *de novo* review finding that "[a]fter reviewing the separable features of *Untitled sphere, stem spike, filament 3D sculptural design* the [Copyright] Office concludes that these features do not satisfy the originality requirement, regardless of whether they are considered individually or as part of the overall design," they are "basic and familiar shapes," and that the "configuration of the filament" in Munro's bulbs "is not selected and arranged by the author, but instead, is caused by the natural curvatures of the hollow tube and sphere." Slater Decl. Ex. F (Bates Nos. MUNRO2732-34).

23. In response to the April 24, 2020 letter, Munro filed a second request for reconsideration of his Stick-and-Bulb Application. Slater Decl. Ex. G (Bates Nos. MUNRO9891-916).

24. On December 3, 2020, an attorney-advisor for the United States Copyright Office asked Munro, through Plaintiffs' counsel Carl Schwenker, what specifically Munro was attempting to register in the Stick-and-Bulb Application. Slater Decl. Ex. H (Bates Nos. MUNRO11312-16).

25. In response, on December 8, 2020, Mr. Schwenker replied that Munro was attempting to register a single "object," that the latter two deposit images reflected multiple objects for illustrative purposes only. Slater Decl. Ex. I (Bates Nos. MUNRO11317-22).

26. To date, the Copyright Office has not issued a registration for the Stick-and-Bulb Application.

### III. The Specific Works at Issue

27. Plaintiffs claim copyright violation of several stick-and-bulb lights that Munro exhibits as *Forest of Light*, *Field of Light*, and *River of Light*, and other works titled *Fireflies*, *Water-Towers*, and *Brass Monkeys*. FAC ¶ 14.

28. As to Defendants, Plaintiffs' claims of copyright infringement and Digital Millennium Copyright Act ("DMCA") violations *only* pertain to the stick-and-bulb lights and *Fireflies*, and certain images of them. Munro Dep. 18:3-20, 209:1-16, 211:12-23.

29. Each exhibition is unique and features a different layout of Munro's lights. Munro Dep. 32:7-33:10; 159:14-24.

30. Plaintiffs are not claiming infringement of any light arrangement. Munro Dep. 23:11-24:7; 25:2-24; 38:7-39:3; 83:23-84:20, 163:19-164:2.

31. Plaintiffs claim Defendants copied the "spirit" of Munro's lights. Munro Dep. 39:7-22, 78:24-79:13, 132:2-12, 186:9-17.

### A. *The Stick-and-Bulb Lights*

32. The different prefixes for the stick-and-bulb lights (*Forest*, *Field*, *River*) are dictated by the space in which the lights are placed or Munro's "feel for the land"—lights in a "field" or "open plain" are called *Field of Light*; lights in "a forest" are called *Forest of Light*; lights "in a river valley or valley" are called *River of Light*. Munro Dep. 32:7-33:10, 80:16-81:1, 159:14-24.

33. The stick-and-bulb lights consist of 60-millimeter frosted or clear bulbs, sticks, "grommets" (or connector collars) to connect the bulbs to the sticks, a fiber-optic cable, ground stake and a power source. Munro Dep. 118:20-119:11, 140:22-141:19, 151:1-10, 152:6-17, 156:10-11.

34. Munro has used different grommets for functional reasons based on weather and environment. Munro Dep. 117:24-118:19.

35. On occasion, Munro will cover the fiber-optic cable in a sheath, which serves a functional purpose. Munro Dep. 167:7-168:4.

36. To assemble the stick-and-bulb lights, fiber-optic cable is pushed into the bulb through the grommet until it stops. Munro Dep. 128:16-129:16, 165:13-166:1.

37. The twisted configuration of the cable in the bulb is a natural consequence of pushing the material into the bulb. Munro Dep. 129:12-16; Slater Decl. Ex. F (Bates No. MUNRO2731-34).

38. BML purchases the stick-and-bulb light components in large quantities. Munro Dep. 149:18-150:7, 155:16-157:6; Slater Decl. Comp. Ex. J (Bates Nos. MUNRO1682, 1693, 1849, 2030, 2133).

39. On at least one occasion, BML purchased pre-assembled bulbs with grommets to ensure that the components would fit together correctly. Munro Dep. 152:18-154:1 (discussing an invoice for pre-assembled bulbs with grommets marked as Exhibit 11).

40. A team of BML staff as well as volunteers help to assemble, create and install the stick-and-bulb lights for exhibition. Munro Dep. 122:5-126:18, 302:9-303:9.

41. Munro does not place his signature on any stick-and-bulb light component. Munro Dep. 58:12-22.

42. There is no Munro marking on any individual stick-and-bulb light component. Munro Dep. 58:12-22.

### B. *Fireflies*

43. Plaintiffs also seek to enforce copyright over a work called "fireflies" by application of United Kingdom law under the Berne Convention. FAC ¶¶ 48-49, 51.

44. Munro's fireflies are composed of fiber-optic cables, copper sphere/tube, turned brass connector collars, and a power source. Munro Dep. 189:17-190:5.

45. BML orders these components in large quantities. Munro Dep.149:18-150:7; Slater Decl. Comp. Ex. K (Bates Nos. MUNRO1720, 2003).

46. A spike is attached to the copper tube to place the tube into the ground. Munro Dep. 190:14-20.

47. The fiber-optic cables are then pulled through a hole in the copper tube and brass connector, or through drilled brass components, until they hang down. Munro Dep. 190:6-13.

48. A number of different people assemble the fireflies when they are exhibited, and Munro rarely physically assembles them. Munro Dep. 175:7-22.

49. Munro creates ideas, which he communicates to his team for purposes of assembly. Munro Dep. 175:7-22.

50. Munro does not sign any firefly component. Munro Dep. 58:12-22.

51. There is no Munro marking on any firefly. Munro Dep. 58:12-22; Notice of Filing Ex. B, Deposition of Jennifer Lewis ("Lewis Dep.") 84:16-85:2, 85:23-86:15.

### IV. **Images and DMCA Claims**

52. Plaintiffs claim that electronic documents, called pitch decks, for the *NightGarden* event include "stolen images" of Munro's works, identifying six such images. FAC ¶¶ 98, 105; Munro Dep. 209:1-16. Slater Decl. Comp. Ex. L (Bates Nos. KILBURN489-96, FAIRCHILD335-342, KILBURN378-98, FAIRCHILD77-102).

53. Plaintiffs do not assert United States copyright registrations for any of these images. *See, e.g.*, FAC ¶ 74 (only identifying the Forest Registration in the FAC).

5

54. Defendant Max Painter ("Painter"), through his company Imaginer, found the *NightGarden* pitch decks images using "Google Images" searches and did not see or remove any markings on any image. Notice of Filing Ex. C, Deposition of Max Painter ("Painter Dep.") 178:1-7, 208:16-22, 216:3-6; *see also* Declaration of Max Painter ¶¶ 6, 8-10, 13-14 ("Painter Decl.").

55. Neither Painter nor Imaginer ever saw Plaintiffs' names in connection with any images. Painter Dep. 208:16-22, 216:3-6; Painter Decl. ¶¶ 10, 13, 15, 19.

56. The pitch decks were for internal reference and not for public use. Painter Dep. 80:1-19, 219:11-20; Painter Decl. ¶¶ 6-7, 11-12.

57. Painter saved the images he found through Google Images searches by right clicking and saving, and he did not visit websites that hosted any of the images he saw on Google Images. Painter Dep. 177:7-11, 219:11-20; *See* Painter Decl. ¶ 9, 15.

58. No other Defendants, including NightGarden LLC or Kilburn Live (collectively "Kilburn") performed the pitch deck image searches. Painter Dep. 137:25-138:13; Painter Decl. ¶ 6.

59. The first image from the pitch deck is a computer-generated image (CGI) depicting *Forest of Light* at Longwood Gardens with the Longwood Gardens logo on the bottom. FAC ¶¶ 60 (fig. 15), 98 (fig. 19 R1, C1); Munro Dep. 142:3-24, 198:14-199:8. Slater Decl. Ex. L (KILBURN494).

60. Steve Weeks, a third-party contractor, created the CGI image. Munro Dep. 142:16-144:6.

61. The second image is of *Field of Light* exhibited at Longwood Gardens in the United States in 2012. FAC ¶ 98 (fig. 19 R2, C1) and does not include any marking or signature of Munro or BML. Slater Decl. Ex. L (KILBURN494).

62. Hank Davis and Mark Pickthall photographed the exhibition at Longwood Gardens. Munro Dep. 318:25-319:24.

63. The third image is of *Field of Light* exhibited at Holburne Museum in Bath, United Kingdom in 2011 and does not include any marking or signature of Munro or BML. FAC ¶¶ 54 (fig. 10), 105 (fig. 20 R1, C1); Munro Dep. 196:19-197:25. Slater Decl. Ex. L (KILBURN386).

64. Mr. Pickthall took the photograph of *Field of Light* at Holburne Museum. Munro

6

Dep. 196:19-197:8.

65. Mark Pickthall is a friend of Munro's who has taken photographs of Munro's works. Munro Dep. 69:22-70:6.

66. BML entered into a written agreement on June 14, 2018 with Mr. Pickthall's company, January Design Limited. Munro Dep. 287:16-289:7; Slater Decl. Ex. M (Bates Nos. MUNRO1254-73).

67. Plaintiffs have produced no evidence of a written agreement with Mr. Pickthall or any of his companies prior to the 2018 agreement. Munro Dep. 289:8-290:4.

68. The fourth image is of *Field of Light* exhibited at Long Knoll, Wilshire, United Kingdom in 2004 and does not include any marking or signature of Munro or BML. FAC ¶¶ 37 (fig. 3), 105 (fig. 20 R1, C3). Slater Decl. Ex. L (KILBURN386).

69. Vincent Evans took this photograph of *Field of Light* at Long Knoll. Munro Dep. 193:16-23; FAC ¶¶ 37 (fig. 3), 105 (fig. 20 R1, C3).

70. Neither Plaintiff owns this photograph. Munro Dep. 193:24-194:5; Notice of Filing Ex. D, Deposition of Jane O'Connor ("O'Connor Dep") 127:19-128:4.

71. The fifth image is of *Fireflies* exhibited at The Hermitage in 2014 in the United States and does not include any marking or signature of Munro or BML. FAC ¶¶ 51 (fig. 8), 105 (fig. 21 R1, C2); Munro Dep. 195:22-196:15; Slater Decl. Ex. L (KILBURN396).

72. The sixth image is of *Fireflies* exhibited at Longwood Gardens in 2012 in the United States and does not include any marking or signature of Munro or BML. FAC ¶¶ 51 (fig. 7), 105 (fig. 21 R2, C2); Munro Dep. 194:25-195:17; Slater Decl. Ex. L (KILBURN396).

73. Plaintiffs did not capture or create any pitch deck image. Munro Dep. 193:16-23, 194:25-195:17, 196:6-12, 197:1-8, 318:25-319:24; O'Connor Dep. 109:8-15, 129:24-130:9.

74. Plaintiffs did not commission any pitch deck image as a work-for-hire. Munro Dep. 194:15-24, 289:8-290:4.

75. No rights in any pitch deck images have been transferred to Plaintiffs. Munro Dep. 143:14-25, 287:16-290:4.

76. Plaintiffs do not own the copyright to any of the pitch deck images. Munro Dep. 193:24-194:5, 298:14-22, 318:25-319:24; O'Connor Dep. 127:19-128:4, 128:6-22.

77. Plaintiffs claim that any photographs or images taken of the *NightGarden* event, including by attendees, constitute DMCA violations. FAC ¶¶ 146, 169.

78. Plaintiffs claim that photographs online that display the *NightGarden* attractions, including those on the *NightGarden* website, fail to attribute Munro. FAC ¶¶ 147-49 (fig. 38).

79. Plaintiffs claim the *NightGarden* website image depicted in fig. 38 of the FAC displayed a copy of his works. Munro Dep. 213:3-15.

80. Plaintiffs claim that a map of the *NightGarden* event fails to attribute Munro. FAC ¶¶147-49 (fig. 39); Slater Decl. Ex. N (KILBURN577).

81. Plaintiffs do not want to be associated with the *NightGarden*. Munro. Dep. 98:13-99:20.

82. As for the *NightGarden* map, there is no photograph of Munro's work on it, and Plaintiffs do not know what their claim is relative to the map. Munro Dep. 214:3-11, 216:4-8; FAC fig. 39.

83. The map was created by a third-party contractor working on the *NightGarden*. Notice of Filing Ex. E, Deposition of Jonathan Sanford ("Sanford Dep.") 173:2-176:20.

V. **The *NightGarden* and its Mushrooms and Fiber Lights**

84. The first *NightGarden* event ran at Fairchild Tropical Botanic Garden in Miami, Florida ("Fairchild") between November 2018 and January 2019 ("season one"). FAC ¶ 78.

85. The second *NightGarden* event ran at Fairchild between November 2019 and January 2020 ("season two"). FAC ¶ 78.

86. The *NightGarden* event spanned more than 23 acres at Fairchild and included talking trees, illuminated mazes, scavenger hunts, a fairyland and growing dandelion field, and food and drink offerings, among other things. Slater Decl. Ex. O (Bates Nos. MUNRO8562-66).

87. The *NightGarden* event contained custom lighting built and assembled by Defendants and their contractors. Slater Decl. Ex. P (Bates Nos. IMAGINER388-401), Ex. Q (Bates No. KILBURN61).

88. Plaintiffs claim that Defendants' mushrooms and fiber lights displayed at the *NightGarden* are "knock offs" or "copies" of Munro's stick-and-bulb lights and fireflies. Sanford Dep. 80:21-81:3; Munro Dep. 46:9-16, 63:19-64:18, 69:7-16; *see, e.g.*, FAC ¶¶ 87, 114, 117, 142, 144, 146-47, 149, 156.

89. Plaintiffs did not participate in the *NightGarden*. Munro Dep. 64:1-18.

90. Kilburn did not know who Munro was until they received his cease-and-desist letter in November 2019, which was immediately forwarded to counsel for Kilburn. Sanford

Dep. 27:1-25, 74:22-75:10, 234:20-25; Slater Decl. Ex. R (Bates Nos. MUNRO3129-32).

91. Kilburn CEO Mark Manuel had not heard of Munro until receipt of the cease-and-desist letter. Notice of Filing, Ex. F, Deposition of Mark Manuel ("Manuel Dep.") 12:25-13:2, 13:19-22, 75:25-76:6.

92. The cease-and-desist letter only referenced claims relative to the selection and arrangement of Munro's stick-and-bulb lights and not any alleged infringement concerning Defendants' fiber lights or Munro's fireflies. Slater Decl. Ex. R.

93. Fairchild chief operating officer Nannette Zapata had previously corresponded with Munro's staff in 2014. Slater Decl. Ex. S (Bates Nos. MUNRO3016-28); Notice of Filing Ex. G, Deposition of Nannette Zapata ("Zapata Dep.") 9:19-23.

94. Zapata had no recollection of Munro or that correspondence and only went back to check for the 2014 correspondence after reading about it in the Complaint. Zapata Dep. 48:4-50:15.

95. Imaginer principal Max Painter first became aware of Munro or his works in early 2020 after the lawsuit was filed. Painter Dep. 19:10-15, 27:12-15, 34:17-25, 208:3-22; Painter Decl. ¶ 19.

96. Painter never visited any Munro exhibition. Painter Dep. 35:1-12; Painter Decl. ¶ 16.

97. The mushrooms were displayed during both seasons of the *NightGarden*. Sanford Dep. 81:2-7. Slater Decl. Ex. A, Rog 6-7, p. 3-4 (Kilburn Live's Response to BML's Second Set of Interrogatories).

98. Approximately 1000 mushroom lights were used in two areas in season one; 600 lights were used in season 2. Sanford Dep. 81:2-7; Slater Decl. Ex. A, Rog. 6-7, p. 3–4.

99. In season two, the mushrooms were confined to an area smaller than 2,000 square feet. Slater Decl. Ex. A, Rog 7, p. 4–5.

100. Kilburn purchased the mushrooms from G-Lights, a Chinese manufacturer, through Alibaba, in 2018. Slater Decl. Comp. Ex. T (Bates Nos. KILBURN275-77, 152-55); Sanford Dep. 83:1-7; Painter Decl. ¶¶ 20-21.

101. The mushrooms were 600 millimeters in height, included 3 meters of fiber-optic cable, were powered by 45-watt LEDs, and were made of acrylic, glass, and aluminum. Slater Decl. Comp. Ex. T (Bates Nos. KILBURN276, 154).

102. No fiber lights were displayed in season one. Sanford Dep. 81:8-10.

103. In season two, the fiber lights were placed in bushes and near trees as light filler and were not identified by any feature or name. Sanford Dep. 81:21-82:6, 180:14-21; Slater Decl. Ex. A, Rog 7, p. 4.

104. Fewer than 600 fiber lights were used. Sanford Dep. 81:21-82:11; Slater Decl. Ex. A, Rog 7, p. 4.

105. Kilburn purchased the fiber lights from Toprex, a Chinese manufacturer, in 2019. Slater Decl. Ex. U (Bates No. KILBURN1108).

106. The fiber lights used 17-centimeter fiber-optic cable with green plastic tubing. Slater Decl. Ex. U (Bates No. KILBURN1108).

## VI. Damages

107. Plaintiffs do not license or sell their individual lights or images. Notice of Filing Ex. H, Deposition of Ronald Bicker 69:6-9; Lewis Dep. 147:18-148:13.

108. Plaintiffs are not sure how they were damaged but claim that the measure of damages would include Munro's "feeling in [his] heart" and "mental damage." Munro Dep. 237:20-239:6.

109. Plaintiffs claim reputational harm, but they do not know how to measure such harm. Munro Dep. 88:19-90:2, 91:18-92:4, 237:5-19, 267:25-269:2; Lewis Dep. 160:16-161:22.

110. BML seeks damages for Munro's loss of exclusivity. Lewis Dep. 162:7-25.

111. Plaintiffs are not aware of any lost business or refusal to work with them caused by the *NightGarden* event. Lewis Dep. 161:19-162:6, 162:23-25, 163:5-7.

112. No one has cancelled any agreement with Plaintiffs. Lewis Dep. 162:4-6, 165:11-17.

113. BML does not record profits on individual exhibitions, and its overall profits increased in 2019 compared to 2018. Bicker Dep. 57:23-58:14, 86:15-24.

114. Though COVID-19 has caused BML to put some business on hold, Plaintiffs have not attributed any loss in 2020 to the *NightGarden*. Munro Dep. 261:2-25.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
James M. Slater (FBN 111779)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592
dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
ggirones@shullmanfugate.com
jslater@shullmanfugate.com

*Attorneys for Defendants*