**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-20079-Singhal/Louis

BRUCE MUNRO, *et al.*,

    Plaintiffs,

vs.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

    Defendants.

_____/

## DECLARATION OF MAX PAINTER

I, Max Painter, declare as follows:

1. My name is Max Painter. I am over the age of 18, and I have personal knowledge of the facts set forth in this declaration.

2. I am the President of Imaginer, Inc. and Imaginer Ltd (collectively, "Imaginer").

3. I, along with Imaginer, am named as a Defendant in this action and have reviewed the Amended Complaint.

4. All work performed for *NightGarden* was performed and paid through Imaginer and not me individually.

5. Imaginer is a company that provides creative design, concept creation and consulting for immersive experiences.

6. Beginning in early 2018, I, through Imaginer, prepared electronic documents called concept decks, or pitchdecks ("pitchdecks") for the *NightGarden* event to be held at Fairchild Tropical Botanical Garden.

7. The pitchdecks are used as inspiration boards, similar to a collage of photographs, for reference purposes only. Typically, pitchdecks are not a representation of what actually occurs or is displayed at a particular event.

8. The *NightGarden* pitchdecks contain many images that Imaginer located online through Google Images.

9. To obtain photographs for the pitchdecks, I would perform a basic search in Google Images. I would then right click and save various photographs into the pitchdeck.

10. I never searched the name Bruce Munro, Bruce Munro Ltd. or similar terms or permutations thereof in connection with the pitchdecks or *NightGarden*.

11. The pitchdeck was only for internal reference for those working on the *NightGarden* event.

12. The pitchdeck was not intended for public use and was not disseminated to the public or used in any marketing for the *NightGarden*.

13. I never saw any copyright management information, marking or logos on the images Imaginer used for the pitchdeck, and I do not know of any CMI that was removed.

14. I never removed, cropped, edited, or altered any marking on any image used in the pitchdeck.

15. I never visited www.brucemunro.co.uk or any other Bruce Munro or Bruce Munro Ltd. website until after learning of this lawsuit.

16. I have never attended any of Plaintiffs' light exhibitions.

17. Prior to this lawsuit, I do not recall seeing any of Plaintiffs' publications in hard copy or electronically, such as note cards, pamphlets, brochures or books.

18. Until this lawsuit, I had never heard of Longwood Gardens, Holburne Museum, Long Knoll, or The Hermitage—locations where Plaintiffs allegedly exhibited Bruce Munro's light exhibitions.

19. I first recall learning of Plaintiffs, their claims and Munro's light exhibitions in early 2020 after the lawsuit was filed.

20. I assisted in obtaining mushroom lightbulbs from Alibaba, via a China manufacturer Zhongshan G-Lights Lighting Co., Ltd ("G-Lights").

21. Upon inquiring to Alibaba about mushroom-style lights, G-Lights provided light suggestions to me and I selected one style of light. I do not recall seeing Bruce Munro, Bruce Munro Ltd or any variations of those names in connection with any lights that were ordered or reviewed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: April  2 9 , 2021.

_____
Max Painter