**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case Nos. 1:20-cv-20079-Singhal/Louis

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

    Defendants.

_____/

**DECLARATION OF JAMES M. SLATER**

I, James M. Slater, pursuant to 28 U.S.C. § 1746, state as follows:

1.    I am an attorney of record in this case for Defendants Fairchild Tropical Botanic Garden, Inc., Nannette M. Zapata, Night Garden, LLC, Kilburn Live, LLC, Kilburn Media, LLC, Mark C. Manuel, Imaginer, Inc., Imaginer Ltd., and Max Painter (collectively, "Defendants").

2.    I am over the age of 18, and I have personal knowledge of the facts set forth in this declaration.

3.    The purpose of this declaration is to annex discovery responses and documents to Defendants' Motion for Summary Judgment.

4.    Attached as Exhibit A hereto is a true and correct copy of Kilburn Live and Night Garden LLC's Response to Plaintiff Bruce Munro Ltd's Second Set of Interrogatories.

5.    Attached as Exhibit B hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO168-69, which Defendants refer to as the "Forest Registration."

6. Attached as Exhibit C hereto are a true and correct copies of the documents produced by Plaintiffs as Bates Nos. MUNRO156-62, which Defendants refer to as the Forest Registration deposit copies.

7. Attached as Exhibit D hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO2714-22, which Defendants refer to as the "Stick-and-Bulb Application."

8. Attached as Exhibit E hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO2723-24, which Defendants refer to as the Copyright Office's first refusal of the Stick-and-Bulb Application.

9. Attached as Exhibit F hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO2731-36, which Defendants refer to as the Copyright Office's second refusal of the Stick-and-Bulb Application.

10. Attached as Exhibit G hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO9891-916, which Defendants refer to as Munro's second request for reconsideration of the Copyright Office's refusal of the Stick-and-Bulb Application.

11. Attached as Exhibit H hereto is a true and correct copy of the correspondence produced by Plaintiffs as Bates Nos. MUNRO11312-16, which Defendants refer to as correspondence from the Copyright Office in connection with Munro's second request for reconsideration.

12. Attached as Exhibit I hereto is a true and correct copy of the correspondence produced by Plaintiffs as Bates Nos. MUNRO11317-22, which Defendants refer to as Munro's response to the above-referenced correspondence from the Copyright Office.

13. Attached as Composite Exhibit J[1] hereto are true and correct copies of the invoices produced by Plaintiffs as Bates Nos. MUNRO1682, 1693, 1849, 2130 and 2133, which Defendants refer to in connection with Plaintiffs' purchases for their stick-and-bulb lights.

14. Attached as Composite Exhibit K hereto are true and correct copies of the invoices produced by Plaintiffs as Bates Nos. MUNRO1720 and 2003, which Defendants refer to in connection with Plaintiffs' purchases for their fireflies.

15. Attached as Composite Exhibit L hereto are true and correct copies of the pitchdecks produced by Defendants as Bates Nos. KILBURN489-96, FAIRCHILD335-342, KILBURN378-98, FAIRCHILD77-102.

16. Attached as Exhibit M hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO1254-73, which Defendants refer to as an agreement between Plaintiffs Bruce Munro Ltd. and Mark Pickthall.

17. Attached as Exhibit N hereto is a true and correct copy of the document produced by Kilburn Live as Bates No. KILBURN577, which contains a map of the *NightGarden* event.

18. Attached as Exhibit O hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO8562-66, which Defendants refer to as providing information about the *NightGarden* event.

19. Attached as Exhibit P hereto is a true and correct copy of the document produced by Imaginer Ltd. as Bates Nos. IMAGINER388-401, which Defendants refer to in connection with the *NightGarden* attractions.

---

[1] Per the Court's Order on Defendants' Unopposed Motion to File Under Seal (DE [134]), Exhibits J-K, and M will be filed under seal.

20. Attached as Exhibit Q hereto is a true and correct copy of the document produced by Kilburn Live as Bates No. KILBURN61, which Defendants refer to in connection with the *NightGarden* attractions.

21. Attached as Exhibit R hereto is a true and correct copy of the document produced by Plaintiffs as Bates Nos. MUNRO3129-32, which Defendants refer to as Munro's cease-and-desist letter.

22. Attached as Exhibit S hereto are true and correct copies of the documents produced by Plaintiffs as Bates Nos. MUNRO3016-28, which Defendants refer to as Nannette Zapata's correspondence.

23. Attached as Composite Exhibit T hereto are true and correct copies of the documents produced by Kilburn Live as Bates Nos. KILBURN152-55, 275-77, which Defendants refer to in connection with a purchase of lights from G-Lights.

24. Attached as Exhibit U hereto is a true and correct copy of the document produced by Kilburn Live as Bates No. KILBURN1108, which Defendants refer to in connection with a purchase of lights from Toprex.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 3, 2021.

_____
James M. Slater