UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

      Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs Bruce Munro and Bruce Munro, Ltd. dba Bruce Munro Studio's Motion to Compel (ECF No. 115) and Amended Motion to Compel (ECF No. 116), both of which seek to compel non-party RBB Communications, Inc. ("RBB") to respond to the subpoena served upon it and overrule RBB's objections thereto. These matters are referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Raag Singhal, United States District Judge for the resolution of discovery disputes (ECF Nos. 27, 53). Having reviewed the Initial and Amended Motions to Compel, RBB's opposition (ECF No. 117), Plaintiffs' Reply (ECF No. 122), and being otherwise duly advised on the matter, the Court hereby orders that Plaintiffs' Motion to Compel (ECF No. 115) be **DENEID** as moot, and the Amended Motion to Compel (ECF No. 116) be **DENIED** as follows.

    **I.**    **BACKGROUND**

Plaintiffs brought the instant action on January 8, 2020, for copyright infringement and violations of copyright management information against Defendants arising in connection with

unauthorized commercial exploitation and appropriation of Plaintiffs' works of art (ECF No. 1). An initial scheduling order was entered the following month, which required that all discovery be completed by November 9, 2020. After the filing and granting of three (3) motions to amend the scheduling order (ECF Nos. 31, 57, 74), the deadline to complete discovery was extended to January 22, 2021 (ECF No. 75). Plaintiffs' request to extend it beyond that date was denied (ECF No. 105).

On January 11, 2021, Plaintiffs served non-party RBB with a subpoena containing 45 document requests (ECF Nos. 116-1; 117 at 1). The subpoena gave RBB just 11 days to respond, setting a response deadline of January 22, 2021—the close of discovery (*id.*). On that given deadline, RBB timely responded to the subpoena with its objections to each of the 45 document requests (ECF No. 116-3 at 10). It was not until March 4, 2021, 41 days after RBB responded to the subpoena with its objections, that Plaintiffs first filed their initial Motion to Compel (ECF No. 115). Plaintiffs then filed their Amended Motion to Compel (ECF No. 116) the following day, which sought identical relief as their initial Motion to Compel, thus rendering initial Motion to Compel (ECF No. 115) moot.[1]

**II.     DISCUSSION**

The Southern District of Florida's Local Rule 26.1(g)(1) states in relevant part that:

> All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the

---

[1] Plaintiffs' Motion to Compel was amended to comply with Local Rule 26.1.(g)(2), which requires motions to compel compliance with a subpoena to include "(A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item." (*See* ECF No. 116 at n.1).

>dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

Here, the original due date of RBB's response or objections to Plaintiffs' subpoena was January 22, 2021. It was also on this date that Plaintiffs learned of the purported deficiency through RBB's timely filing of its objections. However, Plaintiffs waited over 40 days after learning of RBB's objections—and over 40 after the close of discovery—to first raise this discovery dispute to the Court. Plaintiffs have not shown good cause for this delay. Instead, Plaintiffs claim it was not until February 9, 2021, that RBB confirmed it would not be producing documents and thus, Plaintiffs aver, the dispute is timely raised. Not only does this wholly ignore RBB's objections that were provided to Plaintiffs on January 22nd, which Plaintiffs now seek to overrule, but it also ignores the purposes of Local Rule 26.1(g)(1), which is to "focus the parties' conferral efforts" and "ensure that discovery motions are filed when ripe and *not held until shortly before the close [of] discovery or the eve of trial*." *Haney v. PGA Tour, Inc.*, No. 19-CV-63108, 2021 WL 535366, at *1 (S.D. Fla. Feb. 13, 2021) (denying a motion to compel an untimely under Local Rule 26.1(g)(1), and finding the parties' attempt to confer and resolve the dispute without the court's intervention did not justify good cause for the untimeliness of the motion) (emphasis in original).

It is within the Court's discretion to strictly enforce Local Rule 26.1(g)(1). Plaintiffs, moreover, had fair warning of this Court's practice not to consider disputes untimely raised without good cause. Plaintiffs' Amended Motion to Compel (ECF No. 116) is **DENIED** as untimely; Plaintiffs' Motion to Compel (ECF No. 115) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers this on this 6th day of May, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE