UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., *et al.*,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

Pursuant to the Court's order of May 19, 2021 (DE [169]), Defendants[1] file the following response opposing "Plaintiff's *Expedited* Motion to Strike Defendants' Noncompliant Summary Judgment Motion Rule 56.1 Statement" (the "Motion") (DE [167]).

## ARGUMENT

Defendants filed their Joint Motion for Summary Judgment and related Statement of Facts pursuant to Local Rule 56.1(a) and this Court's trial Order (DE [27]) ("SOF") on May 3, 2021. (DE [145, 146]). Thereafter, the parties conferred and obtained an approved briefing schedule for the responses and replies to various motions filed by both parties. (DE [163, 164].) During that conferral and joint motion, Plaintiffs did not seek an extension to respond to the SOF, either in the joint motion drafted by Plaintiffs' counsel or its unilaterally filed amendment thereafter (DE [161, 163]). Accordingly, Plaintiffs' response to the SOF was due May 17, 2021. Instead of filing a response by the required deadline, Plaintiffs waited 16 days—until after their response to the SOF

---

[1] The term "Defendants" excludes Defendant Zhongshan G-Lights Lighting Co., Ltd.

was due—to file the instant *expedited* Motion to Strike. Accordingly, the Court can find that the SOF is unopposed and each paragraph deemed admitted because Plaintiffs failed to respond by the deadline, per Local Rule 56.1(c). Further, the Motion is unfounded, untimely, and should be denied. (*See also* Plaintiffs' motion for "summary judgment" at DE [154] a belated, mislabeled Rule 37(c) motion that failed to include any statement of facts).[2]

The Motion purports to be a motion to strike, but the first 11 pages contain improper substantive argument and reads like a pre-response to Defendants' Joint Motion for Summary Judgment. Because neither the Federal Rules nor the Local Rules recognize such a filing, Defendants ask the Court to strike or disregard the first 12 pages of the Motion.

Beginning on page 13, Plaintiffs spend four pages summarily stating that Defendants' SOF is too long and includes irrelevant, conclusory, compound, and derogatory statements. The Motion also includes some charts in an apparent attempt to preview their summary judgment response arguments or submit counsel-created charts into the record. In all, Plaintiffs allege that Defendants' SOF contains 280 strikable "offenses." (Motion at App'x A, 19–24.) This Court should deny Plaintiffs' Motion for two reasons: it is specious on its face and it is procedurally improper.[3]

First, the argument that a 114-paragaph statement includes 280 discrete violations is simply specious on its face and does not merit a comprehensive response. Plaintiffs generally list

---

[2] Plaintiffs' Motion exceeds the permitted number of pages, and Plaintiffs failed to meaningfully comply with Local Rule 7.1. Regarding conferral, Plaintiffs sent Defendants' counsel the Motion and demanded a response within a few hours. When Defendants responded that they had other obligations but could review the Motion and respond in the next 48 hours, Plaintiffs indicated that the timing was unacceptable and filed the Motion anyway.

[3] As a third basis, Defendants could not —within the page limitations permitted under the rules— provide a 280-point response to the Motion. Moreover, Plaintiffs' contention that Defendants committed 280 errors in the SOF only bolsters the unreasonableness of giving defense counsel just a few hours to "confer" before filing the Motion.

paragraph numbers and claim that 100 paragraphs should be stricken based on some varying combination of "positional," "immaterial," "conclusory," "argumentative," "derogatory," "discovery deficient," and "compound." As an initial matter, Plaintiffs provide no support for their categories of violations. In fact, Defendants could not locate any cases in this District or the Eleventh Circuit that struck a statement of facts for reasons such as "derogatory" or "discovery deficient." Instead, cases focus on whether a blatant violation of rules has occurred or whether the court's ability to determine what facts are in dispute has been hindered, neither of which is applicable to Defendants' SOF. *See Santana v. City of Hialeah*, 08-22104-CIV, 2009 WL 6635306, at *1 n.3 (S.D. Fla. Nov. 30, 2009) (granting defendant's motion for summary judgment after independently determining the undisputed material facts and denying the motion to strike as moot); *Redding v. Nova Se. Univ., Inc.*, 14-60545-CIV, 2015 WL 13566931, at *2 (S.D. Fla. Oct. 26, 2015) (striking an *opposition* to statement of facts because it violated local rules by not expressly denying or admitting the original statements and extensively citing to irrelevant facts, making it "extremely difficult for the Court to determine which facts are disputed and why."). More generally, motions to strike are also disfavored. *See Birster v. Am. Home Mortgage Servicing, Inc.*, 10-80735-CIV, 2011 WL 13107423, at *2 (S.D. Fla. June 27, 2011) ("motions to strike are disfavored"); *Dempsey v. Nathan*, 14 C 812, 2017 WL 714108, at *4 (N.D. Ill. Feb. 23, 2017) ("motions to strike at the summary judgment stage are disfavored and generally unnecessary") (citation omitted); *Akpoke v. City of New York*, 15-CV-6960, 2019 WL 469303, at *2 (E.D.N.Y. Feb. 6, 2019) (declining to strike a statement of facts and stating that "[m]otions to strike are held to a high standard, as they are generally disfavored").

Due to the belated Motion and sheer volume of 280 claimed "violations," Defendants cannot conceivably respond to each item. This task is exacerbated by the conflicting claims within

Plaintiffs' own Motion, such as claiming a paragraph is "immaterial" in the body of the Motion, but then not putting an "x" in the "immaterial" column in the chart on page 22 of the Motion. (*See, e.g.,* Motion at 15, 22 regarding SOF ¶ 43 (pertaining to the fact that Munro's *Fireflies* are unregistered and brought under UK Law)). Instead, Defendants have highlighted a few examples of Plaintiffs' claimed violations below to confirm the hollowness of Plaintiffs' contentions.

- ➢ Plaintiffs claim that 23 statements are derogatory because Plaintiffs do not like the short-hand definition of Plaintiffs' lights—a definition that merely describes what they look like: a stick and a circular bulb. (*See* Motion at 14, asking to strike statements "derogatorily call[ing] Plaintiffs' famous, globally lauded mixed media works 'stick-and-bulb' 'lights.'")
- ➢ Plaintiffs claim that the fact that Munro does not place his signature on any individual light is derogatory and unrelated to any claim, yet this simple fact is corroborated by Plaintiffs and relates to Plaintiffs' broad and legally unfounded DMCA claim regarding purported "CMI removal." (*See* SOF ¶ 41–42.)
- ➢ Plaintiffs claim that verbatim quotes from a Copyright Office Refusal letter related to Plaintiffs' stick-and-bulb light are "non-factual" statements. (*See* Motion at App'x A, 19 and SOF (DE [146] ¶ 20–24) (citing to the U.S. Copyright Office's determination that Munro's work does "not satisfy the originality requirement, regardless of whether they are considered individually or as part of the overall design"; that they are "basic and familiar shapes"; and that the "configuration of the filament" in the bulbs "is not selected and arranged by the author, but instead, is caused by the natural curvatures of the hollow tube and sphere").

- ➢ Plaintiffs claim that every statement containing the specific findings from the Copyright Office refusals of Munro's stick-and-bulb light (as an uncopyrightable, useful articles) are immaterial and derogatory—findings that this Court can look to in making its summary judgment finding. (SOF ¶ 20–25.)
- ➢ Plaintiffs claim the fact that "Kilburn CEO Mark Manuel had not heard of Munro until receipt of the cease-and-desist letter," something Mr. Manuel stated in his deposition, is conclusory, argumentative, "discovery deficient" and compound. (SOF ¶ 91.)
- ➢ Plaintiffs claim that the fact that, as to Munro, "[e]ach exhibition is unique and features a different layout of Munro's lights" is immaterial, conclusory, argumentative, and derogatory. This is a fact that Plaintiffs' multiple corporate representatives confirmed, and which Defendants have made clear in the summary judgment motion (because selection/layout of the lights is not at issue). (SOF ¶ 29.)
- ➢ Plaintiffs claim that the fact that "[m]ushroom lights were displayed in both seasons" should be stricken because it allegedly relates to spoliation and deficient discovery responses. (SOF ¶ 97.) There is no spoliation (Plaintiffs inspected the *NightGarden* season-two and physical mushroom lights during this case); discovery documents, testimony and responses made clear when and how the mushroom lights were used; and any claims related to deficient discovery are untimely.

Plaintiffs seem to bring the Motion because they do not like the facts, such as the fact that the Copyright Office refused Munro's light as an uncopyrightable useful article. The assertion that 100 of the SOF's 114 paragraphs are objectionable by listing a number of random objections without explanation or foundation is untenable.

Second, Plaintiffs' Motion constitutes another example of Plaintiffs circumventing the rules by filing the wrong thing at the wrong time. Plaintiffs apparently filed this Motion to express disagreement about Defendants' SOF. But if parties always agreed about the materiality, relevance, and application of the facts, motions for summary judgment would not exist, and courts could rule in every instance as a matter of law. The Local Rules accounted for the possibility that parties may disagree about some facts, which is why the Rules include a provision for a non-moving party to file an opposing statement of facts. Loc. R. 56.1(b)(2). Instead, Plaintiffs attempt—after the deadline to oppose Defendants' SOF—to strike paragraphs (some of which they even appear to agree with) which is not the appropriate mechanism.

Defendants stand behind their SOF. If Plaintiffs take exception to Defendants' SOF, they should have followed the appropriate procedure by timely filing an opposition to the SOF rather than filing an untimely pre-response to Defendants' Motion for Summary Judgment and demanding expedited consideration (during the time period when Defendants are busily preparing their responses Plaintiffs' May 3 filings) based on Plaintiffs' own delay. Plaintiffs' Motion also belatedly seeks more time to respond to the SOF, but Plaintiffs have not shown—nor have they attempted to show—excusable neglect in seeking more time to file an opposing statement. *See Alan L. Frank Law Associates, P.C. v. OOO RM Invest*, 16-22484-CIV, 2017 WL 9732057, at *1 (S.D. Fla. Jan. 12, 2017) ("once a deadline has passed, the Court may extend a deadline upon a motion by a party and a showing of excusable neglect."). The Court should not condone this delay. This case is set for trial in August 2021. Should this Court allow Plaintiffs to file an opposing statement past the May 17 deadline, Defendants request that Plaintiffs' opposing statement be due May 28 (the deadline for all responses) and that no unilateral extensions be given that would disrupt the parties' current, agreed-upon joint briefing schedule. (Orders at DE [162, 164]

(allowing May 28 for responses and June 18 for replies)). Defendants also implore the Court to prevent Plaintiffs from filing any more spurious, belated, and mislabeled motions in this matter.

Dated: May 26, 2021.

                                   Respectfully Submitted,

                                   SHULLMAN FUGATE PLLC

                                 **Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
James M. Slater (FBN 111779)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL  33411
Tel: (561) 614-2592
dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
ggirones@shullmanfugate.com
jslater@shullmanfugate.com

*Attorneys for Defendants*

7