UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-Singhal/Louis

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON
DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Defendants[1] file their Response in Opposition to Plaintiffs' Motion for Summary Judgment on NightGarden Defendants' Affirmative and other Defenses. (DE [154].)

**INTRODUCTION**

Plaintiffs purport to bring the Motion under Rule 56 of the Federal Rules of Civil Procedure, though they have not filed a statement of facts in support of the Motion, pursuant to Local Rule 56.1(a).[2] Most motions for summary judgment contend that no genuine issues of material fact exist and assert that the moving party is entitled to judgment as a matter of law. Plaintiffs' instant motion for summary judgment ("Motion") employs a different tactic. Plaintiffs appear to seek relief under Rule 37(c)(1) and repeatedly refer to purported discovery violations

---

[1] The term "Defendants" excludes Defendant Zhongshan G-Lights Lighting Co., Ltd.
[2] The undersigned inquired about the existence of a statement of facts, and Plaintiffs' counsel confirmed that no such statement is forthcoming. This alone can support the Court's denial of the Motion as brought under Rule 56. Loc. R. 56.1(a). The "Index of Exhibits" (DE [157]) filed the day after the dispositive motion deadline also does not comply with the detailed requirements set forth for statements under Rule 56 or the trial order (DE [27]).

1

that they claim warrant relief under *that* rule. Specifically, Plaintiffs have lodged the Motion to argue that certain interrogatory responses that Defendants provided on June 5, 20**20** lack sufficient detail. Moreover, Plaintiffs contend that these interrogatory responses failed to exhaustively establish each of Defendants' defenses in this case, such as how Plaintiffs' lights are useful articles; how Plaintiffs do not own the copyrights to photographs listed in the Complaint; how the individual Defendants cannot be liable for their company's actions; and how Plaintiffs' DMCA claims are unfounded. Because certain of Defendants' interrogatory responses do not precisely align with the defenses and denials raised in Defendants' Answer, Plaintiffs conclude the Court should both enter summary judgment regarding multiple defenses and prevent Defendants from asserting any evidence in support thereof at trial. Plaintiffs also offer the ancillary contention that Defendants improperly objected to requests to produce certain financial documents and should be precluded at trial from arguing about the matter of Defendants' profits.

As explained below, the Motion fails for multiple reasons. First, moving for "summary judgment" on Rule 37(c)(1) grounds—as Plaintiffs do here—is procedurally improper. Second, any Rule 37 motion at this point is untimely. Third, even if construed under Rule 37(c)(1), Plaintiffs failed to show how any discovery error, to the extent it exists at all, is both unjustified and harmful. Fourth, Plaintiffs' profits argument fails because it misrepresents the facts and is barred by Plaintiffs' delay.

**ARGUMENT**

A. **Moving for summary judgment based on Rule 37(c)(1) is improper.**

Rule 37(c)(1) concerns discovery disputes. Specifically, the Rule permits a court to exclude evidence from the record if the Court finds that a party failed to "provide information or identify a witness" in violation of Rule 26, "unless the failure was substantially justified or is harmless."

2

Fed. R. Civ. P. 37(c)(1). In contrast to Rule 37(c)(1)'s focus on the consequences for harmfully and unjustifiably failing to comply with discovery obligations, Rule 56(a) is a mechanism to dispose of claims or defenses pursuant to an entirely separate inquiry: the presence or absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a).

In this case, Plaintiffs' Motion conspicuously avoids any argument or case law pertaining to the relevant standards established in either Rule 37(c)(1) or Rule 56(a). Exclusion of evidence under Rule 37(c)(1) is only proper if a party violates Rule 26, and the violation is neither justified nor harmless. Fed. R. Civ. P. 37(c)(1). Yet after the "legal standards" boilerplate language at the beginning of the document (DE [154] at 4), Plaintiffs' Motion fails to even mention, much less analyze, whether any alleged failure by Defendants under Rule 26 was either justified or harmless. Nor does the Motion provide any analogous or otherwise-relevant case law on this point. Plaintiffs similarly avoid any discussion or case law, under Rule 56, regarding whether any genuine disputes as to any material fact exist about any defense that Plaintiffs apparently desire to exclude.

Not only do Plaintiffs provide no case law tethering the standards of Rules 37(c)(1) and 56(a) to the facts of this case, but the Motion also lacks any case law to support the larger proposition that a party may seek—as Plaintiffs attempt here—summary judgment on Rule 37(c)(1) grounds.[3] The court in *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co., Ltd.*,

---

[3] Aside from the "Legal Standards" section, not a single opinion cited in Plaintiffs' Motion arose in the context of a summary judgment motion. The dearth of relevant case law in the Motion on this point is understandable, considering courts' universal refusal to permit such a procedural maneuver. *See Gilliam v. Ordiway*, 15-CV-11833, 2016 WL 6696043, at *1 (E.D. Mich. Nov. 15, 2016) ("the appropriate measure in response to a failure to comply with discovery rules is a motion to compel under Rule 37, not a motion for summary judgment"); *Myers v. United States, et al.*, No. 02CV1349-BEN, 2004 WL 7323090, at *2 (S.D. Cal. Nov. 4, 2004) (holding Rule 37, not Rule 56, was the appropriate provision, where the plaintiff moved for summary judgment on the grounds that the defendants failed to identify "specific facts" or "evidence" in interrogatories); *Miller v. Cottrell, Inc.*, No. 06-0141-CV-W-NKL, 2007 WL 3376731, at *6 (W.D. Mo. Nov. 8, 2007) ("[t]o the extent Plaintiffs seek an order striking [defendant's] affirmative defenses as a
(*footnote continued on next page*)

10-24310-CIV, 2011 WL 6190160, at *2 (S.D. Fla. Dec. 2, 2011) evaluated a motion just like the Motion currently before the Court. Like Plaintiffs here, a party in *Kendall Lakes* filed a dispositive motion based on the opposing party's "purported discovery failures"—a move that, in the court's words, "put the cart before the horse[,] short-circuited the discovery and sanctions process . . . and ignored the teachings articulated by singer-songwriter Meat Loaf, in his 1984 song, 'Jumpin' The Gun.'" *Id.* at *1–*2. *See also Draper v. Mascara*, 07-14028-CIV-GRAHAM, 2008 WL 4372690, at *1 (S.D. Fla. Sept. 23, 2008) ("plaintiff is not entitled to summary judgment against [defendant] based on [defendant's] failure to respond to his discovery requests").

Because the Motion constitutes an impermissible procedural maneuver, the Court should either deny it outright or, in the alternative, construe the Motion as a Rule 37(c)(1) motion to exclude. If the Court construed the Motion as a Rule 37 Motion, it would be both untimely and unmeritorious.

---

sanction for failing to comply with discovery obligations, Plaintiffs should file a motion for sanctions, not a motion for summary judgment"); *Core Labs. LP v. AmSpec, LLC*, CV 16-00526-CG-N, 2017 WL 11444430, at *4 (S.D. Ala. June 16, 2017), *aff'd sub nom.* 2017 WL 3585420 (S.D. Ala. Aug. 18, 2017) (distinguishing Rule 56 from Rule 37(c)); *Ackermann v. Powers*, 04-C-845-C, 2005 WL 1432369, at *1 (W.D. Wis. June 16, 2005) (seeking summary judgment instead of some intermediate sanction under Rule 37 is "the wrong approach" for an alleged Rule 26 violation); *Jack v. Borg-Warner Morse Tec, LLC*, C17-0537JLR, 2018 WL 4409800, at *25 (W.D. Wash. Sept. 17, 2018), *aff'd sub nom.,* 837 Fed. App'x. 421 (9th Cir. 2021) ("a motion for summary judgment premised on the opposing party's alleged discovery violations fails to properly invoke the standard by which the court must adjudicate such a motion under Rule 56"); *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 73 (D.N.J. 2012) ("Plaintiff filed his own motion for summary judgment which was not in fact a motion cognizable under Rule 56 but instead a motion for discovery sanctions pursuant to Rule 37. This demonstrates to the court that the Plaintiff does not understand the Rules of Civil Procedure.")

### B. **Plaintiffs' Motion is untimely.**

Rule 37 governs the consequences for failing to cooperate in discovery. Fed. R. Civ. P. 37. Under Local Rule 26.1(g), discovery deficiencies must be raised before the Court within 30 days. Loc. R. 26.1(g).

In this case, as is typical in this District, the Court's discovery procedures required the parties to meet and confer concerning discovery disputes and to set any unresolved matters for hearing before the Magistrate Judge. Discovery motions are not permitted absent permission from the Court. (DE [27], Attachment A.) (After recusal, the parties continued proceeding in this fashion under the procedures of Magistrate Judge Louis). The scheduling order in this case required the parties to complete fact discovery—and raise all disputes related thereto—on or before January 22, 2021. *See* DE [75] (establishing January 22, 2021 as the discovery deadline); DE [124], p. 4 (explaining that discovery disputes "should not be raised for the first time after the discovery deadline has passed").

Plaintiffs' delay in raising the issue of Defendants' allegedly insufficient interrogatory responses until after the close of discovery bars Plaintiffs from raising the issue at all. Discovery in this case was permitted as early as February 12, 2020, after the parties' Rule 16 conference, and discovery concluded on January 22, 2021. During this time, Plaintiffs engaged in extraordinarily dilatory tactics, such as filing multiple motions to extend deadlines, failing to take a single deposition within the discovery period, serving thousands of discovery requests unnecessarily and often in scorched-earth fashion, noticing discovery disputes for responses served months prior,

ignoring court deadlines for noticed discovery disputes, and falsely representing that all discovery was extended until April of 2021.[4]

As this Court already warned, "Plaintiffs' dilatory tactics will not be condoned in this case," (DE [106]), and "[a]ll of the disputes raised by Plaintiffs are issues that could have—and should have—been identified and addressed long before the close of discovery" (DE [124] at 4).[5] The instant Motion not only defies the clear admonition of the Court, but it also violates Local Rule 26.1(g), which provides that a party must file a discovery-related motion, if at all, within 30 days of either the due date to the discovery response/objection in question or the date on which the party first learned of or should have learned of a purported deficiency. Loc. R. 26.1(g).

Here, Plaintiffs' Motion is based on an alleged incongruence between the interrogatory responses Defendants provided a year ago on June 5, 2020, and the Amended Answer Defendants filed five months later, on November 11, 2020 (DE [92]). Plaintiffs' Motion provides no justification for avoiding opportunity after opportunity to raise the issue and waiting almost a year and half a year, respectively, to lodge a grievance. *See Kendall Lakes Towers Condo. Ass'n, Inc.* 2011 WL 6190160, at *1 (S.D. Fla. Dec. 2, 2011) (explaining that waiting more than 30 days to file a discovery motion implicates the local rules); *Yellow Pages Photos, Inc. v. YP, LLC*, 8:17-CV-764-T-36JSS, 2019 WL 3817385, at *2 (M.D. Fla. Aug. 14, 2019) (denying a party's post-discovery Rule 37 motion arguing "that discovery is incomplete" as "speculative," "refuted by the

---

[4] Plaintiffs have repeatedly asserted that all discovery ended in April 2021. *See, e.g.,* Motion at 9 n.14. But the Court refused Plaintiffs' request to extend all of discovery past January 22, 2021, and the Court only extended discovery until April as to experts only. *See* (DE [106, 107, 124]) (denying Plaintiffs' motions to extend all discovery into April.)

[5] Plaintiffs' Motion also avers that privilege objections were asserted and not accompanied by a privilege log. (Motion at 5 n.4.) But Plaintiffs never raised this issue to the Court during the discovery period, and in any event, Local Rule 26.1 makes clear that a privilege log is not required for attorney-client communication after the commencement of the lawsuit, which Plaintiffs appear to seek. *See* Loc. R. 26.1(e)(2)(C).

6

record," and "untimely"); *Barnes v. Frameless Shower Doors & Enclosures, Inc.*, 2015 WL 3541529, at *3 (S.D. Fla. June 4, 2015) (explaining, under Local Rule 26.1, that a party who waits more than 30 days "waive[s] the relief sought"). *See also* (DE [160]) (denying as untimely one of Plaintiffs' discovery motions pursuant to Local Rule 26.1(g)).

Because Plaintiffs violated the Court's warnings and the Southern District of Florida's local rules by waiting until after the discovery and dispositive motion deadlines to raise their argument for the first time, the Court should deny the Motion as untimely.

### C. **Rule 37(c)(1) does not support exclusion in this case**.

Even if the Court viewed Plaintiffs' Motion as a timely Rule 37 motion, the Motion is meritless because Plaintiffs have failed to support the notion that any violation of Rule 26 (to the extent there even was such a violation) is both unjustified and harmful to Plaintiffs. Instead, Plaintiffs baldly argue that Rule 37(c)(1) exclusion sanctions are warranted because Defendants' responses to Plaintiffs' broad-sweeping interrogatories requesting all legal theories and factual bases for Defendants' defenses did not perfectly align with the defenses raised in Defendants' Answer. (Motion at 4 n.2.) But Rule 37(c)(1) does not support such a position.

Rule 37(c)(1) states, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In short, a court entertaining a Rule 37(c)(1) motion must first determine whether a party violated Rule 26. If not, the inquiry ends; if so, the court must then determine whether the violation was substantially justified or harmless under the following four-factor test: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial;

and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Vitola v. Paramount Automated Food Services, Inc.*, 08-61849-CIV, 2009 WL 5067658, at *1 (S.D. Fla. Dec. 17, 2009) (citation omitted). Here, Defendants did not violate Rule 26. And even if the Court were to conclude that they did, any such violation was justified and harmless.

       1.      <u>Defendants Did Not Violate Rule 26.</u>

Regarding any purported violation, Rule 26(e)(1) states that a party "who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the addition or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Here, Plaintiffs greyed-out Defendants' interrogatory objections and portions of their responses as if to suggest that the Court should simply disregard the faded text. (Motion at 10–12.) But the greyed-out portions reveal Defendants' objections and responses—objections Plaintiffs never sought a ruling on within 30 days, as required by Local Rule, or even within the discovery period. Instead, Defendants received this Rule 37 Motion on May 3, 11 months after the responses, six months after the Answer, and three and a half months after the close of discovery. Thus, the responses are not lacking, and Plaintiffs have not identified any deficiencies other than to generally state that the responses are, in their view, insufficient. For example, Defendants have repeatedly made clear that Plaintiffs do not hold valid copyrights on the lights and that they are useful articles. Plaintiffs now generally state that certain Defendants did not fully explain in an interrogatory how Plaintiffs' works are useful articles, despite other discovery on this point, including Plaintiffs themselves producing Copyright Office refusals on those same grounds. To the extent that Plaintiffs now again assert that Defendants have failed to explain why Plaintiffs do not own valid copyrights, despite

8

those facts having been made clear in the course of discovery, Plaintiffs are also attempting to impermissibly shift their burden to Defendants. *See Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (explaining that the plaintiff must demonstrate ownership of a copyright). Plaintiffs are also complaining about defenses this Court already considered and ruled upon (Order DE [90]). For example, this Court previously found that Defendants' contributory infringement defense that officers cannot be liable for their companies is a "legally sound statement of law." *Id.* at 3. To that end, each individual defendant responded to various discovery requests and was deposed regarding his or her role related to the *NightGarden* and as officers of the co-defendant companies. *See* (DE [90]) (also finding Defenses #3,9,10,11 regarding Plaintiffs' lack of copyright validity and protectability gave Plaintiffs fair notice). In sum, Plaintiffs have not shown any Rule 26 violation.

    2.    <u>If a Discovery Violation Occurred, it was Substantially Justified and Harmless</u>.

As for the four-part justification/harm analysis, the first factor—the presence and extent of prejudice or surprise—is the most important factor because a finding of prejudice is required to proceed in the analysis. Here, Plaintiffs have not even argued that any prejudice exists. As the Eleventh Circuit has explained, the salutary purpose of Rules 26(e) and 37(c)(1) is "to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 594 n.6 (11th Cir. 2019). So when a party is not surprised and has ample time and opportunity to conduct any discovery it wishes, prejudice does not exist. *See State Farm Mut. Auto. Ins. Co. v. Health & Wellness Services, Inc.*, 18-23125-CIV, 2020 WL 509996, at *2–*3 (S.D. Fla. Jan. 31, 2020) (explaining, under Rule 37(c)(1), that "[p]rejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question," further noting—

9

because the defendants were aware of the information plaintiffs failed to disclose—that "it is hard to fathom how Defendants can claim that Plaintiffs' failure to supplement their initial disclosures is prejudicial") (citation omitted).

Here, unlike the prototypical Rule 37(c)(1) scenario, the non-moving party has not "ambushed" the opposing party by, for instance, proffering an eleventh-hour surprise expert witness or presenting a new theory for calculating damages at the eve of trial. *See, e.g., Fisher v. Carnival Corp.*, 11-22316-CIV, 2013 WL 2157164, at *10 (S.D. Fla. May 17, 2013).[6] In fact, Defendants have raised no new evidence or theories, and Defendants' Motion for Summary Judgement, predictably, tracks strongly with the Answer that Defendants filed last year. *Compare* Defendants' Amended Answer (DE [92]) with Defendants' Motion for Summary Judgment (DE [145]) (featuring denials regarding all claims and similar contentions that Plaintiffs' claims are barred because: (1) corporate individuals cannot be contributorily liable; (2) Plaintiffs do not own valid copyright registrations; (3) copyrights and/or rights to the material were not assigned to Plaintiffs; (4) Plaintiffs are not entitled to attorneys' fees or statutory damages concerning the UK (or any) work at issue; (5) the works are considered useful articles not capable of copyright protection; (6) the works consist of uncopyrightable subject matter; (7) the *Forest of Light* copyright registration is invalid, and Plaintiffs have engaged in copyright misuse).

All these arguments, in turn, are based entirely on the evidence duly transmitted during the course of discovery and multiple depositions, and nothing appeared in Defendants' Motion for Summary Judgment that Plaintiffs did not either know or should have known. *See Wajcman v. Inv.*

---

[6] In an ironic twist, Plaintiffs essentially argue the inverse, that Defendants erred by *not* introducing a new theory or evidence since filing their Answer. Considering that Plaintiffs have waited until after the dispositive motion deadline to raise this matter, the only surprise or ambush in this case—to the extent any exists at all—comes in the form of Plaintiffs' instant Motion.

*Corp. of Palm Beach*, 07-80912-CIV, 2009 WL 465071, at *5 (S.D. Fla. Feb. 23, 2009) ("[a]s the Advisory Committee Notes to Rule 26(e) state, there is no obligation to provide supplemental or corrective information that has been otherwise made known to the parties during the discovery process") (citation and ellipses omitted).

Indeed, Plaintiffs have taken five depositions in individual and corporate capacities and have received from each Defendant many discovery responses and thousands of pages of production that collectively support the arguments appearing in Defendants' Motion for Summary Judgment (DE [145]). The evidence in this case was laboriously developed over an entire year. During that time, Plaintiffs served 10 sets of discovery requests (with interrogatories, admission requests, and requests for production contained in almost every set), and for each set, Plaintiffs served blanket discovery requests to "Defendants" without tailoring requests to any individual party. Accordingly, nine Defendants have responded to thousands of individual requests, some of which sought information about one Defendant but was served on all Defendants. In response, Defendants painstakingly answered the requests and produced thousands of pages of documents. The basis for the defenses is abundantly clear. For example, Plaintiffs are undoubtedly aware the Copyright Office denied Munro's application for copyright registration, and so is their counsel. The lawyer communicating with the Copyright Office about the denied registration is, in fact, Mr. Schwenker, counsel of record in this case. Similarly, it is undisputed that Plaintiffs did not participate in the *NightGarden*, nor did Plaintiffs assemble or create any *NightGarden* installation, making the DMCA claims untenable. (DE [146] ¶ 89(citing to Munro deposition).) In sum, Plaintiffs have not—and cannot—plausibly claim surprise, prejudice, and ambush by Defendants' use of defenses that appeared in Defendant's Answer half a year ago, as supported by a year's worth of discovery documentation.

Although a lack of prejudice under the first factor is dispositive under Rule 37(c)(1), even if the Court found that Plaintiffs were prejudiced despite Plaintiffs not alleging anything of the sort, the second factor—ability to cure the prejudice—also favors Defendants because the Court could easily remedy any prejudice without resorting to the extreme measure that Plaintiffs propose. *See Jarvis v. Carnival Corp.*, 1:16-CV-23727, 2017 WL 11219487, at *2 (S.D. Fla. July 31, 2017) ("[t]he district court has broad discretion in determining whether a violation is justified or harmless. However, the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception of flagrant disregard of a court order by the proponent of the evidence") (citation and quotations omitted). *See also Yellow Pages Photos, Inc. v. YP, LLC*, 2019 WL 3817385, at *2 (M.D. Fla. Aug. 14, 2019) ("the exclusion of otherwise admissible evidence probative of a core issue is warranted, if ever, only in an instance of the most egregious, purposeful, calculated, and otherwise irremediable enormity by a litigant or by counsel or by both and, even then, only if the evidence establishing the enormity and the malevolence that created the enormity is nothing less than distinct and unmistakable") (citation omitted). Typically, curing prejudice takes the form of extending discovery, ordering an additional deposition, or permitting a party more time to respond. *See, e.g., Taylor*, 940 F.3d 582, 592–94 (11th Cir. 2019). But here, because Plaintiffs seek to exclude Defendants' old theories, not new evidence for which additional time would be needed, there is no need to take any measures at all to protect Plaintiffs. Here, Plaintiffs have not even alleged, much less plausibly demonstrated, prejudice of any kind, and Defendants are aware of none that exists. But even if Plaintiffs could come up with something by way of prejudice on these facts, any prejudice in this case could be easily cured by less extreme measures. The second factor also favors Defendants.

The third and fourth factors, too, favor Defendants. Plaintiffs cannot show how permitting Defendants to employ and support arguments appearing in the Answer would in any way disrupt the trial; nor have Plaintiffs shown any "bad faith or willfulness involved in not disclosing the evidence at an earlier date," *Vitola*, 2009 WL 5067658, at *1, because Plaintiffs cannot point to evidence of either (a) bad faith by any Defendant or (b) evidence that should have been disclosed at an earlier date. Indeed, Plaintiffs cannot cite to any evidence that Defendants failed to timely disclose for the simple reason that the Motion does not even mention any specific evidence Plaintiffs wish to exclude (and, more fundamentally, Defendants have not attempted to use any material that was not disclosed to Plaintiffs long ago). Instead, Plaintiffs seek a blanket exclusion of all the defenses appearing in Defendants' Answer and all evidence pertaining thereto.[7] (Motion at 15, 19.) But because excluding such evidence would not prevent a trial disruption, and because Plaintiffs have not shown any bad faith or willfulness involved in not disclosing any evidence at an earlier date, factors three and four also favor Defendants.

Ultimately, Plaintiffs have not demonstrated any Rule 26 violation. And even if they could, any violation would be justified and harmless under Rule 37(c)(1). For these reasons, and to the extent the Court even construes the Motion under Rule 37(c)(1), the Court should deny Plaintiffs' Motion.

---

[7] Plaintiffs argue in the alternative. They ask the Court to enter summary judgment regarding Defendants' defenses or bar Defendants from supporting any defense with evidence. Neither is appropriate in this case. Nor is the sword and shield doctrine applicable here because Defendants have not employed any privileged evidence—nor have Plaintiffs pointed to any evidence at all— that Defendants (either partially or fully) withheld on privilege grounds. *See Merrill Reuter, M.D. v. Physicians Cas. Risk Retention Group*, 16-80581-CV, 2017 WL 395242, at *4 (S.D. Fla. Jan. 27, 2017) (explaining that the sword and shield doctrine applies when a party partially invokes a privilege to prejudice the opponent's case while simultaneously employing excerpts of the privileged material when expedient).

### D. Plaintiffs' profit-data argument lacks merit.

The final argument in Plaintiffs' Motion claims that certain Defendants improperly objected to and failed to produce relevant source data regarding profits and expenses. (Motion at 18–19.) This contention is specious. First, Defendants objected last year to producing complete bank account statements and general tax returns for the Defendant companies (although Imaginer Ltd. did produce Lloyds Bank and UK Company House financials akin to tax records.) *See* Kilburn's Response to Second Request for Production, (DE [157-7] at Request 1-3). Plaintiffs neither brought those objections to the Court nor moved to compel that information. For the reasons explained above, Plaintiffs cannot raise this issue now.

Second, Plaintiffs also fail to mention that they received detailed, line-item income statements for both seasons of *NightGarden* from *NightGarden, LLC*, as well as Fairchild's *NightGarden* general ledgers, and a litany of invoices and testimony related to *NightGarden* payments from all Defendants. And, despite having this material weeks before the depositions of Defendants' corporate representatives, Plaintiffs chose not to ask during the depositions about any of the *NightGarden* income statements, line items, or Fairchild's general ledger data that they received. For example, in the deposition of Maryann Milligan, Kilburn's designated corporate representative on financial topics, Plaintiffs did not introduce the *NightGarden* income statements as an exhibit or ask about any line items. Instead, Ms. Milligan, on her own accord, pointed to many income statement line items as Plaintiffs' counsel asked her questions. *See, e.g.,* Milligan Dep. at 74:14–18; 157:9–12 (Redacted excerpts) at Ex. A.[8] Plaintiffs' Motion also states that Ms. Milligan testified that transactions "flowed through" *NightGarden's* bank account. (Motion at 14.) But Ms. Milligan also testified that as to any item in the income statement, the backup source

---

[8] Ms. Milligan's entire deposition transcript and exhibits are filed under seal at (DE [173]).

material would not be bank statements; it would be invoices, such as those received from third-party vendors, many of which were produced. Ex. A, Milligan Dep. at 178:11–18; 198:23–199:4. Ms. Milligan also confirmed multiple times that the *NightGarden* income statements that Defendants produced accurately reflect all revenue and payments related to *NightGarden*. Ex. A, Milligan Dep. at 86:13–16; 102:14–17; 106:12–18; 165:11–12; 187:13–15. Plaintiffs now invite the Court, after the close of discovery, to (a) enter a ruling on the objections that Defendants lodged last year, and (b) find that Defendants' multitude of documents and witness testimony was insufficient, while (c) reaching the extraordinary conclusion that evidence related to all of Defendants' defenses should be excluded. The Court should decline Plaintiffs' invitation.

In sum, because Plaintiffs never brought any of Defendants' objections to the Court, received relevant and unprivileged financial data in this case, and waited until too late to raise the issue for the first time now, the Court should deny Plaintiffs' Motion regarding the issue of profit data.

## **Defendants' Request for Sanctions**

Defendants additionally move for an award of their attorneys' fees in responding to this Motion as a sanction under Rule 37 and/or Local Rule 7.1. Rule 37 allows for sanctions related to a number of discovery-related issues. Rule 37(a) contemplates where a discovery-related motion is denied, the movant can be subject to expenses. *See* Fed. R. Civ. P. 37(a)(5)(B). In addition, Rule 37(b) deals with a party's failure to comply with a court order, irrespective of whether the order was entered in response to another party's motion. *Nukote Int'l, Inc. v. Off. Depot, Inc.*, No. 09-CV-82363-DTKH, 2015 WL 71566, at *9 (S.D. Fla. Jan. 6, 2015). In that regard, a party who fails to comply with an order may be sanctioned in a variety of ways, including being found liable for reasonable expenses, and may be awarded against "the disobedient party, the attorney advising the

party, or both . . . unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *Nukote Int'l, Inc.* at *9 (S.D. Fla. Jan. 6, 2015) (awarding fees and noting that "because much of the sanctionable conduct in this case is attributable to Plaintiff's counsel, awarding monetary sanctions against Plaintiff's counsel is the most judicious resolution, as such a sanction will compensate Defendant for the added expense caused by Plaintiff's discovery abuses, deter others from engaging in similar conduct, and properly penalize the offender.")

Plaintiffs' Motion violates a number of this Court's Orders and Local and Federal Rules, and Defendants have incurred significant fees responding to yet another belated discovery motion, this time thinly disguised as a Motion for Summary Judgment. (*See* pp. 5-7, *supra.*)

The substance of the Motion, as noted above, is based on some 2020 interrogatory responses that Plaintiffs contend are deficient but never raised before the Court. Specifically, Plaintiffs have brought a "Summary Judgment" Motion under Rule 56, but have failed to comply with Federal Rule 56, Local Rule 56.1, and this Court's trial order (DE [27], pp. 3–4) by not filing any supporting Statement of Facts. When the undersigned inquired in the days after filing about the existence of such a Statement, counsel indicated that the lack of Statement was intentional because the Motion is based on Rule 37. The Rule 37 Motion is yet another improper and untimely discovery motion, running afoul of Local Rule 7.1, 26.1(g), and Federal Rule 26. (*See* Section B, pp. 5–7, *supra*; *Kendall Lakes Towers Condo. Ass'n, Inc.*, 2011 WL 6190160, at *1 (S.D. Fla. Dec. 2, 2011) (explaining that waiting more than 30 days to file a discovery motion implicates the local rules)). Indeed, per Local Rule 7.1 and the trial order (DE [27] p. 2), Plaintiffs were required to confer prior to filing such an exclusion/limine motion but made no attempt to do so. The violation of Local Rule 7.1 also provides an additional basis under which to award Defendants their fees.

*See* Loc. R. 7.1(a)(3) ("[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.")

Further, the fact and expert discovery deadlines in this case—January 22, 2021 and April 19, 2021, respectively—were confirmed by several Court orders. However, Plaintiffs repeatedly misrepresent that fact discovery was open until April 2021. (*See* DE [122]; [154] n.14.) And, despite ample time to conduct discovery (which they did by serving thousands of written requests), Plaintiffs did not take *any* depositions during the fact discovery period. Defendants agreed that Plaintiffs could take depositions in February 2021, the month after discovery cutoff, but were met anyway with a motion to extend fact discovery on the evening of the cutoff—January 22. For these types of behaviors, the Court has admonished Plaintiffs time and again, but Plaintiffs have not heeded the Court's admonitions. *See* (DE [106, 107] (condemning dilatory tactics for filing extension on day of discovery cutoff)); (DE [113] (finding discovery dispute untimely as beyond January 22 closure)); (DE [124] (explaining that Plaintiffs' disputes were not timely raised and unsupported)); (DE [160] (noting that Plaintiffs "had fair warning of this Court's practice not to consider disputes untimely raised without good cause.")); (DE [169] (stating that "[t]he Court will not tolerate such tactics" after Plaintiffs unreasonably waited 16 days and then filed an expedited motion that sought to force Defendants to respond and the Court to rule within five days)).

Plaintiffs' repeated shirking of court deadlines, court orders, and local and federal rules is wholly unjustified, and their filing this Motion (and other motions) have caused Defendants and this Court to spend resources repeatedly pointing out the improper procedural (and substantive) nature of these filings. Accordingly, Defendants ask this Court to award their attorneys' fees for

responding to the instant Motion. *See Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (affirming sanctions and holding "there was no substantial justification for the conduct"). Because Plaintiffs continue to file discovery motions in disregard of this Court's orders and rules, an award of attorneys' fees against Plaintiffs or their counsel, and for Defendants in responding to this Motion, is a reasonable and appropriate sanction.

## CONCLUSION

As explained above, Plaintiffs waited until after the close of discovery and the dispositive motion deadline to file a Rule 37 motion (erroneously couched as a Rule 56 motion) to present the Court with a series of meritless discovery arguments that, if raised at all, should have arisen months ago. The Court should deny Plaintiffs' "motion for summary judgment," even if it considers the Motion under the appropriate rule. This Court should also award Defendants their attorneys' fees incurred in responding to this Motion.

Dated: May 28, 2021.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
James M. Slater (FBN 111779)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592
dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
ggirones@shullmanfugate.com
jslater@shullmanfugate.com
*Attorneys for Defendants*