**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

      Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC GARDEN, INC., *et al.*,

      Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF THE OMNIBUS MOTION IN LIMINE

Pursuant to Local Rule 7.1, the Federal Rules of Evidence, and related case law, and the Court's Scheduling Order (DE [27, 94]), Defendants[1] file a reply to Plaintiffs' Response (DE [183]) and in support of the Omnibus Motion in Limine ("Motion")(DE [144]). The Motion presents nine categories of evidence and argumentation Defendants seek to exclude. In response to the Motion, Plaintiffs generally aver that the categories for exclusion are vague and overbroad. But to support this position, Plaintiffs either mischaracterize or overstate the scope each evidentiary category. Yet as explained in the Motion, each request is a modest, clearly defined proposal, frequently accepted by courts both in this District and throughout the country. For these reasons, as set forth more fully below, Defendants ask the Court to grant their Motion and narrow the permissible evidence at trial to only include relevant, non-prejudicial material.

---

[1] The term "Defendants" excludes Defendant Zhongshan G-Lights Lighting Co., Ltd.

**REPLY ARGUMENT**

**I.       Items One (Statutory Damages) and Four (Willful Infringement).**

Items One and Four ask the Court to exclude evidence regarding the companion concepts of statutory damages and willfulness, respectively. Plaintiffs have not clearly articulated exactly what damages they seek, but because statutory damages are not on the table in this case except regarding the DMCA claim (Count III), and because a showing of willfulness is only relevant when statutory damages are applicable, the Court should exclude all argument or evidence regarding statutory damages and willfulness regarding Counts I and II.

The Motion's argument on this is straightforward. Unregistered works are not eligible for statutory damages. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1302 (11th Cir. 2012). [2] In this case, the only registered work is *Forest of Light* at Longwood Gardens ("Forest Registration"). The alleged infringement of that work began in 2018, almost a year before *Forest of Light* was registered. *See Faulkner v. Nat'l Geographic Soc.*, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008) ("Plaintiff may not pursue statutory damages here because he did not register his claims to copyright in the photographs in question before the start of the alleged infringement"). Accordingly, the Forest Registration is not eligible for statutory damages either. On that basis, Plaintiffs should be excluded from introducing evidence pertaining to statutory damages because it is irrelevant and confusing to a jury. Relatedly, because willfulness is only relevant where statutory damages are applicable, excluding any argument or evidence for the purposes of discussing willful or enhanced damages is appropriate.

---

[2] Plaintiffs finally admit for the first time that they do not seek statutory damages for all unregistered works. (Response at 9 n.4.) Accordingly, this point is conceded, leaving only the analysis of whether statutory damages and willful should be excluded regarding the Forest Registration.

Plaintiffs' Response contends that statutory damages and discussions of willful or enhanced damages should be admissible because Munro's Forest Registration is dated before the *second* season of the *Nightgarden* (Response at 9.)[3] But by claiming they are seeking statutory damages *only* as to season two, Plaintiffs try to circumvent 17 U.S.C. § 412's bar on statutory damages regarding *both* seasons. But "[e]very court to consider the issue has held that "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700–01 (9th Cir. 2008); *See also Morgan v. Hawthorne Homes, Inc.*, CIV.A. 04-1809, 2011 WL 2181385, at *3 (W.D. Pa. June 2, 2011) (granting a motion in limine on the matter of Section 412 statutory damages and rejecting the precise argument Plaintiffs proffer here).

In an unsupported secondary argument, Plaintiffs cite to *Kobi Karp Architecture & Interior Design, Inc. v. O'Donnell Dannwolf & Partners Architects, Inc.*, 19-24588-CIV, 2020 WL 4287005, at *3 (S.D. Fla. July 27, 2020) for the proposition that a defendant must admit liability for copyright infringement before Section 412 applies. (Response at 10 n.6.) Not only does *Kobi Karp* not even mention the matter of statutory damages or Section 412, but Plaintiffs' argument that some factual admission is required is facially specious and unsupported. Defendants of course deny as a matter of fact and law that any infringement occurred in this case.

Notwithstanding, the Court can rule as a matter of law that because statutory damages are not available under any set of possible facts in this case for Counts I and II, that evidence and argument about statutory damages (and willfulness) are both irrelevant and prejudicial under Rules 401 and 403. Indeed, "when statutory damages are not at issue in an action, there is no proper role

---

[3] The Response also concedes that Plaintiffs are not eligible for statutory damages and fees for season one. (*Id.* at 9, n. 4).

for proof of willfulness. Its only function would be in service of an attempt by plaintiff to prejudice the jury's assessment of damages and, if it proves to be in issue, liability by portraying defendants in an unflattering light." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 279 (D. Del. 2013)(granting motion in limine excluding willful infringement as irrelevant).

Defendants do not seek exclusion of evidence as to Count III (DMCA), and if Count III survives summary judgment, then evidence regarding statutory damages and *scienter* would be permissible as to Count III only.[4] Otherwise, evidence or discussion of statutory damages and willfulness in any context would be both irrelevant under Rule 401 and confusing and prejudicial to the jury under Rule 403.

## II. Item Two (Improper Damages).

Item Two asks the Court to exclude evidence and argumentation regarding emotional distress and reputation. Plaintiffs did not address this argument except to impugn it for vagueness. (Response at 11.) The request is not vague, as courts frequently exclude evidence regarding emotional damages on both Rule 401 and 403 grounds when emotional damages are irrelevant. *See, e.g., Godwin v. Wellstar Health Sys., Inc.*, 1:12-CV-3752-WSD, 2015 WL 7313399, at *6 (N.D. Ga. Nov. 19, 2015) (granting a motion in limine because "mental anguish is irrelevant to any recoverable damages, and, even if it were relevant—which it is not—it is required to be excluded as more prejudicial than probative and confusing and misleading to the jury.")

Here, damages for emotional distress or reputational harm are not recoverable. *See Nunes*

---

[4] Plaintiffs' cites to *Agence France Press v. Morel* are misplaced. Plaintiffs use a quote to suggest that they should be permitted to discuss willfulness because it is relevant to the DMCA claims. (Response at 8.) What Plaintiffs miss here is that *Agence France* did not opine about the admissibility of willfulness evidence; it simply stated that the jury used willfulness evidence admitted in the case to also assist in finding liability under the DMCA. 2014 WL 3963124 at *7 (S.D.N.Y. 2014). Here, unlike *Agence France*, statutory damages are not eligible, therefore Defendants seek to *entirely* exclude willful damages as to Count I and II.

4

*v. Rushton*, 299 F. Supp. 3d 1216, 1228 (D. Utah 2018) (listing cases). Yet Plaintiffs have intimated that they may seek damages for emotional distress, and/or reputational harm. SOF ¶ 108–10. Because these concepts are irrelevant and prejudicial and Plaintiffs have not refuted such, the Court should prevent Plaintiffs from presenting evidence or arguing about reputational harm and emotional distress.

### III. Item Three (Defendants' Financial Condition).

Item Three seeks to exclude general evidence of Defendants' financial condition. Plaintiffs mischaracterize the request to suggest that Defendants seek exclusion of all financial data. (Response at 7.) Where, as here, a plaintiff seeks a defendant's profits for an alleged copyright infringement or a DMCA violation, evidence regarding revenue reasonably related to the alleged infringement is probative and necessary. *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1280 (M.D. Fla. 2008). In this case, the only potentially relevant financial data would be the *Nightgarden* revenues. Defendants at this time do not seek to exclude evidence related to the profits, loss, expenses and revenues associated with the *Nightgarden* itself.

Instead, Defendants seek exclusion of general financial data and revenue information pertaining to unrelated matters. Except for Defendant Nightgarden, LLC, each Defendant in this case generates revenue from multiple sources, events, and projects throughout the year, and in ways entirely unrelated to the *NightGarden* and works at issue in this case. Thus, Defendants seek to exclude on Rule 401 grounds all financial evidence except that which pertains to the *Nightgarden*.

Moreover, such evidence is also prejudicial. Like evidence about insurance coverage, described *infra*, evidence about general financial data foments an inherent prejudicial effect on juries—which are psychologically inclined to evaluate liabilities proportionally, regardless of the

actual merits of a case. *See Rodrick v. Wal-Mart Stores E., L.P.*, 07-0768-CV-W-FJG, 2009 WL 10672554, at *4 (W.D. Mo. July 22, 2009) (granting, on prejudice grounds, motions in limine to exclude both general financial information and any reference to insurance); *GT Software, Inc. v. webMethods, Inc.*, 1:07-CV-0172-BBM, 2008 WL 11334115, at *3 (N.D. Ga. May 13, 2008) (explaining the natural, prejudicial effect on juries presented with irrelevant financial data). Because general financial data are also prejudicial (to the extent even relevant), the Court should also exclude such evidence on Rule 403 grounds.

**IV.    Item Five (Unrelated Purported Infringement).**

Item Five asks the Court to exclude evidence or discussion of any potential allegations of infringement that do not appear in the Amended Complaint. Specifically, Plaintiffs have speculated about other *NightGarden* installations and photographs used in the pitch decks, neither of which were alleged or had any connection to the mushrooms, fiber lights or Plaintiffs' works. (Motion DE [144] at 8). To bootstrap an additional claim that did not appear in either the Complaint or Amended Complaint and is not at issue in the case would be highly prejudicial, confusing to a jury, and irrelevant. Plaintiffs' Response did not specifically respond to Item Five. Accordingly, the Court can grant the Motion as unopposed as to Item Five and exclude evidence regarding un-alleged potential third-party claims of infringement. *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV, 2011 WL 13216995, at *9 (S.D. Fla. Dec. 5, 2011) (precluding any mention of unrelated infringement under F.R.E. 401, 402, and 403).

**V.    Items Six (Purported Discovery Abuses) and Nine (Plaintiffs' Belated Production).**

Items Six and Nine ask the Court to exclude evidence or discussion of perceived discovery deficiencies and documents produced after the discovery cutoff, respectively. Plaintiffs contend that these Items are flip sides of the same coin that constitute a heads-I-win-tales-you-lose

situation. (Response at 5.) But, Item Six derives from the Rules of Evidence and pertains to discussions before the jury about discovery *procedure*. Item Nine derives from the Rules of Civil procedure and pertains to discovery *product*. Both are permissible, mutually independent exclusions, and neither negates the other.

Item Six is a Rule 403 matter that asks the Court to exclude from trial any discussion or evidence regarding alleged discovery abuses because such discussions (aside from being false) would only serve to confuse and prejudice the jury. Unrelatedly, Item Nine arises from Federal Rule of Civil Procedure 37(c). It asks the Court to exclude documents produced by Plaintiffs after the discovery deadline (that existed before discovery cutoff) because Plaintiffs' belated, unjustified, and harmful dump of thousands of pages of documents prejudiced Defendants and precluded any discovery follow-up.

Plaintiffs argument in response to these two Items is that Defendants are seeking an advisory opinion and is unnecessary because Rule 37 is self-executing and so the Court would preclude such evidence anyway. (Response at 5.) Plaintiffs' argument is belied by abundant case law granting motions in limine regarding Rule 37(c). *See, e.g., Hoeltzell v. Caldera Graphics*, 11-21245-CV, 2012 WL 13012758, at *1 (S.D. Fla. June 13, 2012); *Dorvil v. Nationstar Mortgage LLC*, 20-11069, 2021 WL 1546024, at *6 (11th Cir. Apr. 20, 2021)(applying Rule 37(c) to motions in limine). Regardless, whether the Court excludes untimely evidence under Rule 37(c), *sua sponte*, or pursuant to the Motion, the purported discovery "abuses" and post-discovery evidence is unjustifiably untimely and prejudicial.

Plaintiffs lastly argue that Item Nine is not narrowly tailored. Specifically, Plaintiffs cite to *Powers* for the proposition that the Court lacks "context surrounding the alleged improper introduction" of the evidence, *Powers v. Target Corp.*, 19-CV-60922, 2020 WL 1986968, at *2

7

(S.D. Fla. Apr. 27, 2020), and that Defendants "identified no specific pieces of information they seek to exclude." (Response at 5.) But the "context" is a bright-line application of Rule 37(c)'s automatic exclusion, and the "specific pieces of information" are all documents Plaintiffs knowingly withheld and produced after the January 22, 2021 discovery cutoff and during or after Plaintiffs' last witness deposition concluded. (Motion at 11.) Because courts routinely exclude late evidence and prevent discussions before the jury about alleged discovery deficiencies, the Court should grant Defendants' Motion as to Items Six and Nine.

## VI.   Item Seven (Insurance Coverage).

Item Seven seeks to exclude all references to Defendants' liability insurance because such evidence is both irrelevant and prejudicial. In response, Plaintiffs admit that such evidence cannot be used to show negligence or liability but then argue that Rule 411 "expressly defines insurance to be admissible for a multitude of purposes." (Response at 6.) But Plaintiffs improperly conflate the mandatory (restrictive) and permissive language of the Rule, which states that evidence regarding insurance can never be used to demonstrate that a party acted wrongfully but that the "court *may* admit" such evidence for other purposes—but only to the extent it is neither irrelevant nor prejudicial, pursuant to Rules 401 and 403. Fed. R. Evid. 411.

The only possible reason Plaintiffs offer in favor of admitting insurance evidence is that it may prove bias because certain Defendants are indemnifying other Defendants. (Response at 6.) But Plaintiffs do not explain what possible bias results from certain Defendants honoring their contractual indemnity obligations.

Furthermore, Plaintiffs have not overcome the presumptive inadmissibility of insurance evidence. *See Head v. Target Corp.*, 4:09-CV-0012-HLM, 2009 WL 10664782, at *4 (N.D. Ga. Dec. 3, 2009) ([e]vidence of insurance coverage generally is inadmissible under [state] law and

under the Federal Rules of Evidence"). Indeed, evidence of insurance is so inherently prejudicial that it is inadmissible by default, and the party seeking to admit such evidence must overcome a strong presumption to the contrary. *See id.* ("evidence of insurance coverage is prejudicial by nature, and court[s] should not admit it unless it is clearly relevant and its relevance outweighs its prejudice.") For this reason, courts in this Circuit frequently grant motions to exclude evidence pertaining to insurance. *See, e.g., Riddle v. Tarpley*, 1:17-CV-1929-ODE, 2018 WL 8198019, at *3 (N.D. Ga. Sept. 7, 2018) (excluding any reference to insurance because "evidence of Defendants' liability insurance could have a strong prejudicial effect on the jury.") *See also Jetport, Inc. v. Landmark Aviation Miami, LLC*, 1:16-CV-23303-UU, 2017 WL 7734085, at *2 (S.D. Fla. July 26, 2017); *Hodgetts v. City of Venice, Fla.*, 8:11-CV-00144-EAK, 2011 WL 2183709, at *2 (M.D. Fla. June 6, 2011); *Welsh v. Newman Intern. Transp., Inc.*, 2:10-CV-582-FTM-SPC, 2011 WL 5570800, at *4 (M.D. Fla. Nov. 16, 2011). Because evidence regarding insurance is both irrelevant and prejudicial in this case, Defendants ask the Court to exclude such evidence under Rules 401 and 403.

## VII. Item Eight (Selection and Arrangement).

Item Eight asks the Court to preclude all evidence pertaining to the "selection and arrangement" of the lights, a request that, in Plaintiffs' words, would "bar all evidence on what the copyrighted sculptures in [the] suit look like." (Response at 6, 7.) Plaintiffs misunderstand the request. Defendants do not ask the Court to bar evidence about the lights' appearance, *i.e.*, what the stick-and-bulb light or *fireflies* look like. Instead, Defendants seek to preclude evidence about the selection and arrangement of the lights, *i.e.*, the *way* Plaintiffs decide to insert the sticks and bulbs and *fireflies* in the dirt.

The reason Defendants seek to exclude such evidence or argumentation is simple: selection

and arrangement is copyright term of art—a theory that permits an entity to claim a copyright by organizing a particularized combination of otherwise-noncopyrightable elements into an original work. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 358 (1991). "Put another way, what a selection and arrangement copyright protects is the *particular* way in which the artistic elements form a coherent pattern, synthesis, or design." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020), *cert. denied sub nom*, 141 S. Ct. 453 (2020) (emphasis original).

Throughout this case, Plaintiffs have repeatedly disclaimed the theory of selection and arrangement. SOF ¶¶ 29–30, 32.[5] Plaintiffs also did not allege selection and arrangement in their Amended Complaint. *See* (DE [69]). As such, Defendants did not seek additional discovery on the matter of selection and arrangement used by Plaintiffs. At the same time, Plaintiffs claim that some of the "works" at issue are certain exhibitions (DE [184] at 8)(listing for example "Field of Light (Long Knoll, Wilshire, UK 2004".) If, at trial, Plaintiffs are permitted to raise for the first time the issue of selection and arrangement (by claiming copyright protection of, for example, the patterns, topographies, or spatial formulae for placing the lights in the ground at particular exhibitions) then Defendants would face significant prejudice by scrambling to respond to a non-alleged and previously-disclaimed theory. Because Plaintiffs do not seek protection of the selection and arrangement of the lights, the Court should prevent Plaintiffs from prejudicing Defendants and confusing the jury by presenting evidence about a theory that has no bearing on the case.

WHEREFORE, for the reasons expressed in the Motion and reiterated here, Defendants ask the Court to exclude the nine categories of evidence and argumentation outlined above.

---

[5] For example, Bruce Munro was asked whether defendants copied a layout of his, to which he responded: "It's nothing to do with the layout. It's the essence of sculpture we're talking about and it – Please, can we just agree on that?" Munro Dep. (DE [136] pp. 163:19-164:10).

Dated: June 18, 2021.

                                           Respectfully Submitted,

SHULLMAN FUGATE PLLC

**<u>Allison S. Lovelady</u>**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
James M. Slater (FBN 111779)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592
dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
ggirones@shullmanfugate.com
jslater@shullmanfugate.com
*Attorneys for Defendants*