UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

    Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

    Defendants.

_____/

# ORDER

**THIS CAUSE** came before the Court on Plaintiffs Bruce Munro and Bruce Munro, Ltd. dba Bruce Munro Studio's Motion to Confirm Matters Automatically Deemed Admitted Against NightGarden Defendants for Failing to Answer Requests for Admissions (ECF No. 125). This matter is referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Raag Singhal, United States District Judge for the resolution of discovery disputes (ECF Nos. 27, 53). Having reviewed the Motion, Defendants' Response (ECF No. 131), Plaintiff's Reply (ECF No. 132), and being otherwise duly advised on the matters, Plaintiff's Motion is **DENIED**.

    **I.    BACKGROUND**

Plaintiffs brought the instant action on January 8, 2020, for copyright infringement and violations of copyright management information against Defendants arising in connection with unauthorized commercial exploitation and appropriation of Plaintiffs' works of art (ECF No. 1). An initial scheduling order was entered the following month, which required that all discovery be

1

completed by November 9, 2020. After the filing and granting of three (3) motions to amend the scheduling order (ECF Nos. 31, 57, 74), the Court extended the discovery deadline to January 22, 2021 (ECF No. 75). No further requests to extend the discovery deadline were granted (ECF Nos. 106, 107).

Relevant to the instant dispute, Plaintiff's counsel is located in Austin, Texas, which is one time zone behind Miami, Florida, where Defendants' counsel is located. On December 23, 2020, sometime between 10:54 p.m. and 10:56 p.m. central daylight time, Plaintiffs' counsel emailed defense counsel a set of Requests for Admissions that included 170 Requests directed at all Defendants (ECF Nos. 125-2; 125-3; 125-4). December 23, 2020 is 30 days before January 22, 2021, making it the very last day on which discovery could be timely served pursuant to Local Rule 26.1(d). Counsel for Defendants did not receive the email containing the requests for admissions until December 24, 2020 at 12:05 a.m. eastern standard time (ECF No. 125-6 at 9).

On January 22, 2021—the very last day of discovery—Defendants served Plaintiffs with a Motion for Protective Order Regarding Plaintiffs' Requests for Admissions (the "MPO") (ECF Nos. 125-5, 125-6). Defendants noted that the failure to serve the discovery requests at least thirty days before the discovery cut-off obviated the need to respond, attaching as proof the email receipt of Plaintiff's service at 12:05 a.m. on December 24, 2021 (ECF No. 125-6). "In an abundance of caution," Defendants raised objections to the requests for admissions on the grounds that the requests were disproportionate, harassing, and ran afoul of Rule 36 in that they were confusing compound requests (*id.*). Notably, and as required by this Court's General Order on Discovery Objections and Procedures (ECF No. 27), the MPO was not filed with the Court, and the issues raised within the MPO were not brought to the Court's attention until the filing of the instant Motion more than two and a half months after the close of discovery.

## II. DISCUSSION

As an initial matter, Federal Rule of Civil Procedure 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The rule operates automatically; once a party fails to answer or object to the requests for admissions, the matters are admitted. *Ramos v. Yokopor*, No. 17-23107-CIV, 2018 WL 5044256, at *1 (S.D. Fla. Jan. 4, 2018) (citing *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992)). Because the Rule 36(a) is automatic, "the rule contemplates only two types of motions: (1) to determine the legal sufficiency of an answer or objections, and (2) to withdraw or amend a matter deemed admitted." *Ramos*, 2018 WL 5044256, at *1 (citing Fed. R. Civ. P. 36(a)(6), (b)). Thus, a motion to deem requests for admissions admitted is unauthorized and unnecessary. *Ramos*, 2018 WL 5044256, at *1.

Despite the title, the present Motion falls in the former category and seeks a determination of the legal sufficiency of Defendants' objections to the requests; it is a discovery dispute. *Ramos*, 2018 WL 5044256, at *1. Pursuant to Rule 26.1(g) of the Local Rules of the Southern District of Florida, all disputes related to discovery shall be presented to the Court:

> within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

Plaintiffs received Defendants' objections to the requests for admissions on January 22, 2021. Yet Plaintiffs did nothing and said nothing until April 14, 2021—more than two and half months after receiving Defendants' objections and after discovery had closed—to challenge Defendants'

objections.[1] That this is, at heart, a discovery dispute over the timing of service and propriety of Defendants' objections is plain from Plaintiffs' Motion itself, which argues a number of bases for the Court to disregard or overrule the objections. The Court will not consider the merits of those arguments at this posture, and Plaintiffs provide no explanation for their delay in presenting this discovery dispute to the Court.

This is not the first time Plaintiffs' have failed to timely raise discovery issues before the Court. In fact, the undersigned has submitted multiple orders in this case denying Plaintiffs' discovery requests as untimely (*see, e.g.*, ECF Nos. 124, 160). As the Court has previously explained to Plaintiffs, "[a] court can only assist those parties who help themselves, and here, the record indisputably demonstrates that Plaintiff was its own worst enemy." *S.O.S. Res. Servs., Inc. v. Bowers*, No. 1:14-CV-22789-COOKE, 2015 WL 6735540, at *3 (S.D. Fla. Nov. 4, 2015) (finding that "[h]ad Plaintiff complied with this Court's Scheduling Order, timely served requests for production on Defendants, timely requested relief from this Court in the form of a motion to compel, and timely designated an expert witness, Plaintiff would not be in this situation").

It is clear from the record that both Parties engaged in gamesmanship relating to these requests for admissions—Plaintiffs waiting until the literal last minute to serve their requests and Defendants capitalizing on the five minute post-midnight service and waiting until the last day of discovery to object via an unfiled motion for protective order. Two and a half months later, Plaintiffs would have the Court declare them the victor of these games. It will not.

The purpose of requests for admissions is to function as a "time saver" and "to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cty.*,

---

[1] On February 23, 2021, the undersigned entered an order clarifying that the Court's practice for resolving discovery disputes without filing a motion was not available beyond the discovery period, and that any application for relief from the Court may only be pursued via motion, in compliance with Local Rules 7.1 and 26.1 (ECF No. 113).

297 F.3d 1255, 1265, 1268 (11th Cir. 2002). The practice of serving requests for admission at the end of the discovery period can advance these goals and advance efficiency at trial. Plaintiffs' gamble here in serving them at the stroke of midnight has not paid off, though the Court makes no ruling as to which side had the better argument on the timeliness of the service of the requests. Rather, because Plaintiffs' Motion, which presents a discovery dispute, was not timely raised with the Court, and finding no good cause for its delay, the Motion is **DENIED** as untimely.

**DONE** and **ORDERED** in chambers in Miami, Florida, this 29th day of June, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE