UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-Singhal/Louis

BRUCE MUNRO, *et al.*,

        Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

        Defendants.

**DEFENDANTS' OBJECTIONS AND REPLY TO PLAINTIFFS'
OPPOSING STATEMENT OF MATERIAL FACTS (DE [193])**

Pursuant to Federal Rule 56 and Local Rule 56.1(a), Defendants file their reply to Plaintiffs' Opposing Statement of Material Facts (Corrected) ("OSOMF") (DE [193]).[1]

**I. Legal Conclusions Can be Disregarded.**

As an initial matter, this Court can strike or disregard every paragraph that consists of a legal conclusion. A statement of material facts should not contain legal conclusions or conclusory assertions. *See* Order (DE [186] at 2) (citing *Farina v. Sushi Takara, Inc.*, 2008 WL 11405985, at *1 (S.D. Fla. Jan. 7, 2008) (citing *McKenzie v. Citation Corp., LLC*, 2007 WL 1424555, at *6 (S.D. Ala. May 11, 2007)); *see Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.*, No. 10-23869-CIV, 2012 WL 1570057, at *3 n.8 (S.D. Fla. May 2, 2012) ("inappropriate to raise legal argument

---

[1] Plaintiffs filed their (third) OSOMF, which is *24 pages* above the limitations permitted by the Court (*See* DE [186] at 5–6) (permitting 15 pages of opposition and 5 pages of additional facts). The Court can disregard the excess pages of the OSOMF (paragraphs 41-114) or impose some other sanction for Plaintiffs' blatant (and repeated) disregard of the Court's Orders. *See, e.g.*, *Turnbull v. Gramiak*, No. 1:15-CV-822-SCJ, 2016 WL 11683823, at *2 (N.D. Ga. May 23, 2016) (court disregarded pages filed outside the limitation set by court order).

in a statement of material fact"). The paragraphs that contain improper legal conclusions are: paragraph 123 (concluding works were "copied"); 124 (concluding works are non-utilitarian); 125 (concluding that CMI was conveyed in connection with works); 126 (same); 131 (concluding works are non-functional); 132 (parroting useful article element re light function); 133 (concluding choices were non-utilitarian); 134 (concluding Defendants had access); 135 (concluding defendants copied); 136 (concluding Defendants removed CMI); 137 (concluding Defendants placed false CMI). Defendants additionally reply as follows:

**PLAINTIFFS' ADDITIONAL FACTS**

115. Undisputed that Munro has shown exhibitions produced through or with his Studio, although immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment. Disputed as opinion, hearsay and speculative regarding Munro being "known" for the items listed, although also immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment. The Court should also disregard the cites to Munro's Declaration as unsupported by any evidence and Twil's Report and testimony as paraphrasing Munro's biography without foundation or evidentiary support. [2] *Acosta v. Campbell*, 309 F. App'x 315, 318 (11th Cir. 2009) (per curiam) ("[C]onclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion."); *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-00557-T-27, 2014 WL 1819616, at *3 (M.D. Fla. May 7, 2014) (*citing Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1112 (11th Cir. 2005)).

---

[2] The Court directed Plaintiffs to strike their prior statement of facts (DE [182], DE [186] at 6). Instead, Plaintiffs withdrew the main document but left in the record docket entries 182-1 through 182-4 (Munro's Declaration and its exhibits). Accordingly, the Court must refer to two docket entries in assessing Plaintiffs' OSOMF—docket entries 193 (the corrected OSOMF) and 182-1 through 182-4 (Munro's Declaration and its exhibits).

116. Undisputed that Munro is an artist, although immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment. Otherwise disputed as to Munro's mediums or "aims" as opinion, and speculative, although also immaterial.

117. Undisputed that Munro's installations are "site specific." Disputed regarding "site-specific iterative versions" of installations, although immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment because layout and arrangement regarding exhibition installations is not at issue. Munro testified that "there are three installations that have different names: Field of Light, Forest of Light, River of Light." (DE [149-1] at 79:3-6); (see also *id*. at 151:5-8) (referring to each installation separately). Also disputed as to Munro being "known" for particular things as hearsay, opinion, and speculative, although immaterial. Plaintiffs cite the testimony of Gregory Sharp that does not pertain to the contentions in this paragraph, and also point to a Munro Declaration that contradicts prior testimony by now contending that Forest of Light and River of Light are "versions" of Field of Light. This portion of the Munro Declaration should also be disregarded as a sham because it contradicts Munro's testimony. *See Santhuff v. Seitz*, 385 Fed. Appx. 939, 945 (11th Cir. 2010) (court may disregard affidavit that is inconsistent with deposition testimony); *Van T. Junkins & Assoc. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir. 1984) (affidavit a sham when it contradicts prior testimony without valid explanation).

118. Undisputed that Munro's works generally cover many acres in different locations. Disputed that smaller scale versions are displayed and exhibited at galleries and museums because no such evidence is in the record, although immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment. Notwithstanding, the Court should disregard this paragraph for the reasons outlined in detail in paragraph 115 as contradictory and unsupported (Munro Declaration) or lacks foundation and inadmissible (Twil's Report and testimony).

119. Disputed as not supported by record evidence, although Munro's purported accolades are immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment.

120. Disputed as hearsay, opinion, and speculative, although Munro's purported accolades and comparison to other artists are immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment.

121. Disputed. The Copyright Office registration defines the work as a "sculpture" not a "three-dimensional work of fine art and applied art." (DE [69] Ex. A); (DE [136] Ex. 22).

122. Disputed as hearsay, opinion, and speculative, although Munro's purported media, attendance, engagement, and web traffic are immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment. Plaintiffs only support these purported facts through Munro's Declaration and Twil's Report and testimony. As stated in paragraph 115, Munro's Declaration at paragraph 11 contains no support for these conclusory opinions. It should be disregarded. See *Acosta,* 309 F. App'x at 318. Further, the cited Twil Report and testimony contain conjecture without any support and are not admissible. *Wiand*, 2014 WL 1819616, at *3.

123. Disputed that the Munro Works are "works of art" or "original works." (DE [148-5] at Munro-2723); (DE [148-6] at Munro-2732-34). Disputed that Defendants "copied" the Munro Works, and this Court can disregard this paragraph as legal argument (*see* Section I *infra)*. Further, Exhibit 1 to the Munro Declaration (DE [182-2]) ("table") is inadmissible as containing attorney argument. The table was prepared during litigation, lacks foundation and is not a summary under F.R.E. 1006. *See Brandon v. GlaxoSmithKline, LLC,* No. 7:15-CV-01804-RDP, 2017 WL 2876184, at *8 (N.D. Ala. July 6, 2017) (*citing Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 31 (1st Cir. 2011)); *see also* (DE [182-1] ¶¶ 61–64) (no foundation). Without providing

4

underlying foundation, the Court "cannot determine whether Plaintiff[s] would be able to present a proper foundation for [the chart's] admission at trial, and [it] must be excluded from the Rule 56 record as well." *Brandon*, 2017 WL 2876184, at *8. In addition, each column in the table contains a heading related to legal elements of copyright infringement, such as "access" to Munro's works, "copying and infringement" of the works, or calling the *NightGarden* installations "derivative" works. (*See* DE [182-2]). Those headings are inadmissible legal, attorney argument. *See Maldonado*, 546 F. Supp. 2d at 1357 n.3 (*citing United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990) ("statements and arguments of counsel are not evidence").

  124. Undisputed that the Munro Works are "mixed media installations." Otherwise disputed. (DE [149-1] at 122:5-126:18, 175:7-22, 302:9-303:9) (explaining that others install and assemble Munro's works). Disputed that the works are "non-utilitarian, creative and artistic." (DE [148-5] at Munro-2723); (DE [148-6] at Munro-2732-34); (DE [146] ¶ 20). The Copyright Office recently affirmed that Munro's stick-and-bulb light lacks creativity and cannot be protected by copyright law. (Copyright Office Review Board's May 27, 2021 decision filed contemporaneously herewith and attached as Exhibit A to the Declaration of J. Slater.) The Court can also disregard Plaintiffs' defining the Munro Works as "non-utilitarian" because it is legal argument. *See* Order (DE [186] at 2); *see* Section I, *infra*. Whether a work contains "non-utilitarian" elements relates to whether it can be protected by copyright law. See 17 U.S.C. § 101. In addition, this entire paragraph should be disregarded for violation of Local Rule 56.1 and the Court's requirement that record materials be cited with specificity. *Cardona v. Mason & Dixon Lines, Inc.*, No. 16-22704-CIV, 2016 WL 8677307, at *1 (S.D. Fla. Nov. 10, 2016) (failure to cite "specific portions" of record rather than "generally" citing them violates Rule 56.1). Here, Plaintiffs cite the entire Twil Report and 57 paragraphs of the Munro Declaration.

125.  Disputed. The Munro Works did not contain "copyright management information." (*See* DE [149-1] at 58:12-22); (DE [149-2] at 84:16-85:2, 85:23-86:15); (DE [146] ¶¶ 41–42, 50–51). Defendants also did not use Munro Works. (DE [149-1] at 64:1-18; 148-20 and 148-21) (light invoices). This paragraph should also be disregarded as legal argument regarding "copyright management information" and whether it was "conveyed in connection" with the Munro Works, which merely tracks language of 17 U.S.C. § 1202(c). *See* (DE [186] at 2); *see* Section I *infra*. Both phrases are statutory terms or constructs that are subject to judicial interpretation. *See* 17 U.S.C. § 1202(c); *Yellow Pages Photos, Inc. v. Dex Media, Inc.*, No. 8:18-CV-1872-CEH-AEP, 2021 WL 799695, at *3 (M.D. Fla. Feb. 3, 2021). Further disputed and this Court can disregard this paragraph because it is not supported by record evidence other than the legal conclusions contained in Munro's Declaration. *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (nonmovant's affidavit cannot satisfy burden of coming forth with "relevant competent evidence by simply relying on legal conclusions or evidence that would be inadmissible at trial") (citation omitted); *see also United States v. All Funds in the Acct. of Prop. Futures, Inc.*, 820 F. Supp. 2d 1305, 1317 (S.D. Fla. 2011), *aff'd sub nom. United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480 (11th Cir. 2013) (same) (collecting cases).

126.  Disputed for the reasons stated in response to paragraph 125 above, which are fully incorporated herein. Further, the facts of whether images in Munro books contained a title, author and/or symbol is also immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment.

127.  Undisputed that Munro's name was not used on anything produced by Defendants. Otherwise disputed regarding copyright management associated with Munro and/or Munro Works for the reasons stated in response to paragraph 125 above, which are fully incorporated herein.

128. Undisputed that a photograph generally may not be capable of capturing the same event as experienced in person, although immaterial to the issues presented in Defendants' Joint Motion for Summary Judgment. Undisputed that the *Forest of Light, Field of Light, Fireflies and River of Light* can be a large installation. This paragraph should be disregarded because it contains inappropriate opinions, not fact. *Cabrales v. Las Brisas Quick Hand Car Wash, Corp.*, No. 09-22599-CIV, 2012 WL 12948806, at *5 n.6 (S.D. Fla. Nov. 16, 2012), *report and recommendation adopted in part, rejected in part,* No. 1:09-CV-22599-UU, 2013 WL 12198763 (S.D. Fla. Mar. 18, 2013) (disregarding legal argument and opinion). The Court should also disregard this paragraph because the Munro Declaration is unsupported by record evidence as outlined in detail in paragraph 115.

129. Undisputed that the three works referenced consist of spheres or bulbs that sit atop stems or sticks, into which fiber-optic cable is strung into the sphere or bulb. Disputed that the bulbs Plaintiffs use are always clear. (DE [149-1] at 156:10-157:6, 159:14-19). Disputed that each "Stemmed Sphere" does not exist without the "many other fiber-optic lit Stemmed Spheres selected and arranged by Munro," and as not material to this lawsuit or the issues presented in Defendants' Joint Motion for Summary Judgment. (DE [149-1] at 23:11-24:7; 25:2-24; 38:7-39:3; 83:23-84:20, 163:19-164:2) (Munro disclaimed selection and arrangement as a claim); (DE [69] (no allegations of selection and arrangement); (DE [149-1] at 122:5-126:18, 175:7-22, 302:9-303:9) (Munro does not select or arrange the bulbs himself). Disputed as to the programming of light output in connection with the bulbs because there is no supporting evidence, although such lighting is not relevant to the claims here or the issues presented in Defendants' Joint Motion for Summary Judgment. Further, the Court should also disregard this paragraph because the Munro Declaration is unsupported by record evidence as outlined in detail in paragraph 115.

130. Undisputed that Fireflies consists of a bundle of fiber optic cables. Disputed that the fiber-optic cables are of "different lengths." (DE [149-1] at 190:6-13) (discussing that the fireflies have changed over time but "hang in a particular way"); (DE [145] at 18) (photograph of fireflies). Disputed as to the remainder of this paragraph regarding light output as unsupported by record evidence or supported by an entire book (*Catching Light*) without specific citation, although such lighting is not relevant to the claims here or the issues presented in Defendants' Joint Motion for Summary Judgment. Plaintiffs also cite to Munro's Declaration that, as stated in paragraph 117, improperly contradicts prior testimony and should be disregarded as a sham.

131. Disputed. This paragraph should be disregarded because whether the works are "non-functional" is legal argument. *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018); *see* (DE [186] at 2); *see* Section I, *infra*. Munro testified that the environment dictates what components are used for his works, that he uses sheaths functionally on his bulbs, and that the position of fiber is dictated by the natural curvature of his bulbs. (DE [149-1] at 117:24-118:19, 167:7-168:4, 128:16-129:16, 165:13-166:1); *see also* (DE [146] ¶¶ 34–37) (citing Munro's testimony). The Copyright Office found that Munro's work was not original both in the components or the arrangement of them. (DE [148-6] at 4) (citing Munro-02734); Ex. A to J. Slater Declaration filed contemporaneously herewith (Munro-014236-42). Here, Plaintiffs also use Munro's Declaration that, as stated in paragraph 117, improperly contradicts prior testimony and should be disregarded as a sham.

132. Disputed. This paragraph is impermissible opinion and legal argument as to whether Munro's works can serve "any function" other than his art installations. *See* Order (DE [186] at 2); *see* Section I, *infra*. It should be disregarded. *Cabrales*, 2012 WL 12948806, at *5 n.6 (disregarding opinion and legal argument from Rule 56.1 statement). Disputed as to light emitted

as unsupported by record evidence or supported by an entire book (*Catching Light*) without specific citation, although such lighting is not relevant to the claims here or the issues presented in Defendants' Joint Motion for Summary Judgment.

133.     Disputed. Volunteers and others install and assemble Munro's works (DE [149-1] at 122:5-126:18, 175:7-22, 302:9-303:9). Here, Plaintiffs use Munro's Declaration that, as stated in paragraph 117, improperly contradicts prior testimony and should be disregarded as a sham. The Court should also disregard Plaintiffs' use of the table (Munro Declaration Exhibit 1) for the reasons stated in response to paragraph 123 above. Further, as explained in paragraph 124 above, this paragraph should be disregarded because whether the works are "non-utilitarian" is legal argument. *See* (DE [186] at 2); *see also* Section I, *infra.* Last, the Copyright Office opined Munro's "Stemmed Spheres" lack any creativity and are unprotectible ideas. Ex. A to J. Slater Decl. (Munro-014240-41)).

134.     Disputed. This paragraph should be disregarded as impermissible legal argument that concludes Defendants had "access" to Munro's works. *See* Order (DE [186 at 2]); *See* Section I, *infra*; *Barnext*, 2012 WL 1570057, at *3 n.8. "Access" is an element of demonstrating copying in copyright infringement claims. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007). Defendants did not know or recall Munro until after the *NightGarden* commenced, and after the lawsuit was filed as to Imaginer and Painter (*See* DE [149-5] at 27:1-25, 74:22-75:10, 234:20-25); (DE [149-6] at 12:25-13:2, 13:19-22, 75:25-76:6); (DE [149-7] at 48:4-50:15); (DE [149-3] at 19:10-15, 27:12-15, 34:17-25, 208:3-22); (DE [147] ¶¶ 16, 19). The Court should disregard Plaintiffs' reliance on the Munro Declaration as lacking specificity, containing legal conclusions, and as a sham as contradicting prior testimony. The table (Munro Declaration Exhibit 1) is not evidence and should be disregarded reasons stated in response to paragraph 123 above, which

arguments are fully incorporated herein, and because Plaintiffs misrepresent the facts in their response to paragraph 13. *See* MSJ Reply at 17–18 (Defendants never saw purported Alibaba website using Munro's name).

135. Disputed. This paragraph should be disregarded as an impermissible legal conclusion stating that Defendants "copied" Munro's works, because copying is an element of copyright infringement. *See* Order (DE [186] at 2) ("A statement of material facts should not contain legal conclusions or conclusory assertions"); *see* Section I, *infra*; *see Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991). Defendants did not copy Munro's works because they did not have access to Munro's works and there is no substantial similarity because the work consists of uncopyrightable ideas. (*See* DE [149-5] at 27:1-25, 74:22-75:10, 234:20-25); (DE [149-6] at 12:25-13:2, 13:19-22, 75:25-76:6); (DE [149-7] at 48:4-50:15); (DE [149-3] at 19:10-15, 27:12-15, 34:17-25, 208:3-22); (DE [147] ¶¶ 16, 19); Copyright Office refusals (DE [148-5] at Munro-2723); (DE [148-6] at Munro-2732-34); Ex. A. to Slater Decl. (Munro-014240-41)). Further, the table (DE [182-2]) is inadmissible as containing attorney argument for the reasons stated in response to paragraph 123 above, which arguments are fully incorporated herein.

136. Disputed. This paragraph should also be disregarded as impermissible legal conclusions that Defendants "removed CMI" from Munro's works because removing or placing false copyright management information are legal elements of a claim under the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 1202(a)-(b). *See* Order (DE [186] at 2); *see* Section I, *infra*. Further, no lights or any of Plaintiffs' works (or "Munro Works") were used at the *NightGarden* and therefore nothing could be removed from those works. (DE [149-1] at 46:9-16, 63:19-64:18, 69:7-16); (DE [69] ¶¶ 87, 114, 117, 142, 144, 146-47, 149, 156). The lights were ordered from China and customized and assembled by Defendants. (DE [173-1] at 157:19-159);

(DE [173-44], [173-63]) (confirming China invoices for light purchases); (DE [148-16], [148-17] (referencing Imaginer-388-401 and Kilburn-61 cited at (DE [148-16, 17])). Plaintiffs also do not even put CMI on their own lights. (*See* DE [149-1] at 58:12-22); (DE [149-2] at 84:16-85:2, 85:23-86:15). Munro's Declaration containing legal conclusions is improper and contradicts evidence in the record. (DE [136] at 61:6-63:9) (Munro not sure what evidence would support CMI claims, if any). Further, the table (DE [182-2]) cannot be relied on as evidence as it is inadmissible as containing attorney argument, for the reasons stated in response to paragraph 123 above which arguments are fully incorporated herein.

137.  Disputed. This paragraph is an impermissible legal conclusion that Defendants "placed false CMI," and that Defendants "copied" "distributed" or "publicly displayed" Munro's Works because these are legal elements of the DMCA claim. *See Barnext*, at *3 n.8; *see* (DE [186] at 2); *see* Section I, *infra*. There was also no CMI on the Defendants' mushroom or fiber lights. ((DE [139] at 171:12-172:11); (DE [141] at 198:15-199:12)). Further, no lights or any of Plaintiffs' works (or "Munro Works") were used at the *NightGarden* and therefore nothing could be copied from those works. (DE [149-1] at 46:9-16, 63:19-64:18, 69:7-16); (DE [69] ¶¶ 87, 114, 117, 142, 144, 146-47, 149, 156). The lights were ordered from China and customized and assembled by Defendants. (DE [173-1] at 157:19-159); (DE [173-44], [173-63]) (confirming China invoices for light purchases); (DE [148-16], [148-17] (referencing Imaginer-388-401 and Kilburn-61 cited at (DE [148-16, 17])). Plaintiffs do not put CMI on their own lights. (*See* DE [149-1] at 58:12-22); (DE [149-2] at 84:16-85:2, 85:23-86:15). Munro's Declaration containing legal conclusions is improper and contradicts evidence in the record. (DE [136] at 61:6-63:9) (Munro not sure what evidence would support CMI claims, if any). Further, the table (DE [182-2]) cannot be relied on as evidence as it is inadmissible as containing attorney argument, for the reasons stated in response

to paragraph 123 above which arguments are fully incorporated herein.

138. Undisputed that Defendant NightGarden, LLC and Kilburn Live received revenue from the event. Otherwise disputed. *See* (DE [147] ¶ 4) (Painter paid through company); (DE [173] at 175:14-176:4) (Imaginer paid for services); (DE [140] at 16:22-17:8) (Manuel receives salary from Kilburn entities); (DE [172-1] at 16) (Fairchild was paid pre-determined rent amount plus revenue-share by Night Garden, LLC).

139. Undisputed that Twil prepared a report called "appraisal report." Disputed that the Report demonstrates the "fair market value payable for two hypothetical licenses of Munro works as of the 2018 Season 1 and the 2019 Season 2 NightGarden exhibitions at Fairchild." Twil has no experience with license fees and did not calculate any license fee for what hypothetical use at *NightGarden* would have been. (DE [135-2] at 43:2-4, 63:9-12, 203:5-13). Twil did not look at components of Munro's works, the actual works at issue in this case, nor did she rely on the acreage of Fairchild or *NightGarden* at all. (*Id.* 68:12-69:70:6). *See* Defendants' Motion to Exclude Ms. Twil's Report (DE [135]). As stated in paragraphs 115 and 124, the Report and testimony are also inadmissible as lacking any factual foundation or analysis, and the Report should be disregarded here for Plaintiffs' failure to identify specific citations to it.

Dated: July 7, 2021.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
James M. Slater (FBN 111779)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592

dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
ggirones@shullmanfugate.com
jslater@shullmanfugate.com

*Attorneys for Defendants*