UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

        Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

        Defendants.

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to the Court's finding that Plaintiffs violated Local Rule 7.1(a)(3) by filing a non-compliant spoliation motion (DE [204]), Defendants[1] move to recover attorneys' fees and costs associated with responding to Plaintiffs' spoliation motion.

### Relevant Facts

On May 3, 2021, Plaintiffs filed a motion for sanctions (the "Motion") against Defendants for allegedly spoliating evidence related to the *Nightgarden* season two. (DE [153]). The parties briefed the Court on the matter (DE [181 and 199]), and on June 30, 2021, the Court entered an order denying Plaintiffs' Motion. (DE [204]). The Court did not reach the merits of the Motion, instead denying the Motion as untimely. *Id*. at 6–8. The Court further found that Plaintiffs violated Local Rule 7.1(a)(3) because Plaintiffs failed to confer with Defendants before filing the Motion and—by necessary extension—failed to include a certificate of conferral. *Id*. at 5–6. Pursuant to Plaintiffs' Rule 7.1(a)(3) violation, the Court stated that it "will grant Defendants' request to

---

[1] The term "Defendants" excludes Defendant Zhongshan G-Lights Lighting Co., Ltd.

1

adjudicate a separately filed motion for attorney's fees incurred in responding to the Motion" and that "if Defendants continue to seek attorney's fees potentially due here, they shall file a Motion for Attorney's Fees incurred in responding to this Motion within 14 days of the date of this Order." *Id.* at 6, 8. Defendants file the instant motion pursuant to the Court's instruction.

### Applicable Rule

Local Rule 7.1(a)(3) requires that a party filing any motion—save several enumerated exceptions that are inapplicable here—must first confer or attempt in good faith to confer with opposing counsel to seek resolution of the matter without the court's involvement. S.D. Fla. L.R. 7.1(a)(3). The Rule further requires the movant to include a certification at the conclusion of the motion that counsel either conferred or attempted in good faith to confer with opposing counsel. *Id.* Lastly, the Rule states that a party's failure satisfy these requirements "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Rule 7.1(a)(3).

Compliance with the rule is "mandatory and serves an important purpose. . . . [T]he purpose of the pre-filing conference is to avoid seeking relief unnecessarily, thereby avoiding waste of effort by the parties and the court." *Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV, 2018 WL 2198457, at *3 (S.D. Fla. May 14, 2018) (quoting *Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik Ve Dis Ticaret Ltd. Sirketi v. Terminal Exch., LLC*, No. 09-80720-CIV, 2009 WL 10668748, at *4 (S.D. Fla. Dec. 9, 2009)).

**Argument**

As set forth below, Defendants are entitled to **$15,609.00** in fees incurred while responding to Plaintiffs' spoliation motion.

*A. Defendants are Entitled to Fees based on Plaintiffs' Violation of Local Rule 7.1(a)(3)*

The Court already determined that Plaintiffs violated Local Rule 7.1(a)(3), (DE [204]), and the terms of the Rule permit a court, in its discretion, to award the nonmoving party its fees and costs incurred when responding to a violative motion. S.D. Fla. L.R. 7.1(a)(3). Plaintiffs here ploughed ahead with a belated and substantively meritless Motion that wasted judicial resources. Under such situations, courts in this District routinely award the nonmoving party its fees and costs. *See, e.g., Bosch v. Ball-Kell*, 05-80686-CIV, 2006 WL 8435488, at *1 (S.D. Fla. Apr. 10, 2006); *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *4 (S.D. Fla. Oct. 10, 2013); *Porter v. Collecto, Inc.*, 14-21270-CIV, 2014 WL 2612317, at *2 (S.D. Fla. June 11, 2014). Defendants ask the Court to exercise its discretion and award the attorneys' fees and costs— in the amount set forth below—that Defendants incurred while responding to Plaintiffs' spoliation motion.

*B. Defendants' Fee Award*

"[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). Arriving at the amount of an attorneys' fees award requires the Court to calculate the "lodestar" by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the attorneys' services. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skills, experience, and reputation." *Caplan v. Rehabclinics (PTA) Inc.*, 19-CV-62890, 2020 WL 3977140, at *2 (S.D. Fla. July 13, 2020) (*citing Norman*, 836 F. 2d at 1299). In terms of reasonable number of hours billed, a fee applicant must exercise "billing judgment." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Here, the hourly rates and hours worked and billed by Defendants' counsel were reasonable given the facts and circumstances of this case.

> I.   *The rates charged by defense counsel were reasonable.*

The attached evidence establishes that Defendants' counsels' hourly rates are reasonable, consistent with, and even lower than, work performed by lawyers of comparable experience and skill. *See* Declaration of Deanna K. Shullman ("Shullman Decl.") at 4 **(Attached as Exhibit 1).** The undersigned counsel—the partner overseeing this matter—has reviewed the billing records and noted that between May 4, 2021 and May 28, 2021 the undersigned billed Defendants a total of 9.7 hours at a rate of $375.00 responding to Plaintiffs' ill-conceived spoliation motion. Shullman Decl. at 4. Allison Lovelady, another partner, billed Defendants a total of 26.2 hours at a rate of $375.00. *Id*. James Slater, an associate assigned to this matter, expended a total of 15 hours of his time at a rate of $270.00. Time entries as billed to Defendants are reflected in Composite Exhibit C to the Shullman Declaration.

As the billing partner responsible for this matter and in the exercise of billing judgment, the undersigned wrote off additional fees incurred in preparing Defendants' response in the amount of $8,950.50. Shullman Decl. ¶ 16. The undersigned removed time incurred at the draft bill phase in the amount of $7,047.00 and that time is not reflected on the bill. *Id.* Further discounts were made at time of final billing ($1,903.50), which are displayed on Shullman Declaration Composite Exhibit C. Therefore, after including any discounts and write-offs provided to Defendants, which

4

reduce the hours listed above, the total lodestar amount of fees sought is $15,609.00. Shullman Decl. at 5. This amount is both reasonable and appropriate in light of the nature of this litigation.

> II.   *The number of hours expended was reasonable under the circumstances.*

When considering the reasonableness of the hours expended on a matter, a court should consider the nature of an opposing party's litigation efforts and whether such efforts contributed to any necessary counter-effort. *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986). Throughout this case, Plaintiffs have repeatedly applied the twin aphorisms that bigger is better and it is better late than never. The spoliation motion was no exception, as Plaintiffs filed a belated, 180-page document alleging that Defendants engaged in bad faith discovery abuse and asking the Court to both enter judgment on certain claims as a matter of law and eviscerate Defendants' affirmative defenses. (DE [153 at 8–10]). Although the Plaintiffs' Motion suffered numerous substantive and procedural flaws, Defendants could not risk the potentially devastating consequences of taking Plaintiffs' allegations lightly by proffering a perfunctory response. Considering the extent and severity of Plaintiffs' requests for relief, a thorough, time-consuming response was necessary. Thus, Defendants responded in kind and filed a document that, in Plaintiffs' words, "in excruciating detail analyze[d] and argue[d] the finer points of spoliation law." (DE [199 at 1]). Indeed, a party cannot "litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response." *See City of Riverside*, 477 U.S. at 580 n.11.

Thus, the amount of fees sought is reasonable, considering the amount of damages Plaintiffs seek, the complexity and volume of the issues presented in the spoliation motion, and the skill, reputation, and experience of defense counsel. Shullman Decl. at 4. It is consistent with

the undersigned's experience in defending copyright infringement lawsuits. For these reasons, the Defendants ask the Court to award them their reasonable fees in the amount of $15,609.00.

## Conclusion

Plaintiffs' violation of Local Rule 7.1 precipitated a filing that wasted both the Court's and Defendants' time. Because Plaintiffs filed a belated, extensive, and ill-advised spoliation Motion, Defendants request this Court award them their reasonable fees in the amount of $15,609.00.

## LOCAL RULE 7.1(a)(3) CONFERRAL

Counsel for Defendants herein have made reasonable efforts to confer with counsel for Plaintiffs in a good-faith effort to resolve the issues raised in this motion, up to and including today. The parties are continuing to confer. Defendants filed a motion for extension today to allow the parties additional time to confer, but file the instant motion as well so as not to grant their own extension.

Dated: July 14, 2021.              Respectfully Submitted,

                                    SHULLMAN FUGATE PLLC

                                    **Deanna K. Shullman**
                                    Deanna K. Shullman (FBN 514462)
                                    Allison S. Lovelady (FBN 70662)
                                    Giselle M. Girones (FBN 124373)
                                    James M. Slater (FBN 111779)
                                    2101 Vista Parkway, Suite 4006
                                    West Palm Beach, FL 33411
                                    Tel: (561) 614-2592
                                    dshullman@shullmanfugate.com
                                    alovelady@shullmanfugate.com
                                    ggirones@shullmanfugate.com
                                    jslater@shullmanfugate.com

                                    *Attorneys for Defendants*