UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

      Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

      Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), Local rule 7.3(c), and 28 U.S.C. § 1920, Defendants Fairchild Tropical Botanic Garden, Inc.; Night Garden, LLC; Kilburn Live, LLC; Nannette M. Zapata; Kilburn Media, LLC; Mark C. Manuel; Imaginer Ltd.; Imaginer, Inc.; and Max Painter (collectively, "Defendants") file this memorandum in support of their Bill of Costs seeking taxable costs against Plaintiffs Bruce Munro and Bruce Munro Studio LTD in the amount of $24,524.85.

**Introduction and Background**

This matter stems from Plaintiffs' unfounded accusations that Defendants committed copyright infringement and violated the DMCA related to use of lights at Defendants' outdoor *NightGarden* event. Plaintiffs pursued this suit aggressively, driving up fees and costs for the parties. Throughout the litigation, Plaintiffs asserted a variety of claims based on the untenable notions that Defendants infringed on the idea of displaying unprotectible lights in outdoor settings and that Defendants violated the DMCA even though they did not remove, alter, or falsify any copyright-management information. Plaintiffs served thousands of discovery requests and required

1

the Court to handle multiple issues, including four discovery hearings (DE [66, 83, 88, 108]).

On May 3, 2021, Defendants moved for summary judgment on all claims (DE [145]), and on January 13, 2022, the Court granted summary judgment in favor of Defendants, entering final judgment against Plaintiffs and denying all other pending motions as moot. (DE [216]); (DE [217]). Defendants should be awarded their costs in defending against Plaintiffs' specious, aggressively-litigated claims.

## **ARGUMENT**

Defendants are the prevailing parties in this case because the Court entered unqualified and final judgment in their favor on January 13, 2022. (DE [217]); s*ee also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CV, 2015 WL 11197752, at *2 (S.D. Fla. Dec. 29, 2015), *report and recommendation adopted*, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016) (explaining that a defendant who is granted summary judgment is the prevailing party for cost-taxation purposes).

As prevailing parties, Defendants are entitled to a strong presumption in favor of awarding their costs. *See* Fed. R. Civ. P. 54(d)(1) ("costs—other than attorney's fees—should be allowed to the prevailing party"). To overcome the presumption and deny full costs, the court "must have and state a sound reason for doing so." *Pierre v. Intuitive Surgical, Inc.*, No. 18-CV-60095, 2020 WL 6265953, at *1 (S.D. Fla. Aug. 24, 2020) (citing *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017)).

Rule 54 works in conjunction with Section 1920, which enumerates six types of awardable costs: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for necessary copies; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court-appointed experts. 28 U.S.C. § 1920. Under each of these categories, the key factor in whether a cost is awardable is if the party

incurred it necessarily rather than for the sake of convenience. *See Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3-7 (S.D. Fla. Feb. 2, 2016). As explained below, Defendants request $24,524.85 in taxable costs under Section 1920.

**I.    Taxable costs sought by Defendants**

   **a.  Fees for service of process**

Section 1920(1) permits recovery of private process server fees so long as they do not exceed the amount charged by the U.S. Marshal. *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000); *Procaps*, 2016 WL 411017, at *2. Under 28 C.F.R. § 0.114(a)(3), the current rate of the U.S. Marshal's service is $65.00 per hour, and this rate is applied on a per-subpoena basis to determine taxable costs. *See id.* (awarding $390.00 in taxable costs for service of six subpoenas). Defendants served subpoenas on non-parties Greg Sharp and Jennifer Lewis, both of whom testified about multiple issues regarding Plaintiffs' business, works, and claimed damages.[1] *See* Composite Exhibit A to Defendants' Bill of Costs (DE [224]) ("Bill of Costs") at 2. Defendants seek a total of $130.00 for service of process of these two subpoenas.

   **b.  Transcript Costs**

Defendants ordered transcripts of 12 depositions and two hearings, which they used throughout the proceedings to support their motion for summary judgment, their motion to exclude damage expert Xiliary Twil, discovery disputes, deposition designations, and their defenses at trial (including for impeachment purposes). The taxation of these costs is authorized by Section 1920, which allows recovery for the costs incurred for preparation of both hearing and deposition transcripts. *Fodor v. D'Isernia*, 599 Fed. App'x 375, 375-76 (11th Cir. 2015); *Procaps*, 2016 WL 411017, at *2-3 (awarding costs for hearing and deposition transcripts); *Katz v. Chevaldina*, 127

---

[1] Lewis was later designated as a corporate representative on certain topics.

3

F. Supp. 3d 1285, 1294 (S.D. Fla. 2015) (same).

Recoverable costs include, for example, court reporter attendance fees or *per diem*, normal delivery fees, and videography costs. *Pierre*, 2020 WL 6265953, at *3-4; *Procaps*, 2016 WL 411017, at *2-3 (citing *E.E.O.C.*, 213 F. 3d at 620); *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012). If a deposition was taken by the non-prevailing party, the prevailing party may also recover "costs associated with obtaining a copy of a deposition transcript." *Frasca v. NCL (Bahamas) Ltd.*, No. 12-20662-CIV, 2014 WL 4206697, at *5 (S.D. Fla. Aug. 25, 2014) *reversed and remanded on other grounds*, 654 Fed. Appx. 949 (11th Cir. 2016). Fees for deposition exhibits are also recoverable if necessary and not for the convenience of counsel. *See Thermoset Corp.*, 2015 WL 11197752, at *4.

Additionally, "the costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps*, 2016 WL 411017, at *3. The court may also tax costs of video synchronization where the use of the streamlined video deposition at trial would assist in presenting testimony to the jury and conserve time. *Id.*; *Powell v. The Home Depot, U.S.A., Inc.*, 07-80435-CIV, 2010 WL 4116488, at *7 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted,* 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010).

The burden is on the non-prevailing party to prove that specific deposition-related costs are not "necessarily obtained for use in the case." *E.E.O.C.,* 213 F. 3d at 621 (citation omitted). In short, "where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken," the deposition-related costs are properly taxable. *Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012). Where, as here, the depositions were within the bounds of proper discovery, costs are taxable. *E.g., Thermoset Corp.*, 2015 WL 11197752, at *3

(determining that a "deposition taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged") (citation omitted). Accordingly, Defendants seek $21,958.82 associated with transcript and deposition-related costs in this case. *See* Composite Exhibit A to Bill of Costs at 5.

1. *Deposition and hearing transcripts*

Defendants ordered transcripts of 12 depositions, all of which were "taken within the proper bounds of discovery." *See Thermoset Corp.*, 2015 WL 11197752, at *3. Specifically, in addition to setting the deposition of Plaintiff Bruce Munro, Defendants deposed Ms. Lewis (Plaintiff Bruce Munro Studio's U.S. Representative and designated corporate representative), Ms. Munro (a director for Plaintiff Bruce Munro Studio), Ms. O'Connor (Plaintiff Bruce Munro Studio's Manager and designated corporate representative), Mr. Bicker (Plaintiff Bruce Munro Studio's Bookkeeper and later corporate representative), and Mr. Sharp (former publisher of Plaintiffs' merchandise, who attended *NightGarden* on Plaintiffs' behalf)—all of whom Plaintiffs identified as persons with knowledge of the facts of case including the workings of Plaintiffs' business, claimed copyrights, and claimed damages. The remaining transcripts pertained to defense witnesses that Plaintiffs deposed, but which were necessary to obtain for the defense of the case.

Defendants also ordered transcripts of two discovery hearings in this matter, which were necessary to the defense of the case and not incurred purely for counsel's convenience. *See Katz*, 127 F. Supp. 3d at 1294; *Procaps*, 2016 WL 411017, at *5; *Powell*, 2010 WL 4116488, at * 10 (awarding costs for transcripts of hearings regardless of whether transcripts were for pre-trial, post-trial or trial). The first hearing, conducted October 15, 2020, concerned Plaintiffs' failure to

produce financial documents and failure to permit an inspection of Plaintiffs' lights at issue. (DE [80]). The transcript was necessary to the defense of the case as the Court issued rulings in open court instructing the parties to engage in additional steps related to inspection of materials and to confer on the issues. (DE [100]). During the hearing, Plaintiffs' counsel also made several representations concerning the damages Plaintiff Bruce Munro was personally seeking. *Id.* The second hearing occurred on February 2, 2021, after the close of discovery, and was set by Plaintiffs to address several belated discovery issues including Defendants' purported failure to designate corporate representatives and identify records custodians in discovery responses. (DE [103]). The transcript was necessary to correct the record on representations Plaintiffs' counsel attributed to defense counsel on discovery extensions in subsequent discussions between counsel. Prior to ordering this transcript, the undersigned also informed Plaintiffs' counsel that it would order the transcript in part due to misrepresentations made by Plaintiffs' counsel as to what had occurred at the hearing. For these reasons, Defendants are entitled to recover $17,209.32 in transcript costs.

    2. *Exhibit Sharing Tool*

The depositions in this case were all taken virtually due to the COVID-19 pandemic and its limitation on the parties, witnesses and counsel's ability to travel, including Plaintiff Munro, who resides overseas. Of the 12 deposition transcripts received, only two—Plaintiff Bruce Munro and expert Xiliary Twil—utilized and required payment for the use of a virtual exhibit sharing platform called "Exhibit Share." *See* Composite Exhibit A to Bill of Costs at 5. Exhibit Share is a tool that allows attorneys to virtually introduce and share exhibits with a deponent and other attendants at a deposition. Thus, like the use of exhibits for an in-person deposition, the tool

6

ensures participants to remote proceedings each have their own virtual "copy" of exhibits being introduced and facilitates proceedings that require voluminous exhibits.

Defendants did not use the Exhibit Share platform for every deposition they conducted, instead selectively utilizing the platform when the circumstances necessitated the expense. The use of the tool was necessary for the remote deposition of Plaintiff Munro, during which the parties marked a total of 40 exhibits consisting of more than 540 pages. Mr. Munro was physically located in the United Kingdom during the deposition. Similarly, the tool was used for Plaintiff's damages expert's remote deposition, which consisted of 10 exhibits totaling 484 pages. Ms. Twil, Plaintiffs' designated expert, was physically located in California during the deposition. It was reasonable and necessary for Defendants to incur these costs to efficiently share the voluminous exhibits with the participants for these two depositions. *See Thermoset Corp.*, 2015 WL 11197752, at *4 (allowing recovery for use of digital deposition exhibits in pre-pandemic case where such use was "necessary and not merely for the convenience of counsel"). Accordingly, Defendants are entitled to recover $1,019.00 for exhibit costs in this case.

3. *Videography*

Defendants video-recorded the deposition of one person: Plaintiff Bruce Munro. Defendants recorded this deposition because Defendants did not know whether, during the COVID-19 pandemic, Mr. Munro could travel from the United Kingdom to Florida for trial. Moreover, because Mr. Munro was the central figure in this case, Defendants were anticipating using the video to present his testimony at trial, if necessary, both as affirmative evidence and potentially for impeachment. *See* Fed. R. Civ. P. 32(a). Plaintiffs' counsel did not object to the method of Mr. Munro's deposition. Thus, Defendants are entitled to recover the costs of video as well as stenographic recordings of Mr. Munro's deposition because both methods of recordation

7

were properly noticed, and both were necessarily obtained for use in the case. Such fees include charges for video synchronization, which are taxable where using the video at trial would assist in presenting testimony and conserving time. For these reasons, Defendants are entitled to recover $3,730.50 in videography costs. *See* Composite Exhibit A to Bill of Costs at 5.

### c. Fees and disbursements for printing

Defendants also seek to recover the costs incurred in printing their trial materials. During the first week of January 2022, about a month before trial was set to begin and before final judgment was entered, Defendants printed (through an outside vendor) 289 exhibits—totaling 2,270 pages and costing $2,356.03—for use at trial.[2] This material was printed on January 12 in anticipation to meet the pretrial disclosure deadlines and exchange of exhibit lists just one week later. *See* Composite Exhibit A to Bill of Costs at 30. The cost of printing exhibits for trial are recoverable. *See Procaps*, 2016 WL 411017, at *6; *Blanco v. Biscayne Wine Group, LLC*, No. 10-23988-CIV, 2014 WL 2653922, at *5 (S.D. Fla. June 13, 2014) (awarding costs for trial exhibit printing). While the party seeking these costs should provide a general explanation of the use or intended use of the documents, it need not do so for each individual document. *Procaps*, 2016 WL 411017, at *6.

Considering the highly-visual nature of this copyright case and the fact that the exhibits featured hundreds of large, color photographs of Plaintiffs' exhibitions and Defendants' *NightGarden* event, high-quality color prints were necessary. Thus, the 97-cent-per-page cost for color copies was reasonably incurred. *See Brown v. Riedl*, No. 3:13-CV-36, 2017 WL 9360887, at *3 (M.D. Fla. Jan. 18, 2017), *report and recommendation adopted in part,* 2017 WL 1161306

---

[2] As reflected in the accompanying invoice on Page 31 of the Composite Exhibit, Defendants also printed other trial-preparation materials, costs for which they do not seek to recover.

(M.D. Fla. Mar. 29, 2017) (permitting recovery for $1 per page color copies).

Moreover, the Court's entry of summary judgment after Defendants printed the materials does not mitigate the reasonableness of printing them because "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623. Here, Defendants reasonably incurred these printing costs in preparation for a trial expected to take place the following month and in anticipation of the exhibit list deadline just a week after printing. Defendants, in short, delayed incurring these costs for as long as they reasonably could without impinging their ability to meet the Court's pretrial deadlines and prepare for trial. For this reason, Defendants ask the Court to award costs in the amount of $2,356.03 for printing trial exhibits.

### d. Fees for witnesses

Pursuant to Rule 45, Defendants paid certain witnesses fees for their attendance at depositions. "Witness fees are taxable as costs under § 1920(3). The amount that can be taxed is governed by 28 U.S.C. § 1821. Section 1821 permits a witness payment of $40 per day for attendance in court or at deposition." *Santana v. RCSH Operations, LLC,* No. 10-61376, 2012 WL 3779013, at *4 (S.D. Fla. Aug. 31, 2012); 28 U.S.C. § 1821(b).

Defendants paid the following witness fees in this action: $40.00 to Greg Sharp for his attendance at deposition and $3,500 to Xiliary Twil, Plaintiffs' expert, for attendance at her deposition. *See* Composite Exhibit A to Bill of Costs at 32. Although Defendants incurred fees more than the statutory rate, Defendants request his Court award $80.00 in witness fees for the attendance of both witnesses at their deposition.

### II. Post-judgment interest on costs

Finally, under 28 U.S.C. § 1961, the Court should award Defendants interest on any award

of taxable costs. *See Monelus v. Tocodrian, Inc.,* 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009) ("when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment") (citation omitted). Here, the Court entered judgment on January 13, 2022. (DE [217]). Thus, Defendants seek an award of post-judgment interest on the total taxable costs at the statutory rate.

## CONCLUSION

As the prevailing parties, Defendants are entitled to recover their taxable costs. The costs sought herein were reasonable and necessary to the instant litigated matter and taxable under 28 U.S.C. § 1920 and interpreting case law. Accordingly, Defendants ask that the Court award a total of $24,524.85 in taxable costs to Defendants, plus post-judgment interest at the statutory rate. *See* Composite Exhibit A to Bill of Costs at 1 (substantiating amount incurred).

## LOCAL RULE 7.3(b) CONFERRAL

Counsel for Defendants certify that pursuant to Local Rule 7.3, prior to filing this motion, counsel for Defendants conferred with counsel for Plaintiffs by videoconference and email in a good faith effort to resolve the issues raised in this motion. Plaintiffs' counsel did not agree to the costs sought herein and the parties were unable to resolve the instant motion.

Dated: February 14, 2022.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Deanna K. Shullman**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Giselle M. Girones (FBN 124373)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592
dshullman@shullmanfugate.com
alovelady@shullmanfugate.com

ggirones@shullmanfugate.com

*Attorneys for Defendants*

## VERIFICATION

In accordance with Local Rule 7.3 and pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that I have personal knowledge of, and am competent to testify on, the facts set forth in the foregoing Motion and supporting documentation, that the information contained therein is true and correct, and that the motion is well grounded in fact and justified.

**Deanna K. Shullman**
Deanna K. Shullman
Florida Bar No. 514462