**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-20079-SINGHAL/LOUIS

BRUCE MUNRO, *et al.*,

      Plaintiffs,

v.

FAIRCHILD TROPICAL BOTANIC
GARDEN, INC., *et al.*,

      Defendants.

## DEFENDANTS' RESPONSE PARTIALLY OPPOSING MUNRO'S MOTION FOR DEFAULT JUDGMENT AGAINST G-LIGHTS

Defendants[1] file this response to partially oppose the "Motion for default judgment against Defendant G-Lights" (D.E. 248; the "Motion") filed by Plaintiffs Bruce Munro and Bruce Munro, LTD. (collectively, "Munro"). The Defendants do not oppose a default judgment against those non-intertwined claims exclusively brought against G-Lights but do oppose Munro's Motion to the extent it 1) moves this court to vacate or reconsider summary judgment; and 2) seeks judgment concerning intertwined works brought against the Defendants which would be inconsistent with the summary judgment ruling in this case.

## BACKGROUND

This matter stems from Munro's unfounded accusations that Defendants committed copyright infringement and violated the DMCA related to use of lights at Defendants' outdoor

---

[1] As always, the term "Defendants" or "NightGarden Defendants" includes Fairchild Tropical Botanic Garden, Inc.; Night Garden, LLC; Kilburn Live, LLC; Nannette M. Zapata; Kilburn Media, LLC; Mark C. Manuel; Imaginer Ltd.; Imaginer, Inc.; and Max Painter; the term excludes defaulted defendant Zhongshan G-Lights Lighting Co., Ltd.

1

*NightGarden* event. (D.E. 69). Munro's chief complaint against Defendants pertains to two lights – a stick-and-bulb light and a fiber-optic strand light – that Munro uses in his various displays he coined *Forest of Light, Field of Light, River of Light* and *Fireflies.* Munro also asserted that G-Lights infringed on Munro's works – both those alleged against Defendants and other, unrelated works – by virtue of photographs appearing on G-Lights' website.

G-Lights appears to be a China-based manufacturer of various lighting components. G-Lights sells lighting components and other items via its website and/or related company, Alibaba. (D.E. 69). Here, G-Lights sold some lighting components, through Alibaba, to Defendant Kilburn, which were then used to assemble and display "mushroom" lights at *NightGarden* that Munro complains infringe on his stick-and-bulb light used in his *Forest of Light*, *Field of Light* and *River of Light* works. (D.E. 146 ¶ 100-101)(discussing components for the *NightGarden* mushroom light). Munro also alleges that G-Lights advertises and/or sells fiber-optic lights that infringe on his *Fireflies* work, although Defendants did not purchase any fiber light components from G-lights. (D.E. 146 ¶ 105). As alleged by Munro, G-Lights also advertises lights on its website using photographs of Munro's actual light displays, (D.E. 69), although Defendants did not recall any reference or connection to Munro in purchasing its mushroom light components from G-Lights (D.E. 146 ¶¶ 90-91, 95 ; D.E. 147 ¶ 21).

On January 13, 2022, the Court granted summary judgment in favor of Defendants, entering final judgment against Munro, and denying all other pending motions as moot. (D.E. 216; 217). Munro appealed the summary judgment order to the Eleventh Circuit. On appeal, the Eleventh Circuit dismissed Munro's petition for lack of appellate jurisdiction because "the district court's judgment in favor of the *NightGarden* defendants wasn't final because Munro's claims against G-Lights remain pending." (D.E. 232 at 10).  Munro thereafter asked this Court to

re-open or reconsider summary judgment and to hold a status conference. The Court denied

Plaintiffs' request for reconsideration (D.E. 236) and granted the request for a Status Conference.

After a Status Conference on November 6, 2023, this Court entered an Order on Default Final

Judgment Procedure requiring that Munro's motion for default be filed by December 14, 2023

(D.E. 239). After multiple extensions, Munro filed his Motion on February 20, 2024 (D.E. 248).

For the reasons explained below, this Court should reject Munro's request to reconsider

summary judgment. Further, Defendants take no position on the viability of a default judgment

against G-Lights regarding the *non-intertwined* works at issue. Defendants have standing[2] and do

object, however, to Munro's request that this Court reconsider and/or vacate summary judgment,

hold a trial, or enter judgment as to works and claims also alleged against Defendants and

disposed of in their favor at summary judgment.

---

[2] *Tan v. Sushi Yama Japanese Rest., Inc.*, 20-20679-CIV, 2020 WL 6293216, at *3 (S.D. Fla. Aug. 4, 2020), *report and recommendation adopted,* 20-20679-CIV, 2020 WL 6290345 (S.D. Fla. Oct. 27, 2020) (counting cases for the proposition that a non-defaulted defendant has standing to oppose a motion for default judgment if the defendants may be jointly and severally liable). The logic of standing applies whenever there is the possibility of inconsistent results, regardless of joint and several liability. *See N. Pointe Ins. co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012). ("[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice [within the Eleventh Circuit] is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants."); *Mayorga v. Stampt Concrete & Pavers, Inc.*, No. 13-81274-CIV, 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) ("the relevant distinction is not whether liability is joint or joint and several. Instead, the question turns on 'whether under the theory of the complaint, liability of all the defendants must be uniform") (cleaned up; citation omitted); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits").

## ARGUMENT

**I.**     **Munro's unfounded request to vacate summary judgment should be rejected.**

This Court's Order on Default Final Judgment Procedure specifies that Munro should "*briefly* describe all allegations and advise the Court" and cautions that "Plaintiffs are not to treat their motion for default judgment as a motion for reconsideration of this Court's Order." (D.E. 239 at 2)(emphasis added). Indeed, this Court already made clear that it was not inclined to revisit summary judgment. *See* Page 23, ll. 23-25, Transcript of November 6, 2023 Status Conference attached as **Exhibit A**; *see also* (D.E. 236) (Order denying Munro's general request for reconsideration contained in his request for status conference at D.E. 233).

Despite these instructions, Munro spends several pages of the Motion asking this Court to reconsider or vacate its summary judgment ruling and suggesting that a joint trial with the NightGarden Defendants and G-Lights is proper. (D.E. 248 at 14). Munro's request to reconsider and vacate summary judgment is untimely and unsupported.

"[R]econsideration is an extraordinary remedy which must be used sparingly." *Guevara v. NCL (Bahamas) Ltd.*, 15-24294-CIV, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017) (citation omitted). As this Court has explained, "a court may grant reconsideration only for newly discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Noble House, LLC v. Underwriters at Lloyd's, London*, 20-62080-CIV, 2021 WL 10282317, at *1 (S.D. Fla. Apr. 27, 2021)(denying motion for reconsideration) (cleaned up; quoting *Phillips v. Soc. Sec. Admin., Comm'r*, 833 F. App'x 308, 322 (11th Cir. 2020); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). And a "manifest error," in this context, constitutes "an error that is plain and indisputable, and that amounts to a complete

disregard of the controlling law or the credible evidence in the record." *Blackmon v. Jones*, 16-60901-CIV, 2019 WL 8752279, at *1 (S.D. Fla. Jan. 11, 2019) (citation and brackets omitted).

In addition to the fact that Munro did not make any attempts to comply with Rule 59's 28-day requirement to alter or amend the judgment back in 2022, Munro has also not specified any newly discovered evidence or manifest error of law. *See* Rule 59, Fed. R. Civ P. Instead, he states in conclusory fashion that summary judgment should be vacated because of an unidentified United Kingdom law. But the only reference to the United Kingdom in this lawsuit is Munro's contention that three of his works were first published in the United Kingdom and are therefore exempt from U.S. copyright registration requirements via the Berne Convention and the Copyright Act 17 U.S.C § 411(c) (a United States statute). Munro has never requested that this Court apply United Kingdom law to his claims at any time (nor would it likely be appropriate).

Munro cites to *Federated Bank v. FDIC,* 645 F. App'x 853 (11th Cir. 2016) and *Toole v Baxter Healthcare Corp.* 235 F.3d 1307 (11th Cir. 2000) to suggest that this Court can reconsider summary judgment at any time outside of the bounds of Rule 59. (D.E. 248 at 14). However, *Federated* and *Toole* did not involve a procedural history analogous to what we have here; namely, a summary judgment decision and entry of final judgment that remained as status quo through an appeal, only to have Munro belatedly request reconsideration almost 2 years later with no basis to do so. *See Federated*, 645 F. App'x at 860 (affirming the trial court's reconsideration of its denial of summary judgment and subsequent granting of same); *Toole,* 235 F.3d at 1315 (finding no error where trial court revoked its order for a new trial). Nor is Munro's citation to *Saregama India Ltd. v. Moseley* for the proposition that UK law governs Munro's copyright ownership instructive here because *Saregama* involved an issue regarding whether

Plaintiff had standing under an agreement and assignment governed by Indian copyright law to assert the claims over the musical work at issue. 635 F.3d 1284 (11th Cir. 2011). Furthermore, Munro's suggestion that UK law should govern Munro's ownership ignores the established finding here that the lights were uncopyrightable. The authority Munro cites is simply neither analogous to the case at hand nor does it absolve Munro from his obligations to comply with the Federal Rules, including Rule 59. Importantly, regardless of the procedural mechanism, Munro provides no basis to reconsider summary judgment. Munro's argument here boils down to the notion that he simply believes he is entitled to have a jury "determine the intertwined claims under both US and UK law as to all parties" without explanation or support. (D.E. 248 at 14).[3]

In short, there is no basis to reconsider summary judgment, and Munro's use of the default judgment procedure to thwart or contradict this Court's established ruling in favor of Defendants on this issue is improper. Similarly, because this Court found that the lights are uncopyrightable and not capable of sustaining a copyright claim, and the DMCA claims are similarly unsupported because none of the complained-of works were owned by Munro, entering default judgment or holding a trial on these same works would be inconsistent with this Court's prior ruling, and in error. The request should be denied.

---

[3] Munro's premonitions about how the Eleventh Circuit feels substantively about the case based on questions asked during oral argument—typical panelist banter toward both sides—is similarly unfounded. As stated in Defendants' Response to Munro's request for status conference (D.E. 234), hypothesizing about the possible substantive effect of an appellate panelist's questions during oral argument—especially when the appellate court as a whole disclaimed the authority to consider any substantive issues—falls well short of demonstrating "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *See Blackmon*, 2019 WL 8752279, at *1. *C.f. United States v. Percoco*, 16-CR-776, 2019 WL 493962, at *8 (S.D.N.Y. Feb. 8, 2019) ("Reading the tea leaves of oral argument is an act of pure speculation. The Second Circuit did not specify the basis for its decision on *Silver*'s motion, and this Court does not find it appropriate to look past that decision.")

## II.     Defendants take no position regarding non-intertwined works.

As to Munro's request for a default judgment related to *non-intertwined* works, the

NightGarden Defendants take no position. The non-intertwined works are those works Munro

calls *Beacon, Bell Chandelier, Blue Moon, Brass Monkeys, Fagin's Urchins, Icos, TePees,*

*Water-Towers* and *Whizz Pops*, as discussed in the Motion (D.E. 248 pg. 6-9) and listed in Table

II of the Rothman Declaration (D.E. 248-1 ¶ 22). The NightGarden Defendants also take no

position on the photographs allegedly displayed on G-Lights website(s) pertaining to *Forest of*

*Light, Fireflies, Field of Light* and *River of Light* <u>to the extent the photographs are different than</u>

<u>those alleged against NightGarden Defendants</u>. *See e.g.* (D.E. 248-18 and D.E. 248-19) (Alibaba

website screen shots displaying photographs of *Water-Towers* and *Brass Monkeys*). However,

three photographs do overlap: a CGI-generated image of stick-and-bulb lights, an image of *Field*

*of Light* with a building in the background, and a photograph displaying a few fiber optic lights

at night. As to these photographs that *do* overlap and were the subject of Defendants' summary

judgment briefing and Order (D.E. 145-148, 206-207, 216), default judgment is improper as to

those works and should not be entered (see Section III(c), *infra*). Finally, the Defendants take no

position on whether jurisdiction is proper or whether service was perfected as to G-Lights.

## III.     Munro's request for default judgment and/or a trial pertaining to intertwined works should be rejected.

Munro has brought intertwined claims and works against G-Lights and Defendants related

to certain lights (stick-and-bulb, fiber light), the contributory infringement claim, and three

photographs as further discussed below. To that end, this Court cannot enter judgment regarding

1) the alleged copyrightability and infringement of lights used in Munro's *Field of Light, Forest*

*of Light,* or *Firefly* works (Count I and II); 2) the contributory infringement claim (Count II); and

3) CMI and/or direct violations as to photographs alleged against both G-Lights and Defendants

(Count I and III).

As a basis for his request for judgment on the intertwined claims, Munro states that outdated case law predating *Gulf Coast Fans* entitles him to judgment, and he doesn't know where to draw the line on intertwined works. (*See* D.E. 248). But none of Munro's arguments warrant a judgment on the intertwined claims. This Court should not walk into error (vis a vis a contradictory ruling) based on Munro's request.

First, the cases are clear that when the same claims are brought against parties either jointly and severally liable or even simply similarly situated, a judgment should not be entered against a defaulted defendant that is unfair and inconsistent with judgments pertaining to non-defaulted defendants on intertwined claims. *See Gulf Coast Fans v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499 (11th Cir. 1984)*.* In *Gulf Coast Fans*, the Eleventh Circuit vacated a default judgment against a defaulted party after the similarly situated defendants prevailed on the merits. In so doing, it affirmed the rule that when a non-defaulted defendant prevails, the trial court cannot enter a default judgment against a jointly liable—or even similarly situated—but defaulted defendant. *Id.* at 1512; *see also* 11th Circuit Opinion (D.E. 233-1 at 5) (pointing out some of the non-intertwined claims here and suggesting that *Gulf Coast* may apply to prevent entry of judgment on the intertwined claims). Accordingly, this Court should refrain from entering judgment on the intertwined claims.

Second, Munro's confusion regarding demarcation between claims seems to be a product of his own inarticulate pleadings and misinterpretation of the record facts. For instance, Munro incorrectly states that "G-Lights sold component parts for creating *Forest of Light, Fireflies, Field of Light and River of Light…*" thereby "inducing and causing the NightGarden Defendants to infringe the Munro works." (D.E. 248 at 14). With regards to the fiber light—the work that Munro

claims infringes his work called *Fireflies*—the evidentiary record is clear that the NightGarden defendants *did not* order the lights from G-Lights. (D.E. 146 ¶ 105). Munro also incorrectly argues that he is entitled to judgment "as to G-Lights' NightGarden activities" (D.E. 248 at 18). But again, G-Lights was not involved in *NightGarden* at all. Rather, the record is clear that Kilburn Defendants purchased some light component pieces (bulbs, fiber-optic cable, sticks) from Alibaba, which were then custom assembled and arranged by Defendants at the Fairchild botanical gardens in Miami. (D.E. 146 ¶ 87).

Regardless of Munro's confusion, the intertwined works and claims are clear, and this Court should not enter default judgment on those items now after Defendants prevailed on them.

A.  **Judgment should not be entered against G-Lights on lights held to be uncopyrightable**

Against Defendants, Plaintiffs complain about the use of two lights at *NightGarden* – a stick-and-bulb light (referred to at *NightGarden* as "mushrooms") and a fiber light. (D.E. 69; D.E. 146 ¶¶ 28, 30-31). Munro's chief complaint against Defendants is that they used lights that resemble those that Munro uses in his own displays. Munro's case was never alleged to be about the number of lights used or the selection and arrangement of them. In fact, Munro testified that this case is not about selection and arrangement but is about *NightGarden*'s use of similar stick-and-bulb and fiber lights to create their own arrangements. (D.E. 146 ¶ 30). Based on the record, which included the U.S. Copyright Office's refusal of Munro's stick-and-bulb light, this Court correctly determined that the lights themselves are uncopyrightable and in part useful articles. (D.E. 217 at 19-21)(finding that the lights do not have the required originality and stating "Munro is attempting to copyright the concept or idea of arranging several useful stick-and-bulb articles together in various landscapes, which is impermissible").

Munro now seeks judgment as to the intertwined, uncopyrightable lights in contravention

of this Court's Orders (D.E. 217, 239).[4] Essentially ignoring summary judgment, Munro claims

that his lights are not a useful article, and that his original (now inoperative) Complaint survived

dismissal (D.E. 248 at 17). Munro is attempting to obtain judgment based on an inoperative

complaint and in direct conflict with the Court's summary judgment decision on the *operative*

Amended Complaint, including, in part, the Court's determination that the lights are useful articles

(D.E. 217). This Court should similarly reject Munro's attempt to railroad a holding that his lights

are in fact copyrightable despite findings at summary judgment. *See also* (D.E. 233-2 at 11-12)

(Judge Luck pointing out that Munro disclaimed copyright in the lights and components

individually).

In short, this Court cannot enter judgment against G-Lights on Count I or II regarding the

stick-and-bulb and *Fireflies* lights that this Court already held to be uncopyrightable.

**B.** **Judgment should not be entered on the contributory infringement claim.**

Munro's Motion admits that he alleges joint and several liability as to the contributory

infringement claim. (D.E. 248 at 14). More specifically, Munro alleges that G-Lights contributed

to Defendants' purported infringement because G-Lights sold certain light components to

Defendants that Defendants then used at *NightGarden*. (D.E. 69; D.E. 248 at 14). But because

the copyright infringement claim failed, under *Gulf Coast Fans*, judgment against G-Lights for

contributory infringement would be improper. *Gulf Coast Fans, Inc.* 740 F.2d at 1512 (11th Cir.

1984) (holding that even when "defendants are similarly situated, but not jointly liable, judgment

should not be entered against a defaulting defendant if the other defendant prevails on the

---

[4] To Defendants' understanding, Munro is not asserting *direct* infringement claims against G-Lights for the lights themselves, as he did against Defendants. Munro does, however, discuss the lights themselves, including G-Lights' sale of stick-and-bulb style light components, in connection with its contributory infringement claim (D.E. 248 at 14).

merits"); *Drill S., Inc. v. Int'l Fid. Ins.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) (stating "where multiple defendants are jointly liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant…"). Accordingly, this Court should not enter default judgment on Count II for contributory infringement.

### C. **Judgment should not be entered on intertwined photograph works.**

Munro also seeks judgment against G-Lights pertaining to the direct infringement claim and DMCA claim (Counts I and III) related to photographs displayed on G-Lights' website. As to Defendants, Munro alleged that a handful of photographs appearing in internal pitch decks (along with some other Defendant-created works such as a *NightGarden* map) infringe on Munro's rights under the DMCA. (D.E. 69). The Court correctly decided that the DMCA claim failed because none of the works complained of against Defendants were owned or created by Munro, there was no evidence of CMI removal or alteration, and no evidence that Defendants possessed the required scienter for such a claim. (D.E. 217 at 25-26); 17 U.S.C. § 1202.

In light of the summary judgment decision, specifically the fact that Munro does not own the photographs he complains about, this Court should refrain from entering judgment with regards to the photographs alleged against G-lights and *also* alleged against Defendants. (D.E. 146 ¶¶ 73-76; D.E. 217 at 25-26). Specifically, this overlap pertains to three photographs: a CGI-generated image of bulbs, an image of *Field of Light* with a building in the background, and a photograph displaying a few fiber optic lights at night. The CGI-generated image was generated by a third party, contained a third-party marking, and does not depict a real Munro installation. (D.E. 69 Fig. 15, 19; D.E. 216 at 5 (Fig. 19) D.E. 146 ¶¶ 59-60; 148-12 at 6). The *Field of Light* with building photograph was taken by a third party, contains no CMI and is not owned by Munro. (D.E. 69 Fig 20; D.E. 216 at 5 (Fig. 20); D.E. 146 ¶¶ 63-67; 74-76). The nighttime fiber optic light photograph

was also taken by a third party, contains no CMI and is similarly not owned by Munro. (D.E. 69 Fig. 8, 21; D.E. 216 at 6 (Fig. 21); D.E. 146 ¶ 71; D.E. 148-12 at 35). According to the Amended Complaint, these three photographs also appeared on G-Lights' various websites (D.E. 69 Fig 23, 69-14 at 4, 69-16 at 6).[5] Importantly, the undisputed evidence resulted in a judgment in Defendants' favor as to these (and other) photographs. Accordingly, judgment should not be entered on these intertwined photographs.

## IV.    Damages and injunctive relief

Regarding Munro's request for damages and injunctive relief as to non-intertwined works, Defendants again take no position on whether Munro is entitled to such damages, whether the damages are speculative, appropriately calculated or proven, or whether a trial on damages is appropriate.

As to the intertwined works, however, Defendants object to Munro's attempt to railroad a large damage award pertaining to lights that were found by this Court and the U.S. Copyright Office to be uncopyrightable and as similarly acknowledged by Munro (D.E. 146 at ¶ 20-22, D.E. 206-1; D.E. 217 at 19-21; D.E. 233-2 at 12). This Court should also refrain from a damage award as to the contributory claims and photographs that were disposed of in Defendants' favor at summary judgment. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("[i]t would be incongruous and unfair to allow [plaintiff] to collect a half million dollars from [a defaulted defendant] on a contract that a jury found was breached by [plaintiff].").
Accordingly, this Court should not enter a damage award on the intertwined claims.

---

[5] Based on the exhibits filed by Munro, Defendants were  able to identify the three (3) photographs outlined herein as those that overlap with those alleged against Defendants. To the extent Munro is claiming any of the other photographs from Defendants' pitch decks (D.E. 148- 12) appeared on G-Lights' websites and therefore also overlap, judgment should not be entered on those either.

## **CONCLUSION**

Munro's use of the default judgment procedure to re-open summary judgment should be rejected. Further, Defendants take no position on the validity or appropriateness of a default judgment against G-Lights regarding non-intertwined works. However, the Court should refrain from entering judgment and any monetary award on the works and claims intertwined with Defendants—the stick and bulb and fiber lights used by Munro in his *Forest of Light, Field of Light, River of Light* and *Fireflies* displays*,* the contributory infringement claim and the three photographs that are part of the DMCA claims against all defendants—which would result in inconsistent and incongruent judgments in this matter.

Dated: March 19, 2024.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Allison S. Lovelady**
Deanna K. Shullman (FBN 514462)
Allison S. Lovelady (FBN 70662)
Minch Minchin (FBN 1015950)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 614-2592
dshullman@shullmanfugate.com
alovelady@shullmanfugate.com
mminchin@shullmanfugate.com

*Attorneys for Defendants*